## DEPOSIT ACCOUNT AND SECURITY AGREEMENT
[Borrower's Funds Account]

THIS DEPOSIT ACCOUNT AND SECURITY AGREEMENT [Borrower's Funds Account] ("**Agreement**") is made as of January 17, 2017, by and between **THE FEDERAL SAVINGS BANK,** a federally chartered bank ("**Lender**"), as a lender and "**Deposit Bank**" (as defined below), and **KATHLEEN B. MANAFORT AND PAUL J. MANAFORT** ("**Borrower**" and "**Account Holder**").

### RECITALS

**A.** Borrower is justly indebted to Lender for money actually loaned or to be loaned and advanced to Borrower in the maximum sum of Five Million Three Hundred Thousand and No Dollars ($5,300,000.00) ("**Project Loan**"). The Project Loan is to be evidenced by a promissory note of even date herewith executed by Borrower in favor of Lender ("**Project Loan Note**"). Borrower is justly indebted to Lender for money actually loaned or to be loaned and advanced to Borrower in the maximum sum of One Million Two Hundred Thousand and No Dollars ($1,200,000.00) ("**Building Loan**" together with the Project Loan shall collectively be known as the "**Loan**"). The Building Loan is to be evidenced by a promissory note of even date herewith executed by Borrower in favor of Lender ("**Building Loan Note**" together with the Project Loan Note shall collectively be known as the "**Note**"). All the terms, provisions, conditions, covenants, stipulations and agreements contained in the Note are hereby made a part of this Agreement to the same extent and with the same and like force and effect as if they were fully set forth herein. Unless otherwise defined herein, capitalized terms used herein shall have the meanings set forth in the Mortgage and by and between Borrower and Lender of even date herewith ("**Loan Agreement**").

**B.** The Note is secured by, among other things, the **Loan Agreements** even date herewith in favor of Lender covering certain real property more particularly described in **Exhibit "A"** to the Loan Agreement ("**Property**"), including all improvements constructed thereon. All of the documents evidencing or relating to the Loan, including without limitation any and all documents evidencing and relating to the modifications to the Loan set forth in this Agreement collectively shall be referred to as the "**Loan Documents**."

**C.** As a condition to the making of the Loan, Lender has required that Borrower establish and maintain a "**Pledged Account**" (as defined below) with Lender for the purpose of depositing with Lender funds as "**Additional Collateral**" (as defined in the Loan Agreement) as may be required pursuant to the Loan Agreement.

**D.** As used herein, "**Pledged Account**" shall mean that certain trust account or deposit account (as determined by Lender in its sole and absolute discretion), as Account Number 0002030969 which shall be opened and maintained in the name of Paul J. Manafort and Kathleen B. Manafort and Paul J. Manafort and Kathleen B. Manafort being the beneficiary, which account shall be entitled "The Federal Savings Bank, a federally chartered bank, as Mortgagee of Paul J. Manafort and Kathleen B. Manafort."

E.      The parties are entering into this Agreement to set forth their rights and obligations with respect to the Pledged Account.

F.      Borrower shall be required to maintain a minimum balance of Two Million Five Hundred Thousand and No Dollars ($2,500,000.00) in the Pledged Account at all times.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the parties agree as follows:

1.      **Pledged Account**.

      1.1     Borrower hereby authorizes Lender to establish the Pledged Account as Account Number 0002030969. Borrower and Account Holder agree to execute, if required by Lender, Lender's standard deposit account agreement in connection with the Pledged Account. (All parties agree, however, that this Agreement shall control if the terms in Lender's standard deposit account agreement conflict with terms in this Agreement.) The Pledged Account shall at all times during the effectiveness of this Agreement be pledged to Lender and be under the sole dominion and control of Lender.

      1.2     The Pledged Account is a blocked, non-interest-bearing account, and Borrower and Account Holder may not make withdrawals from, obtain disbursements of or write drafts against any funds on deposit in the Pledged Account. As used herein, "**Pledged Funds**" shall mean any and all funds that are deposited by Borrower and Account Holder or otherwise into the Pledged Account from time to time.

