Leave to file GRANTED  11/15/18
Amy B. Jackson       Date
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILL IN CASE NO.

| UNITED STATES OF AMERICA, | MISC No. 18-167 (ABJ) |
|---|---|
| Plaintiff, | |
| v. | ~~Criminal No. 17-cr-201 (ABJ)~~ |
| PAUL J. MANAFORT, JR., | |
| Defendant. | |

PETITION OF NATIONAL BANCORP HOLDINGS FOR ANCILLARY HEARING

National Bancorp Holdings, Inc. ("NBH"), a Delaware corporation and a savings and loan holding company, by and through its undersigned counsel, petitions this court for an ancillary hearing pursuant to Title 21, United States Code, Section 853(n) and asserts its interest as an innocent third party with respect to property which has been ordered to be forfeited to the United States in a preliminary forfeiture order in this matter. In support of this petition, NBH states as follows:

1. NBH asserts its interest in the following items of property ordered to be forfeited to the United States in this court's October 10, 2018, preliminary order of forfeiture:

- The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon ("the Jobs Lane Collateral").

- The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon ("the Union Street Property").

- All funds held in account number XXXXXX0969 held at the Bank (together with the Union Street Property, "the Union Street Collateral").


RECEIVED
Mail Room
NOV 13 2018
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## The Jobs Lane Collateral

2. NBH is a savings and loan holding company for The Federal Savings Bank ("the Bank"), a federal savings bank based in Chicago, Illinois, the deposit accounts of which are insured by the Federal Deposit Insurance Corporation (FDIC). NBH owns 100% of the Bank and all of its liens.

3. On or about November 16, 2016, Summerbreeze LLC, a New York limited liability company, Paul J. Manafort and Kathleen B. Manafort (collectively, "2016 Borrowers") executed and delivered to the Bank a promissory note ("the November 2016 Note") in the principal amount of $9,500,000 in connection with the Bank providing a loan to the 2016 Borrowers. A copy of the November 2016 Note is attached hereto as Exhibit A. The Bank disbursed $9,463,597.67 to the 2016 Borrowers pursuant to the terms of the November 2016 Note. The material contractual payment terms of the $9.5 million loan are as follows: (i) the $9.5 million loan matures contractually on December 1, 2046, the date that all of the principal was scheduled to become due and payable; (ii) interest accrues at a rate equal to 7.25% through December, 2019 and is payable monthly for the actual days that the loan is scheduled to be outstanding (monthly payments through December 2019 were estimated to be approximately $64,806.75); (iii) after December 2019, the interest rate would adjust to one-year LIBOR plus 5.00% calculated in accordance to the terms of the loan documents; and, (iv) in addition to the foregoing, the 2016 Borrowers are required to pay insurance, taxes and maintain the property in good repair and, if applicable, late charges and/or interest at a default rate.

4. The November 2016 Note was and is secured by a mortgage dated November 16, 2016, recorded on December 9, 2016, as instrument number DH036762, in the official

records of Suffolk County, New York.  A copy of the mortgage is attached hereto as Exhibit B.

5.      As of September 30, 2018, the principal due and owing under the November 2016 Note is $9,463,597.67, the interest due and owing is $695,640.15, and contractual late fees due and owing are $473,179.88.  Interest continues to accrue under the November 2016 Note at a rate of $1,905.86 per diem from October 1, 2018.  The 2016 Borrowers have failed to comply with the terms of the November 2016 Note and the related mortgage and other loan documents.  As a result, the November 2016 Note is presently in default, including as a consequence of Borrowers failure to make payments as provided for therein.  The November 2016 Note has been continuously in payment default since November 1, 2017.

6.      Pursuant to the terms of the mortgage (Section 5), casualty insurance in "amounts required by Lender" must be maintained on the property.  The Bank has paid casualty insurance premiums in the amount of $31,814.00 through October 17, 2018.

