EXHIBIT "4"



# The Law Offices of
# BRUCE E. BALDINGER, LLC

BRUCE E. BALDINGER
ADMITTED NJ, NY, FL
BBALDINGER@BALDINGERLAW.COM
WWW.BALDINGERLAW.COM

365 SOUTH STREET
MORRISTOWN, NJ 07960
TELEPHONE 908-218-0060
FACSIMILE 973-270-0934

August 3, 2017

Woodlawn, LLC
123 W. Nye Lane, Ste 129
Carson City, Nevada 89706

      **RE: Loan from Adler to Jesand, LLC as guaranteed by Paul Manafort**

Sir:

    We refer to that certain loan documents all dated the date herewith by and between **Jesand, LLC** (the "Borrower") and oodlawn, LLC (the "Lender") (as it may be amended, modified, supplemented, extended, replaced and/or restated from time to time, the "Loan Agreement"). This opinion is being delivered to you pursuant to the terms of the Loan Agreement. The capitalized terms used in our opinion and not defined herein shall have the respective meanings ascribed to them in the Loan Agreement.

    We have acted as counsel to Borrower and to Paul Manafort (the "Guarantor" and collectively with the Borrower, the "Obligor") in connection with the loan transaction in which Lender is providing a loan to Obligor in the amount of $1,025,000.00). In so acting and at their request, we have examined executed originals or counterparts of the Note, Guaranty, Mortgage, Resolution, and all other documents, instruments and certificates delivered in connection therewith (collectively, the "Loan Documents"). In such investigation we have assumed the genuineness of all signatures other than members and officers of the Borrower and the Guarantor, the authenticity of all documents submitted to us as originals, and the conformity with originals of all documents submitted to us as copies.

    Based upon the foregoing, we are of the opinion that:

    1. The Borrower is a corporation duly organized and validly existing in good standing under the laws of the State of Delaware. The Borrower has all requisite corporate power and authority to own its properties and to carry on its business as now being conducted.

    2. The Obligor has the power and authority in the Operating Agreement to enter into and perform the Loan Documents. The execution, delivery and performance of the Loan Documents have been duly authorized by all requisite action, and the Loan Documents have been duly executed and delivered by the Obligor.

    3. The Loan Documents constitute legal, valid and binding obligations of the Obligor and are enforceable against it and in accordance with their respective terms, except as may be limited by bankruptcy, insolvency or other similar laws affecting the enforcement of creditors' rights in general. The enforceability of the Obligor's obligations thereunder is also subject to general principles of equity, regardless of whether such enforcement is considered as a proceeding in law or equity.

Page 2

4. The execution, delivery and performance of the Loan Documents by the Obligor will not conflict with or result in a violation (with due notice or lapse of time, or both) of its bylaws, certificate of incorporation or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any property or assets of the Obligor except as contemplated by the Loan Documents.

5. No action of, filing with or consent of, any governmental or public body or authority, or any other person or entity, is required to authorize, or is otherwise required in connection with, the execution, delivery and performance of the Loan Documents.

6. By its execution and delivery to the Lender of the Loan Documents and filing of Uniform Commercial Code financing statements in the appropriate filing offices, the Borrower effectively grants to the Lender a perfected lien security interest in the Collateral.

7. Except as otherwise disclosed, this firm is not aware of any action, suit or proceeding pending or threatened against or affecting the Obligor before or by any court, administrative agency or any other governmental authority.

8. Without having conducted any independent review and in reliance upon the representation of the Obligor which is assumed as truthful, this firm is not aware of any facts which would lead it to believe that the Obligor not in default with respect to any order, writ, injunction or decree of any court or of any Federal, state, municipal or other governmental department, commission, board, bureau, agency or authority, domestic or foreign, or that it is in violation of any law, statute or regulation, domestic or foreign, to which it or any of its properties are subject.

9. This Opinion letter is provided solely to Wiidlawn, LLC, its officers, agents and other professionals. It is not to be relied upon by any other person or entity and shall be deemed void upon the termination or refinance of the Obligor's indebtedness with Lender under the transaction upon which this firm provided closing advice and services, regardless of whether our representation continued of the Obligor or Guarantor continued thereafter.

10. The opinions in this letter are limited to the matters set forth herein; no Opinion may be inferred or implied beyond the matters expressly stated in this letter; and the opinions must be read in conjunction with the assumptions, limitations, exceptions and qualifications set forth in this letter. We assume no obligation to update this opinion to advise you of any changes in facts or laws subsequent to the date hereof.

Very truly yours,

Bruce E. Baldinger, Esq.
The Law Offices of Bruce E. Baldinger, LLC

Opinion Letter