UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>      Defendant.<br><br>IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE<br><br>WILLIAM CLAYTON BATCHELOR,<br><br>      Petitioner. | FILED<br>JAN 2 8 2019<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br>Case No. 1:18-mc-00167-ABJ |

## STIPULATION AND ORDER OF SETTLEMENT REGARDING PETITION OF WILLIAM CLAYTON BATCHELOR AND NORTHWESTERN MUTUAL UNIVERAL LIFE INSURANCE POLICY NO. 18268327

IT IS HEREBY STIPULATED and AGREED by and between the United States of America, by and through its undersigned counsel, and William Clayton Batchelor, Petitioner herein ("Batchelor"), pursuant to 21 U.S.C. § 853(i)(2) and (n), to compromise and settle Batchelor's interest in the following property:

> Northwestern Mutual Universal Life Insurance Policy No. 18268327 and any property traceable thereto (the "Property").

This settlement is entered into between the parties pursuant to the following terms:

1. Batchelor represents that he is the sole trustee of the Manafort Family 2008 Irrevocable Trust and that he is the person identified as owner and direct beneficiary under the terms of the insurance policy that governs the Property.

2. On the terms set forth herein, Batchelor hereby withdraws his petition received by the Clerk of the Court on November 7, 2018, and docketed at Docket No. 6 on November 13, 2018 (the "Petition") asserting an interest in the Property. Upon the Court's endorsement of this Stipulation

1

and Order, said Petition is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

3. The United States agrees that upon liquidation of the Property, whether pursuant to an interlocutory order or a final order of forfeiture of the Court forfeiting the Property to the United States, the United States will not contest payment to Batchelor from the liquidated proceeds the sum of $71,184.10 representing the remainder of his claims for administrative and fiduciary compensation against the Property and all interest he may have in the Property.

4. Batchelor represents that the Property and a minor account with a balance of $2,669.34 are the sole assets of the Manafort Family 2008 Irrevocable Trust, and that the trust has no other assets with which to pay the administrative and fiduciary compensation of the trustee.

5. The payment to Batchelor shall be in full settlement and satisfaction of all claims he, individually or as trustee of the Manafort Family 2008 Irrevocable Trust, may have to an interest in the Property, all claims for payments due to him in relation to the Property, and all claims arising from and relating to the seizure, detention, and forfeiture of the Property by the United States.

6. Batchelor agrees to cooperate reasonably with the United States in facilitating the liquidation of the Property and transfer of the proceeds thereof to the United States. As the United States may direct, such cooperation may include actions to surrender the Property under the terms of the insurance policy or other actions. Payment to Batchelor described in paragraph 3 above may be made directly upon liquidation, after transfer to the United States of the entire liquidated balance of the Property, or through such other means as the United States may deem appropriate.

7. Batchelor agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Batchelor and his agents that currently exist or that may arise as a result of the Government's actions against and relating to the Property.

8. Batchelor agrees not to pursue against the United States any other rights or remedies he may have with respect to the Property.

9. Batchelor agrees to notify the Special Counsel's Office and the Money Laundering and Asset Recovery Section (MLARS) of the U.S. Department of Justice promptly if he learns of any condition that might affect the liquidation of the Property, and to join in any motion by the United States to effect the liquidation of the Property. Batchelor shall endorse such government motions within ten days of receipt of the motion.

10. Batchelor understands and agrees that this Stipulation and Order constitutes a full and final settlement of his petition and that he waives any rights to litigate further any interest he may have in the Property and further pursue remission or mitigation of the forfeiture. If this Agreement is approved by the Court, then unless specifically directed by an order of the Court, Batchelor shall be excused and relieved from further participation in this action. However, this Stipulation and Order does not relieve the petitioner of any applicable discovery obligations.

11. The terms of this Stipulation and Order do not affect the tax obligations, fines, penalties or any other monetary obligations of Batchelor or the 2018 Manafort Family Irrevocable Trust.

12. Batchelor understands and agrees that the Special Counsel's Office and MLARS also reserve the right to void this Stipulation and Order if, before payment of the sums set forth in paragraph 3 above, the Special Counsel's Office and/or MLARS obtains new information indicating that Batchelor did not have a prior vested or superior interest in the Property, pursuant to 21 U.S.C. § 853(n)(6)(A), or that he was not a bona fide purchaser for value of the right, title, or interest in the Property or, at the time of the purchase, was not reasonably without cause to believe that the Property was subject to forfeiture, pursuant to 21 U.S.C. § 853(n)(6)(B). The Special Counsel's Office and MLARS also reserve the right, in their discretion, to terminate the forfeiture at any time and release the Property. In either event, the Government shall promptly notify Batchelor of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees but shall result in a reinstatement of all claims of Batchelor for payment in relation to the Property that are otherwise waived by the terms of this Stipulation and Order.

13.     The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation and Order.

14.     Each party agrees to bear its own costs and attorneys' fees.

15.     Payment to Batchelor pursuant to this Stipulation and Order is contingent upon a Court-authorized interlocutory liquidation of the Property or the United States prevailing against the defendant and any third-party claims, the Court's entry of a final order of forfeiture to the United States, and liquidation of the Property pursuant to the final order of forfeiture. The terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

16.     The parties agree that the United States may choose in its sole discretion how it wishes to accomplish forfeiture of the Property, whether by criminal or civil forfeiture. If the United States chooses to effect the forfeiture through institution of civil forfeiture proceedings, Batchelor consents to the filing of this Stipulation and Order in such civil forfeiture proceedings in full settlement and satisfaction of all claims to and any right, title and interest he may have in the Property upon the same terms as set forth herein. Batchelor waives all defenses, including, but not limited to, defenses based upon statute of limitations and venue, and any claim to attorneys' fees or costs, with respect to any civil forfeiture proceeding related to the Property.

17.     This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order.

18.     Batchelor represents and warrants that he is authorized to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity and that he is authorized to execute this Stipulation and Order.

19.     The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

20. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

For the United States of America:         ROBERT S. MUELLER, III
                                          Special Counsel

Dated: 01/24/2019              By: _____
                                   Andrew Weissmann
                                   U.S. Department of Justice
                                   Special Counsel's Office
                                   950 Pennsylvania Avenue NW
                                   Washington, D.C. 20530
                                   Telephone: (202) 616-0800

                               By: _____
                                   Daniel H. Claman
                                   Money Laundering and
                                      Asset Recovery Section
                                   Criminal Division
                                   U.S. Department of Justice
                                   1400 New York Avenue, N.W., Suite 10100
                                   Washington, D.C. 20530
                                   Telephone: (202) 514-1263

For William Clayton Batchelor:

Dated: 1/24/2019               By: WMCButUM
                                   William Clayton Batchelor, Esq.

### ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Stipulation is **SO ORDERED.**

ORDERED this 25th day of January, 2019.

                               _____
                               THE HONORABLE AMY B. JACKSON
                               UNITED STATES DISTRICT JUDGE