2.      **Borrower's and Account Holder's Duties**.

      2.1     Concurrently herewith, Borrower and Account Holder shall deposit the Additional Collateral into the Pledged Account.

      2.2     Subject to Section 4 below, Borrower and Account Holder acknowledge and agree that, notwithstanding the creation of the Pledged Account and the disbursement of the funds therein as contemplated by this Agreement, it remains Borrower's responsibility to make full payment of all amounts due to Lender under the Loan Documents on their required due date. Borrower and Account Holder acknowledges that no due dates, and no grace periods or notice requirements (if any) set forth in the Loan Documents, shall be deemed to have been extended, tolled, waived or otherwise affected by this Agreement or any provision hereof.

3.      **Duties of Deposit Bank; Fees**. As used herein, "**Deposit Bank**" shall mean Lender or the bank or banks selected by Lender to maintain the Pledged Account. Deposit Bank shall establish and maintain the Pledged Account. Deposit Bank shall hold all Pledged Funds in trust for Lender and shall not commingle such amounts with any other amounts held on behalf of Lender or any other Person. Deposit Bank shall send a monthly report to Borrower and Account Holder, which monthly report shall specify the credits and charges to the Pledged Account for

the previous calendar month. Deposit Bank shall create a record of all deposits into the Pledged Account by photocopying or imaging each check, money order or other instrument processed and accumulating supporting invoices or other documentation (if enclosed). To compensate Deposit Bank for performing the services described herein, Borrower and Account Holder agree to pay a reasonable fee to Deposit Bank in accordance with the particular arrangements between Deposit Bank, Borrower and Account Holder. Upon the request of Borrower and Account Holder, Deposit Bank shall include its fees in an account analysis statement, in accordance with the particular arrangements between Deposit Bank and Borrower and Account Holder.

4. **Disbursements from the Pledged Account**.

**4.1** During the occurrence and continuance of an Event of Default, Lender shall have the right to be exercised in its sole and absolute discretion (excluding, solely following the waiver thereof, the specific occurrence of such Event of Default if such Event of Default is expressly waived in writing by Lender, in Lender's sole and absolute discretion), to disburse all funds in the Pledged Account to itself to be applied against the Loan as provided in the Loan Agreement. The foregoing right is in addition to all other rights and remedies to Lender at law, in equity, under the other Loan Documents or otherwise.

**4.2** After the Loan has been repaid in full, the portion of any Pledged Funds deposited by or on behalf of Borrower in the Pledged Account that has not been previously disbursed to Lender as provided in Section 4.1 shall be promptly disbursed by Lender to Borrower and Account Holder.

5. **Termination**.

**(a)** Deposit Bank may resign from its obligations under this Agreement at any time after thirty (30) days' prior written notice to the other parties hereto, but in no event shall Deposit Bank be released of its obligations hereunder unless and until (i) a bank has been designated as a successor to Deposit Bank and assumed the obligations of Deposit Bank hereunder or (ii) the Loan and all obligations arising thereunder have been paid in full. Lender shall designate a successor to Deposit Bank in its sole discretion promptly after receipt of notice of resignation by Deposit Bank and shall take all reasonable actions necessary to cause such designated successor promptly to assume the obligations of Deposit Bank hereunder.

**(b)** In connection with any resignation by Deposit Bank, (i) the resigning Deposit Bank shall (A) duly assign, transfer and deliver to the successor Deposit Bank this Agreement and all cash and permitted investments held by it hereunder, (B) execute such financing statement and other instruments as may be necessary to assign to the successor Deposit Bank the security interest in the Pledged Account existing in favor of the resigning Deposit Bank hereunder and to otherwise give effect to such succession, and (C) take such other actions as may be reasonably required by Borrower or the successor Deposit Bank in connection with the foregoing, and (ii) the successor Deposit Bank shall establish in its name, as secured party, cash collateral accounts, which shall become the Pledged Account for purposes of this Agreement upon the succession of such Deposit Bank. Deposit Bank and Borrower hereby agree that each shall take all reasonable action necessary to facilitate the transfer of the respective obligations,

duties and rights of Deposit Bank to the successor to Deposit Bank selected by Lender in its sole discretion.