## The Union Street Collateral

7.      On or about January 4, 2017, Paul J. Manafort and Kathleen B. Manafort ("2017 Borrowers") executed and delivered to the Bank two promissory notes ("the January 2017 Notes") in the principal amounts of $5,300,000 and $1,200,000, respectively, in connection with the Bank providing loans to the Borrowers. Copies of the January 2017 Notes are attached hereto as Exhibits C and D.  On or about January 4, 2017, the Bank disbursed $5,300,000 to the 2017 Borrowers pursuant to the terms of the $5.3 million note. Additionally, through the date hereof, the Bank has disbursed $624,305.72 to the 2017 Borrowers under the $1.2 million note.

8. On or about January 4, 2017, NBH bought a $3 million undivided participating ownership interest (57%) in the $5.3 million loan. A copy of the Loan Participation Agreement is attached hereto as Exhibit E. The Participation Certificate shows that NBH paid $3 million to the Bank, and a copy of the certificate is attached hereto as Exhibit F.

9. On or about January 4, 2017, NBH bought a $1.2 million undivided participating ownership interest in the $1.2 million loan. A copy of the Loan Participation Agreement is attached hereto as Exhibit G. The Participation Certificate evidences NBH's obligation to pay up to $1.2 million to the Bank ($624,305.72 if which has been paid through the date hereof), and a copy of the certificate is attached hereto as Exhibit H.

10. The material contractual payment terms of the $5.3 million loan are as follows: (i) the $5.3 million loan matured contractually on January 4, 2018, the date that all of the principal was scheduled to become due and payable; (ii) interest accrues at a rate equal to 7.25% through the date of repayment and is payable monthly starting on March 1, 2017 for the actual days that the loan is scheduled to be outstanding (monthly payments were estimated to be approximately $32,020.83); and, (iii) in addition to the foregoing, the 2017 Borrowers are required to pay insurance and taxes and, if applicable, late charges and/or interest at a default rate. The material contractual payment terms of the $1.2 million loan are as follows: (i) the $1.2 million loan, $624,305.72 in principal of which is outstanding, matured contractually on January 4, 2018, the date that all of the principal was scheduled to become due and payable; (ii) interest accrues at a rate equal to 7.25% on amounts outstanding through the date of repayment and is payable monthly starting on March 1, 2017 for the actual days that the loan is scheduled to be outstanding; and, (iii) in addition to the foregoing, the 2017 Borrowers are required to pay insurance and taxes and, if applicable, late charges and/or interest at a default

rate.

11.     The January 2017 Notes were and are secured by the following two mortgages: (i) $5.3 million mortgage dated as of January 17, 2017, recorded on February 2, 2017 as instrument number 2017012300896002 001E7F4D, in the official records of the Office of the City Register of the City of New York, Kings County, New York; and (ii) $1.2 million mortgage dated as of January 17, 2017, recorded on February 2, 2017 as instrument number 2017012300896004 001E7FC5, in the official records of the Office of the City Register of the City of New York, Kings County, New York . Copies of those mortgages are attached hereto as Exhibits I and J.

12.     The January 2017 Notes were and are additionally secured by approximately $2,500,000 in funds held in account number XXXXXX0969 at the Bank, pursuant to a Deposit Account and Security Agreement, dated January 4, 2017. A copy of that agreement is attached hereto as Exhibit K.

13.     As of September 30, 2018, the principal due and owing under the January 2017 Notes is $5,924,305.72, the interest due and owing is $498,997.47, and late fees due and owing are $296,215.29. Interest continues to accrue under the January 2017 Notes at a rate of $1,483.56 per diem from October 1, 2018. The 2017 Borrowers have failed to comply with the terms of the January 2017 Notes and the related mortgages and other loan documents. As a result, the January 2017 Notes are presently in default including as a consequence of Borrowers' failure to make payments as provided for in the January 2017 Notes. The January 2017 Notes have been continuously in such default since November 1, 2017.