        **(c)**    Lender may terminate Deposit Bank and/or this Agreement at any time after thirty (30) days' prior written notice to the other parties hereto. This Agreement shall terminate upon the receipt by Deposit Bank of written confirmation from Lender that the Loan has been paid and performed in full.

    **6.**    **Set-off**. Deposit Bank, Borrower, and Account Holder each acknowledge and agree that the Pledged Account maintained hereunder is subject to the sole dominion, control and discretion of Lender, Borrower, and Account Holder shall have no right to close such accounts or right of withdrawal with respect to any such accounts, except with the prior written consent of Lender (which consent Lender may withhold in its sole and absolute discretion); provided, however, that Borrower and Account Holder shall be entitled to request and receive any information about the Pledged Account that it shall reasonably request from time to time. Deposit Bank waives any right to offset any claim against Borrower and Account Holder which it might have against any account maintained hereunder; provided however, Deposit Bank retains the right to charge the Pledged Account for any charges, fees and expenses provided for herein for which Borrower and Account Holder is responsible.

    **7.**    **Grant of Security Interest**.

        **(a)**    Borrower and Account Holder hereby pledge, transfer and assign to Lender, and grants to Lender, as additional security for the payment and performance of the "**Obligations**" (which shall mean any and all debt, liabilities and obligations of Borrower to Lender pursuant to or in connection with the Loan, including without limiting the generality of the foregoing, the indebtedness evidenced by the Note and any and all debt, liabilities and obligations of Borrower under the Loan Documents), a continuing perfected security interest in and to, and a general first lien upon, (i) the Pledged Account and all of Borrower's and Account Holder's right, title and interest in and to all cash, property or rights transferred to or deposited in the Pledged Account from time to time by Borrower and Account Holder or on behalf of Borrower or Account Holder in accordance with the provisions of this Agreement, and (ii) any and all proceeds of the foregoing. This Agreement and the pledge, assignment and grant of security interest made hereby shall secure payment of all amounts payable by Borrower to Lender under the Note and the other Obligations. Borrower and Account Holder acknowledge that Deposit Bank is acting as the agent of, and at the direction of, Lender in connection with the subject matter of this Agreement. Borrower and Account Holder further agree to execute, acknowledge, deliver, file or do, at its sole cost and expense, all other acts, assignments, notices, agreements or other instruments as Lender may reasonably require in order to effectuate, assure, secure, assign, transfer and convey unto Lender any of the rights granted by this Section 7.

        **(b)**    Deposit Bank acknowledge that Lender has a first priority security interest in the Pledged Account and the funds and other property held therein, and this Agreement, when executed by Deposit Bank, constitutes notice of such first priority security interest and consent to such notice by Deposit Bank in accordance with applicable law. If Deposit Bank is located in a state in which perfection of a security interest in a deposit account is permitted under the Uniform Commercial Code as in effect in such state from time to time, such notice shall be

deemed to be notice of such security interest of Lender in accordance with the Uniform Commercial Code as in effect in such state from time to time. As of the date hereof, Deposit Bank has not received notice of any other security interest in any account established hereunder other than pursuant to the Loan Documents.