14.     Pursuant to the terms of the mortgages, casualty insurance in varying amounts must be maintained on the property. The Bank has paid casualty insurance premiums in the

amount of $72,763.90 through November 30, 2018.

### Request for Relief

15.  Pursuant to 21 U.S.C. § 853(n)(6), NBH has a prior vested or superior interest in the Jobs Lane Collateral and the Union Street Collateral, or is a bona fide purchaser for value of the right, title, or interest in the above-described property and was at the time of the loan transactions reasonably without cause to believe that the property was subject to forfeiture. In particular, the indictments against Mr. Manafort (and the forfeiture allegations contained therein regarding those pieces of property) were brought long after those pieces of property were pledged to the Bank as collateral in support of the loans.

16.  Moreover, those pieces of collateral are forfeitable as against Mr. Manafort pursuant to Count One of a Superseding Criminal Information filed against Mr. Manafort in this case on September 14, 2018 (Doc. 419), alleging Mr. Manafort's conspiracy, in violation of 18 U.S.C. § 371, to commit the following offenses:  (1) money laundering, in violation of 18 U.S.C. § 1956; (2) tax fraud, in violation of 26 U.S.C. § 7206(1); (3) failing to file Foreign Bank Account Reports, in violation of 31 U.S.C. §§ 5312 and 5322(b); (d) failing to register under the Foreign Agents Registration Act, in violation of 22 U.S.C. §§ 612, 618(a)(1) and (2); and (3) making false statements to the Department of Justice, in violation of 18 U.S.C. § 1001(a) and 22 U.S.C. §§ 612 and 618(a)(2).

17.  Mr. Manafort pleaded guilty to Count One of the Superseding Criminal Information on the same day of its filing. (Doc. 422.) On October 10, 2018, the Court entered a Consent Order of Forfeiture finding that certain pieces of property, including the Jobs Lane Collateral and the Union Street Collateral, were forfeitable as against Mr. Manafort based on

his guilty plea to Count One of the Superseding Information.

18. When it extended the loans to Mr. Manafort, the Bank had no knowledge and no reason to know that Mr. Manafort had acquired any of that collateral as a result of his having engaged in any criminal activity, including the charged conspiracy to commit money laundering, tax fraud, FARA violations, and obstruct justice. Nor is there any suggestion in the Superseding Information or in Mr. Manafort's Plea Agreement and accompanying factual stipulation ("Statement of Offense") that the Bank had any reason to know that Mr. Manafort had engaged in that conspiracy or its underlying offenses, or that the properties were otherwise subject to forfeiture when the Bank made its loans to Mr. Manafort and those properties were pledged to the Bank as security for those loans. In fact, according to the Statement of Offense, the Bank was a victim of Mr. Manafort's fraud, as he made a series of false and fraudulent material representations to Bank to secure both loans. As an innocent buyer of a participating ownership interest in the $5.3 million note and the owner of all of the Bank's mortgages, NBH is also a victim of Mr. Manafort's fraud.

19. The petitioner seeks relief from this court's preliminary order of forfeiture and hereby requests that this Honorable Court hold a hearing ancillary to the criminal conviction of Mr. Manafort at which the petitioner may present evidence and witnesses on its own behalf pursuant to 21 U.S.C. § 853(n)(5) and further that this court amend its preliminary order of

forfeiture dated October 10, 2018, to recognize fully the interest of NBH as it is set forth herein.

Dated: November 9, 2018

Respectfully submitted,

NATIONAL BANCORP HOLDINGS, INC.

By: /s/ Jason Mitchell

Seetha Ramachandran *(pro hac vice admission pending)*
Jason T. Mitchell (D.C. Bar # 1005757)

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorney for Petitioner*

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 9th day of November, 2018, at Chicago, Illinois.

_____
John T. Calk, Secretary
National Bancorp Holdings, Inc.