8.  **Certain Matters Regarding Lender**. The parties agree that Deposit Bank shall pay over to Lender all amounts deposited in any account maintained hereunder on demand; provided, however, that in making such demand, Lender gives notice to Deposit Bank and to Borrower and Account Holder, in writing, signed by Lender or an authorized agent thereof, that an Event of Default under the Loan Documents exists and is continuing. Notwithstanding the foregoing, Borrower and Account Holder shall not be deemed to have waived any rights Borrower or Account Holder may have against Lender or Deposit Bank if it is determined that Lender or Deposit Bank, as the case may be, acted improperly. Deposit Bank shall give notice to Borrower and Account Holder of any such payment within a reasonable period after it is completed. Upon the request of Lender, Lender shall be entitled to receive copies of all reports, advices, statements and other information supplied hereunder as Lender shall reasonably request. Lender shall prepare all disbursement instructions such that they are in accordance with the provisions of the Loan Documents.

9.  **Indemnification**. Neither Deposit Bank nor Lender shall be liable for any claims, suits, actions, costs, damages, liabilities or expenses or for any interruption of services, or incidental, consequential, special or punitive damages ("**Liabilities**") in connection with the subject matter of this Agreement other than Liabilities caused by the gross negligence or willful misconduct of Deposit Bank or Lender, as applicable, and Borrower and Account Holder hereby agree to indemnify and hold harmless Deposit Bank and Lender and their respective affiliates and the directors, officers, employees and agents of any of them, and the successors and assigns of Deposit Bank and Lender from and against any and all Liabilities arising from or in connection with the negligence or intentional misconduct of Borrower or Account Holder in connection with its performance under this Agreement, other than those Liabilities caused by the gross negligence or willful misconduct of Deposit Bank and Lender or such indemnified party.

10. **Successors and Assigns; Assignments**. This Agreement shall bind and inure to the benefit of and be enforceable by Deposit Bank, Borrower, Account Holder and Lender and their respective permitted successors and assigns. Lender shall have the right to assign or transfer its rights and obligations under this Agreement without limitation. Any assignee or transferee shall be entitled to all the benefits afforded Lender under this Agreement. Deposit Bank shall have the right to assign or transfer its rights and obligations hereunder only in connection with a termination as set forth in Section 5(a) or with the prior written consent of Lender. Borrower and Account Holder shall have the right to assign and transfer its rights and obligations hereunder only with the prior written consent of Lender. Any duties or actions of Lender hereunder may be performed by Lender or its agent(s).

11. **Amendment**. This Agreement may be amended from time to time in writing by all parties hereto. All amendments to this Agreement shall be in writing.

12. **Notices**. Notices to Deposit Bank should be sent to its address written above or by telecopy to 300 N. Elizabeth Street, Ste. 3E, Chicago, IL 60607, Attention: Jim Brennan, Vice

President. Notices to Borrower, Account Holder, and Lender should be sent to the addresses set forth in the Loan Agreement, and in the manner set forth in the Loan Agreement.

13. **Governing Law**. THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK ("**GOVERNING JURISDICTION**"), APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA. EXCEPT AS PROVIDED IN THE IMMEDIATELY PRECEDING SENTENCE, BORROWER AND ACCOUNT HOLDER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY CLAIM TO ASSERT THAT THE LAW OF ANY JURISDICTION OTHER THAN THE GOVERNING JURISDICTION GOVERNS THIS AGREEMENT.

14. **Certain Matters Affecting Deposit Bank**. Deposit Bank may rely and shall be protected in acting or refraining from acting upon any notice (including but not limited to electronically confirmed facsimiles of such notice) believed by it to be genuine and to have been signed or presented by the proper party or parties. The duties and obligations of Deposit Bank shall be determined solely by the express provisions of this Agreement, Deposit Bank shall not be liable except for the performance of Deposit Bank's duties and obligations as specifically set forth in this Agreement, and no implied covenants or obligations shall be read into this Agreement against Deposit Bank. If at any time Deposit Bank, in good faith, is in doubt as to the action it should take under this Agreement, Deposit Bank shall have the right to commence an interpleader action in the State of New York and to take no further action except in accordance with joint instructions from Lender, Borrower, and Account Holder or in accordance with the final order of the court in such action.

15. **Conflicts**. In the event of a conflict between the provisions of this Agreement or any disbursement instructions and the provisions of the Note, the provisions of the Note shall govern.

16. **Mortgagee-in-Possession**. Borrower and Account Holder hereby confirm and agree that notwithstanding the provisions of this Agreement, Borrower and Account Holder retain sole control of the operation and maintenance of the Property, subject to the obligations of Borrower and Account Holder under the Loan Documents, and Lender is not and shall not be deemed to be a mortgagee in possession.

17. **Representations and Warranties**. In addition to any representations or warranties contained in any of the other Loan Documents applicable hereto, Borrower and Account Holder represent and warrant as follows: (a) Borrower and Account Holder are the legal and beneficial owners of the collateral described in herein ("**Collateral**") free and clear of any lien, security interest, option or other charge or encumbrance except for (i) the liens and security interests in favor of Lender created by this Agreement and the other Loan Documents and (ii) as otherwise permitted in the Loan Documents; (b) upon execution by Borrower and Account Holder of this Agreement, the pledge and assignment of the Collateral pursuant to this Agreement will create a valid, first priority security interest in the Collateral, securing the payment and performance of the Obligations; and (c) Borrower and Account Holder agree that it will not (i) sell, assign (by operation of law or otherwise), or otherwise dispose of, or grant any

option with respect to, any of the Collateral, except as permitted in the Loan Documents or (ii) create or permit to exist any assignment, lien, security interest, option or other charge or encumbrance upon or with respect to any of the Collateral, except for the liens and security interest in favor of Lender under this Agreement and the other Loan Documents and (B) as otherwise permitted in the Loan Documents.

18. **Limitations on Liability**.  Lender shall not be liable for any acts, omissions, errors in judgment or mistakes of fact or law, including, without limitation, acts, omissions, errors or mistakes with respect to the Collateral, except for those arising as a result of Lender's gross negligence or willful misconduct.  Without limiting the generality of the foregoing, except as otherwise expressly provided for herein or as required by applicable law, Lender shall have no duty as to any Collateral, as to ascertaining or taking action with respect to calls, conversions, exchanges, maturities, tenders or other matters relative to any Collateral, whether or not Lender has or is deemed to have knowledge of such matters, or as to the taking of any necessary steps to preserve rights against any parties or any other right pertaining to any Collateral.  Lender is hereby authorized by Borrower and Account Holder to act on any written instruction believed by Lender in good faith to have been given or sent by Borrower and Account Holder.  Deposit Bank further acknowledges that Lender is the owner of the Pledged Account or otherwise has control over the Pledged Account within the meaning of the Uniform Commercial Code, and that Deposit Bank shall follow Lender's instructions with respect to the Pledged Account and the disposition of funds from the Pledged Account without further consent from Borrower and Account Holder.

19. **Consent of Deposit Bank**.

(a)  Borrower and Account Holder expressly notify Deposit Bank that Borrower and Account Holder have granted Lender a security interest in the Pledged Account, together with all financial assets and other items therein, all proceeds thereof and distributions in connection therewith and all income received thereon pursuant to this Agreement. Deposit Bank hereby acknowledges being so notified and confirms that it has recorded such security interest on its books and records.  Deposit Bank agrees to notify Lender, Borrower, and Account Holder in the event Deposit Bank receives any written notice of any lien, encumbrance or adverse claim against the Pledged Account or any of the other Collateral.

(b)  Borrower and Account Holder hereby authorize Deposit Bank to, and Deposit Bank shall, disclose to Lender such information relative to the Pledged Account and the financial assets and credit balances therein as Lender may at any time and from time to time request, without any reference to any further authority for, or inquiry as to the justification for, such disclosure.

(c)  Deposit Bank acknowledges Lender's perfected security interest in the Pledged Account and other Collateral and agrees that, except as provided herein, it will not (i) foreclose upon, sell or otherwise dispose of the Pledged Account or any such other Collateral, or exercise any or other lien or right of setoff or similar right in connection with the Pledged Account or any such other Collateral, in each case without the prior written consent of Lender, or (ii) receive, accept or apply any proceeds of the Pledged Account or any such other Collateral to or on account of any indebtedness or obligation of Borrower and Account Holder to Deposit

Bank, in each case until Lender has released its security interest in the Pledged Account and any such other Collateral; provided, however, that nothing herein shall limit the right of Deposit Bank to debit the Pledged Account in payment of its then current commissions, charges and other such fees associated with the Pledged Account and due to Deposit Bank, and from time to time to debit the Pledged Account in an amount equal to the amount of any deposit that Deposit Bank has credited to the Pledged Account that is thereafter returned to Deposit Bank because of insufficient funds or is otherwise unpaid.

(d) Borrower, Account Holder, and Lender each acknowledge and agree that Deposit Bank shall not be held responsible for the failure to take any action with respect to the Collateral, except as expressly provided in this Agreement, or as instructed by Lender to Deposit Bank, in accordance with this Agreement, and except as expressly provided herein, this Agreement shall not abridge any rights Deposit Bank otherwise may have. Except as expressly provided herein, (x) this Agreement shall not impose or create any obligations or duties upon Deposit Bank that are greater than or in addition to the usual and customary obligations and duties, if any, of Deposit Bank with respect to the Pledged Account or Borrower or Account Holder, and (y) Deposit Bank shall have no obligation or duty whatsoever to interpret the terms of any other agreements between Borrower or Account Holder and Lender or to determine whether any Event of Default exists thereunder.

(e) Deposit Bank may act upon any instrument or other writing believed by it in good faith to be genuine and to have been signed or presented by a person purporting to be Lender, Borrower or Account Holder, as the case may be. Deposit Bank shall not be liable in connection with the performance or non-performance of its duties hereunder, except for its own gross negligence or willful misconduct. Deposit Bank's duties shall be determined only with reference to this Agreement and applicable laws, and Deposit Bank shall not be charged with knowledge of, or any duties or responsibilities in connection with, any other document or agreement. If in doubt as to its duties and responsibilities hereunder, Deposit Bank may consult with counsel of its choice and shall be protected in any action taken or omitted to be taken in connection with the advice or opinion of such counsel.

(f) No delay or omission on the part of Lender or Deposit Bank in exercising any right hereunder shall operate as a waiver of such right; no waiver of any right hereunder shall be effective unless in writing and signed by Lender and Deposit Bank; and, no waiver on one occasion shall be construed as a bar to or waiver of any such right on any other occasion.

[The balance of this page is intentionally left blank.]

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the day and year first above written.

_____
Paul J. Manafort -            Borrower

_____
Kathleen B. Manafort -        Borrower

_____
Paul J. Manafort -            Account Holder

_____
Kathleen B. Manafort -        Account Holder

**LENDER**:

The Federal Savings Bank, a federally chartered banking corporation

By: _____
Name: _____James Brennan_____
Title: _____Vice President_____

**DEPOSIT BANK:**

The Federal Savings Bank, a federally chartered banking corporation

By: _____
Name: _____James Brennan_____
Title: _____Vice President_____

2422911.4                    - 9 -

STATE OF __FLORIDA__,

COUNTY OF __PALM BEACH__.

On the __4th__ day of January, 2017, before me, the undersigned, a Notary Public in and for said State, personally appeared two individuals, KATHLEEN B. MANAFORT & PAUL J. MANAFORT, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacity, and that by their signatures on the instrument, the individuals, or the persons upon behalf of which the individuals acted, executed the document.

_____
Notary Public

STATE OF _____,

COUNTY OF _____.

LESLIE R. EVANS
MY COMMISSION # FF 066762
EXPIRES: October 28, 2017
Bonded Thru Notary Public Underwriters

On the ____ day of _____, before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the document.

_____
Notary Public

2422911.4 - 10 -