**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL J. MANAFORT, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| IN RE: PETITIONS FOR RELIEF | ) |
| CONCERNING CONSENT ORDER OF | )   Case No. 1:18-mc-00167-ABJ |
| FORFEITURE | ) |
| | ) |
| UBS BANK USA, | ) |
| | ) |
| Petitioner. | ) |

**STIPULATION AND ORDER OF SETTLEMENT**
**REGARDING PETITION OF UBS BANK USA**
**AND 721 FIFTH AVENUE, #43G, NEW YORK, NY 10022**

IT IS HEREBY STIPULATED and AGREED by and between United States of America, by and through its undersigned counsel, and Petitioner UBS Bank USA ("UBS Bank"), pursuant to 21 U.S.C. § 853(i)(2) and (n), to compromise and settle its interest in the following property:

The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, NY 10022,

described more fully in the deed for which is attached hereto as Exhibit A and incorporated by reference herein (the "Fifth Avenue Property").

This settlement is entered into between the parties pursuant to the following terms:

1.      The parties to this Stipulation and Order stipulate that UBS Bank has a prior vested or superior interest in the Fifth Avenue Property or was a bona fide purchaser for value of the right, title, or interest in the Fifth Avenue Property, and was at the time of purchase reasonably without cause to believe that the Fifth Avenue Property was subject to forfeiture.

1

2.     On the terms set forth herein, UBS Bank hereby settles the claims asserted in its petition filed on November 2, 2018, in *United States v. Paul J. Manafort, Jr. et al.*, 1:17-cr-201-ABJ (D.D.C.) and docketed at Docket No. 4 under the instant case number (the "Petition") asserting an interest in the Fifth Avenue Property.  Effective upon the Court's endorsement of this Stipulation and Order and the entry of a Final Order of Forfeiture incorporating this Stipulation and Order therein, said petition is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

3.     The United States agrees that upon its sale of the Fifth Avenue Property pursuant to the Court's entry of an interlocutory order authorizing sale of the Fifth Avenue Property or a final order of forfeiture forfeiting the Fifth Avenue Property to the United States, the United States will not contest payment to UBS Bank from the proceeds of sale, after payment of: any outstanding taxes, valid superior liens, and condominium association charges or assessments incurred on or after October 22, 2018, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county/city transfer fees, and other reasonable expenses incurred by the United States Marshals Service in connection with its custody, management, maintenance, repair and sale of the Fifth Avenue Property, the following (to the extent the sale produces sufficient funds after the payments noted above):

> (a) All unpaid principal due to UBS as of October 22, 2018, pursuant to the mortgage instrument dated April 7, 2015, and recorded in the Office of the City Register of the City of New York on or about April 30, 2015 under City Register File Number ("CRFN") 2015000145747 (the "Mortgage"), which was also filed in this action at Docket No. 4-1.  The Mortgage secures funds issued pursuant to an adjustable rate note, dated April 7, 2015, in the original amount of $3,000,000.00, with an initial interest rate of 2.055% per year on the unpaid principal of the loan (the "Note") which was filed in this action at Docket No. 4-2.

> (b) With respect to paragraph 3(a) above, all unpaid interest at the base contractual rate (not the default rate) under the above Mortgage from October

2

22, 2018 until the date of payment. The payment to UBS Bank of the amounts specified in paragraph 3 shall be in full settlement and satisfaction of all claims by UBS Bank against the United States and the Fifth Avenue Property arising from and relating to the seizure, detention, and forfeiture of the Fifth Avenue Property by the United States, but shall not impair or limit any available rights and remedies against the obligor(s) of the Note.

4.      Upon payment as specified in paragraph 3, UBS Bank agrees to provide a release of its security interest in the Fifth Avenue Property via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by UBS Bank and its agents that currently exist or that may arise as a result of the United States' actions against and relating to the Fifth Avenue Property.

5.      UBS Bank agrees not to pursue against the United States or its successors or assigns any other rights to affect an interest in the Fifth Avenue Property under the Mortgage, including but not limited to the right to foreclose upon and sell the Fifth Avenue Property and any right to assess additional interest or penalties, but without limiting any rights of UBS Bank available under the Note against the obligor(s) of the Note.

6.      UBS Bank agrees to notify the Special Counsel's Office and the Money Laundering and Asset Recovery Section (MLARS) of the U.S. Department of Justice promptly if it learns of any condition that might affect the sale of the Fifth Avenue Property or that might make an interlocutory sale appropriate.  UBS Bank further agrees to join in any motion by the United States to effect the sale of the Fifth Avenue Property, including motions to remove occupants who fail to abide by the terms of an occupancy agreement.  UBS Bank shall endorse such United States motions within ten days of receipt of the motion.

7.      UBS Bank understands and agrees that this Stipulation and Order constitutes a full and final settlement of its petition and that it waives any rights to litigate further its interest in the Fifth Avenue Property and further pursue remission or mitigation of the forfeiture, but without

limiting any rights of UBS Bank available under the Note against the obligor(s) of the Note.  If this Stipulation is approved by the Court, then unless specifically directed by an order of the Court, UBS Bank shall be excused and relieved from further participation in this action.  However, this Stipulation and Order does not relieve UBS Bank of any applicable discovery obligations.

8.     UBS Bank understands and agrees that the Special Counsel's Office and MLARS also reserve the right to void this Stipulation and Order if, before payment of the sums set forth in paragraph 3 above, the Special Counsel's Office and/or MLARS obtains new information indicating that UBS Bank did not have a prior vested or superior interest in the Fifth Avenue Property, pursuant to 21 U.S.C. § 853(n)(6)(A), or that it was not a bona fide purchaser for value of the right, title, or interest in the Fifth Avenue Property or, at the time of the purchase, was not reasonably without cause to believe that the Fifth Avenue Property was subject to forfeiture, pursuant to 21 U.S.C. § 853(n)(6)(B).  The Special Counsel's Office and MLARS also reserve the right, in their discretion, to terminate the forfeiture at any time and release the Fifth Avenue Property or initiate civil forfeiture proceedings as provided in paragraph 15.  In either event, the United States shall promptly notify UBS Bank of such action.

9.     A discretionary voidance of this Stipulation or a termination of forfeiture by the United States or the executing and delivery of a Quit-Claim deed from the United States to UBS Bank shall not be a basis for any award of fees but shall result in a reinstatement of all claims of UBS Bank for payment in relation to the Fifth Avenue Property that are otherwise waived by the terms of this Stipulation and Order, including, without limitation, any rights or remedies available to UBS Bank pursuant to the Mortgage and Note and applicable law.

10.     The United States agrees that it will not sell the Fifth Avenue Property on terms that would result in a payment to UBS Bank of less than the amount provided for in paragraph 3(a)–(b), or other lower amount for which UBS Bank provides written consent (the lower of which shall be the "Reserve Amount"), subject to the following terms:

    (a) Should the United States be unable to enter a contract to sell the Fifth Avenue Property for a price equal to or greater than the Reserve Amount within 9 months (or such additional period as the parties may mutually agree) of the

later of the Court's entry of an interlocutory order authorizing sale of the Fifth Avenue Property or a final order of forfeiture of the Fifth Avenue Property, the United States will, at its option:

    i.   move to vacate the preliminary or final forfeiture order with respect to the Fifth Avenue Property only, or

    ii.   execute and deliver to UBS Bank, and UBS Bank shall accept, a Quit-Claim Deed with respect to the United States' interest in the Fifth Avenue Property, subject to any valid, superior liens against the Fifth Avenue Property including valid, superior liens (if any) resulting from a compromise of claims arising under 21 U.S.C. § 853 that have been endorsed by the Court in the above-captioned case.  The United States understands that should the conditions in paragraph 10(a) be triggered, UBS prefers that the United States proceed with the option described in paragraph 10(a)(ii) instead of that in paragraph 10(a)(i).

(b) In the event that the preliminary or final forfeiture order is vacated with respect to the Fifth Avenue Property or the United States executes the Quit-Claim Deed in favor of UBS Bank as provided for in this paragraph, UBS Bank shall reimburse the United States for its reasonable advances, fees, and expenses actually incurred in the course of the United States' custody, management, maintenance, repair and efforts to sell the Fifth Avenue Property, including but not limited to taxes and associated interest and penalties, and condominium fees and assessments, (collectively "USMS Expenses") within thirty days of such order vacating the forfeiture of the Fifth Avenue Property or the United States' execution and delivery of a Quit-Claim Deed to UBS Bank.

(c) Upon UBS Bank's subsequent sale of the Fifth Avenue Property, UBS Bank agrees to provide:

5

      i.  a copy of the Closing Disclosure constituting the final settlement statement from closing to the United States,

     ii.  a notice to the United States and USMS of the existence of any Surplus Proceeds, herein defined as all proceeds remaining after payment of: USMS Expenses; payment of UBS Bank's actual expenses of sale (including sums previously paid to the United States pursuant to paragraph 10(b)); satisfaction of all valid liens and claims of record which may have priority over the United States; payment of any transfer taxes, recording costs, or other reasonable expenses actually incurred in connection with the receipt of any Quit-Claim Deed delivered to UBS Bank under paragraph 10(a)(ii); and payment of all sums due under the Mortgage to UBS Bank.

(d)  UBS Bank agrees thereafter to pay to the United States, within thirty days of such sale, any such Surplus Proceeds toward satisfaction of any forfeiture judgment entered in this action or for forfeiture in any related civil forfeiture action.

(e)  The vacating of the preliminary or final order of forfeiture with respect to the Fifth Avenue Property or the United States execution of a Quit-Claim Deed as provided herein shall not be the basis for any award of attorneys' fees against the United States, and shall be in full satisfaction of and shall fully release any claim UBS Bank may have against the United States and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, including but not limited to as set forth in paragraphs 4, 5, 6, 8, 9, and 13 of this Stipulation and Order of Settlement.

11.    The parties agree to execute further documents, to the extent necessary, to allow the United States to sell the Fifth Avenue Property with clear title and to otherwise further implement the terms of this Stipulation and Order.

12.     Each party agrees to bear its own costs and attorneys' fees.

13.     Payment to UBS Bank pursuant to this Stipulation and Order is contingent upon a Court-authorized interlocutory sale of the Fifth Avenue Property or the United States' prevailing against the defendant and any third-party claims in an ancillary proceeding, the Court's entry of a final order of forfeiture to the United States, and sale of the Fifth Avenue Property pursuant to the final order of forfeiture.  The terms of this Stipulation and Order shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

14.     In the event that the United States shall not prevail over third party claims, the Court does not enter a final judgment of forfeiture or interlocutory order for the sale of the Fifth Avenue Property, or if the terms hereof are not approved by the Court, all claims of UBS Bank for payment in relation to the Fifth Avenue Property that are otherwise waived by the terms of this Stipulation and Order shall be reinstated.

15.     The parties agree that the United States may choose in its sole discretion whether to accomplish forfeiture of the Fifth Avenue Property by criminal or civil forfeiture.  If the United States chooses to effect the forfeiture through institution of civil forfeiture proceedings, UBS Bank consents to the filing of this Stipulation and Order in such civil forfeiture proceedings to provide for full settlement and satisfaction of all claims to and any right, title and interest it may have in the Fifth Avenue Property upon the same terms as set forth herein.  If the parties file this Stipulation and Order in settlement of UBS Bank's claims in a civil forfeiture proceeding as provided in this paragraph 15, UBS Bank waives all defenses, including, but not limited to, defenses based upon statute of limitations and venue, and any claim to attorneys' fees or costs, with respect to any such civil forfeiture proceeding related to the Fifth Avenue Property, except to the extent such a defense would be available in the present proceeding pursuant to this Stipulation and Order.

16.     This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order.

17.     The individual(s) signing this Stipulation and Order on behalf of UBS Bank represent and warrant that they are authorized by UBS Bank to execute this Stipulation and Order.  The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity and that he is authorized to execute this Stipulation and Order.

18.     Neither execution by the parties nor entry by the Court of this Stipulation and Order shall affect the right of either party to seek recovery, relief or enforcement of rights against persons or entities who are not party to this agreement, including Paul J. Manafort, Jr. and other third parties. Nor shall execution by the parties or entry by the Court of this Stipulation limit any rights of UBS Bank available under the Note against the obligor(s) of the Note.

19.     Entry of this Stipulation and Order shall not be construed to create any right or benefit in favor of any third party, other than those rights and benefits to the United States that may be conveyed to its successors or assigns, as are expressly set forth herein.

20.     The Court shall have continuing and exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

21.     This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

For the United States of America:

ROBERT S. MUELLER, III
Special Counsel

Dated: 2/14/2019          By:    _____

Andrew Weissmann
Greg D. Andres
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, D.C.  20530
Telephone: (202) 616-0800

By:

Daniel H. Claman
Money Laundering and
   Asset Recovery Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

For UBS Bank USA:                        GIBSON, DUNN & CRUTCHER LLP
                                         Attorneys for UBS Bank USA

Dated:  February 14, 2019        By:     _____
                                         Stephanie L. Brooker, Esq.
                                         (D.C. Bar No. 475321)
                                         David A. Schnitzer, Esq.
                                         (D.C. Bar No. 1022420)
                                         GIBSON, DUNN & CRUTCHER LLP
                                         1050 Connecticut Avenue, N.W.
                                         Washington, DC 20036
                                         (202) 955-8500


Dated:  February 14, 2019        By:     _____
                                         Frank Destra
                                         Managing Director & Senior
                                         Vice Chairman, CEO and President
                                         UBS Bank USA


Dated:                           By:     _____
                                         Shashank Gupta
                                         Managing Director & Head of Mortgage
                                         UBS Bank USA

For UBS Bank USA:                         GIBSON, DUNN & CRUTCHER LLP
                                          Attorneys for UBS Bank USA


Dated:                          By:       _____
                                          Stephanie L. Brooker, Esq.
                                          (D.C. Bar No. 475321)
                                          David A. Schnitzer, Esq.
                                          (D.C. Bar No. 1022420)
                                          GIBSON, DUNN & CRUTCHER LLP
                                          1050 Connecticut Avenue, N.W.
                                          Washington, DC 20036
                                          (202) 955-8500


Dated:                          By:       _____
                                          Frank Destra
                                          Managing Director & Senior
                                          Vice Chairman, CEO and President
                                          UBS Bank USA


Dated:      February 14, 2019   By:       _____
                                          Shashank Gupta
                                          Managing Director & Head of Mortgage
                                          UBS Bank USA

## **ORDER**

Having reviewed the foregoing Stipulation and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Stipulation is **SO ORDERED.**

**ORDERED** this        day of                    , 2019.


_____
THE HONORABLE AMY B. JACKSON
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

Deed for
721 Fifth Avenue, #43G, New York, New York 10022
(Block 1292, Lot 1112)

New York City Department of Finance, Office of the City Register
Document ID No. 2015022400401003

## NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2015022400401003002EE072

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 6 |
|---|---|---|

| Document ID: **2015022400401003** | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |
|---|---|---|
| Document Type: DEED | | |
| Document Page Count: 4 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST NATIONWIDE TITLE AGENCY LLC<br>HOLD FOR DENNISE A. TO PICK UP SR-5068<br>50 CHARLES LINDBERGH BLVD - SUITE 200<br>UNIONDALE, NY 11553<br>212-499-0100<br>RECORDING@FIRSTNATIONWIDETITLE.COM | FIRST NATIONWIDE TITLE AGENCY LLC<br>HOLD FOR DENNISE A. TO PICK UP SR-5068<br>50 CHARLES LINDBERGH BLVD - SUITE 200<br>UNIONDALE, NY 11553<br>212-499-0100<br>RECORDING@FIRSTNATIONWIDETITLE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1292 | 1112 | Entire Lot 43G | 721 5 AVENUE |

**Property Type:** SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____ *or* DocumentID_____ *or* _____Year_____ Reel____ Page_____ *or* File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| JOHN HANNAH, LLC<br>721 FIFTH AVENUE, UNIT 43G<br>NEW YORK, NY 10022 | PAUL MANAFORT<br>721 FIFTH AVENUE, UNIT 43G<br>NEW YORK, NY 10022 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 57.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed         03-05-2015 08:44
City Register File No.(CRFN):
**2015000074395**

*Annette M Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2015022400401003002CE2F2

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 6 |
|---|---|---|
| **Document ID: 2015022400401003** | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |
| Document Type: DEED | | |

**PARTIES**

**GRANTEE/BUYER:**
KATHLEEN MANAFORT
721 FIFTH AVENUE, UNIT 43G
NEW YORK, NY 10022

SR-5068
New York

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made the 27th day of January, 2015

BETWEEN
John Hannah, LLC
721 Fifth Ave., Unit #43G
New York, NY 10022

party of the first part, and

Paul and Kathleen Manafort, husband and wife in tenancy in the entirety
721 Fifth Ave., Unit #43G
New York, NY 10022

party of the second part,

WITNESSETH, that the party of the first part, in consideration of

10.00 dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

State of New York, City of New York, County of New York, located at and more commonly known as condominium unit #43G, 721 Fifth Ave., New York, New York, more particularly described as set forth on Schedule A annexed hereto and incorporated herewith by reference

Block 1292
Lot 1112
County: New York

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" when ever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

John Hannah, LLC

BY: Paul Manafort, Managing Member

Standard N.Y.B.T.U. Form 8002 - Bargain and Sale Deed, with Covenant against Grantor's Acts – Uniform Acknowledgment
Form 3290

JUL-05-2011 TUE 01:25 PM                                                      P. 006



*First American Title Insurance Company of New York*

## SCHEDULE "A"

THE RESIDENTIAL UNIT (THE "UNIT") KNOWN AS UNIT NO. 43-G IN THE PREMISES KNOWN AS TRUMP TOWER CONDOMINIUM AND BY THE STREET NUMBERS 721-725 FIFTH AVENUE, BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BEING DESIGNATED AND DESCRIBED AS UNIT NO. 43-G IN THE DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SAID PREMISES UNDER ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK (THE "NEW YORK CONDOMINIUM ACT") DATED 2/24/1983 AND RECORDED IN THE NEW YORK COUNTY OFFICE OF THE REGISTER OF THE CITY OF NEW YORK (THE "CITY REGISTER'S OFFICE") ON 3/23/1983 IN REEL 674 PAGE 848 (HEREINAFTER REFERRED TO AS THE ("DECLARATION") AND ALSO DESIGNATED AS TAX LOT 1112 IN BLOCK 1292 OF SECTION 5 OF THE BOROUGH OF MANHATTAN ON THE TAX MAP OF THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK AND ON THE FLOOR PLANS OF SAID BUILDING, CERTIFIED BY SWANKE HAYDEN CONNELL AND PARTNERS, ARCHITECTS, ON 2/2/1983 AND FILED WITH THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK ON 3/18/1983 AS CONDOMINIUM PLAN NO. 86 AND ALSO FILED IN THE CITY REGISTER'S OFFICE ON 3/23/1983 AS CONDOMINIUM PLAN NO. 86.

TOGETHER WITH AN UNDIVIDED .2644227 PERCENT INTEREST IN THE COMMON ELEMENTS (AS SUCH TERM IS DEFINED IN THE DECLARATION).

THE PREMISES IN WHICH THE UNIT IS LOCATED IS MORE PARTICULARLY DESCRIBED HEREIN AS PARCEL A.

PARCEL A

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF EAST 56TH STREET WITH THE EASTERLY SIDE OF FIFTH AVENUE;

RUNNING THENCE EASTERLY ALONG THE SAID NORTHERLY SIDE OF EAST 56TH STREET, 175 FEET;

THENCE NORTHERLY PARALLEL WITH SAID EASTERLY SIDE OF FIFTH AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET 5 INCHES TO THE CENTER LINE OF THE BLOCK;

THENCE WESTERLY ALONG SAID CENTER LINE OF THE BLOCK, 50 FEET;

THENCE NORTHERLY PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 15 FEET;

THENCE WESTERLY PARALLEL WITH THE NORTHERLY SIDE OF EAST 56TH STREET 125 FEET TO THE EASTERLY SIDE OF FIFTH AVENUE, AND

THENCE SOUTHERLY ALONG THE EASTERLY SIDE OF FIFTH AVENUE, 115 FEET 5 INCHES TO THE POINT OR PLACE OF BEGINNING.

CONTINUED



TITLE NO. 3008-157957
SCHEDULE 'A' CONTINUED

PARCEL B

(AFFECTS COMMON ELEMENTS)

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF
MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF EAST 57TH STREET, DISTANT 125 FEET EASTERLY
FROM THE INTERSECTION OF THE EASTERLY SIDE OF FIFTH AVENUE AND THE SOUTHERLY SIDE OF 57TH
STREET;

THENCE SOUTHERLY AND PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 100 FEET 5 INCHES;

THENCE EASTERLY AND PARALLEL WITH THE SOUTHERLY SIDE OF 57TH STREET, 50 FEET;

THENCE NORTHERLY AND AGAIN PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 100 FEET 5 INCHES
TO THE SOUTHERLY SIDE OF 57TH STREET;

THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF 57TH STREET 50 FEET TO THE POINT OR PLACE
BEGINNING.

THE policy to be issued under this report will insure the title to such buildings and improvements erected on the
premises, which by law constitute real property.

FOR CONVEYANCING ONLY, TOGETHER with all the right, title and interest of the party of the first part, of in and to
the land lying in the street in front of and adjoining said premises.

**ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE**

State of New York, County of _____ , ss:

On the _____ day of **January** _____ in the year **2015** ,
before me, the undersigned, personally appeared _____

personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s)
on the instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

**ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE**

State of New York, County of _____ , ss:

On the _____ day of _____ in the year _____
before me, the undersigned, personally appeared _____

personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s)
on the instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

**ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN
IN NEW YORK STATE**

State of New York, County of _____ , ss:

On the _____ day of _____ in the year _____
before me, the undersigned, a Notary Public in and for said State,
personally appeared _____
the subscribing witness to the foregoing instrument, with whom I am
personally acquainted, who, being by me duly sworn, did depose and say
that he/she/they reside(s) in _____

(if the place of residence is a city, include the street and street number if any, thereof)
that he/she/they know(s) _____

to be the individual described in and who executed the foregoing
instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed
his/her/their name(s) as a witness thereto

**ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK
STATE**

\*State of **Florida** , County of **Palm Beach** , ss:
\*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the 27th day of **January** , 2015 in the year 2015 *BEB*
before me, the undersigned personally appeared *Paul John Manafort.*

Personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), that by his/her/their signature(s) on
the instrument, the individual(s) or the person upon behalf of which the
individual(s) acted, executed the instrument, and that such individual
make such appearance before the undersigned in the *city of Palm
Beach Gardens, State of Florida.*

(add the city or political subdivision and the state or country or other
place the acknowledgement was taken).



Notary Public State of Florida
Rushena Fyne
My Commission EE 212726
Expires 06/28/2016

### Bargain and Sale Deed
### With Covenants

Title No.

**John Hannah, LLC**

TO

**Paul and Kathleen Manafort**

SECTION:

BLOCK: **1292**

LOT: **1112**

COUNTY OR TOWN: **New York**

DISTRIBUTED BY

YOUR TITLE EXPERTS
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485)  FAX: 800-FAX-9398

RETURN BY MAIL TO:

Bruce E. Baldinger, Esq.
The Law Offices of Bruce E. Baldinger, LLC
365 South Street
Morristown, NJ 07960

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2015022400401003002S2EF3

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

| Document ID: 2015022400401003 | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |
|---|---|---|
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID:**    2015020500190

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 3 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

CITY REGISTER

<table>
<tr><td colspan="2">**FOR CITY USE ONLY**</td><td rowspan="3">[State of New York Seal]<br>EXCELSIOR</td><td rowspan="3">**REAL PROPERTY TRANSFER REPORT**<br>**STATE OF NEW YORK**<br>**STATE BOARD OF REAL PROPERTY SERVICES**<br><br># RP - 5217NYC</td></tr>
<tr><td>**C1. County Code**</td><td>**C2. Date Deed**<br>**Recorded** FEB 2 6 2015<br>Month   Day   Year</td></tr>
<tr><td>**C3. Book**<br>**OR**<br>**C5. CRFN**</td><td>**C4. Page**</td></tr>
</table>

## PROPERTY INFORMATION

**1. Property**
**Location**  721  |  5 AVENUE 43G  |  MANHATTAN  | 10022
STREET NUMBER  STREET NAME  BOROUGH  ZIP CODE

**2. Buyer**
**Name**  MANAFORT  |  PAUL
LAST NAME / COMPANY  FIRST NAME

MANAFORT  |  KATHLEEN
LAST NAME / COMPANY  FIRST NAME

**3. Tax**   Indicate where future Tax Bills are to be sent
**Billing**   if other than buyer address (at bottom of form)  LAST NAME / COMPANY  FIRST NAME
**Address**

STREET NUMBER AND STREET NAME  CITY OR TOWN  STATE  ZIP CODE

**4. Indicate the number of Assessment**  1   # of Parcels  OR  ☐ Part of a Parcel
**Roll parcels transferred on the deed**

**4A.** Planning Board Approval - N/A for NYC
**4B.** Agricultural District Notice - N/A for NYC

**5. Deed**
**Property**  ___ X ___  OR  ___
**Size**   FRONT FEET   DEPTH   ACRES

Check the boxes below as they apply:
**6.** Ownership Type is Condominium  ☑
**7.** New Construction on Vacant Land  ☐

**8. Seller**   JOHN HANNAH, LLC
**Name**  LAST NAME / COMPANY  FIRST NAME

LAST NAME / COMPANY  FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A ☑ One Family Residential     C ☐ Residential Vacant Land     E ☐ Commercial        G ☐ Entertainment / Amusement     I ☐ Industrial
B ☐ 2 or 3 Family Residential   D ☐ Non-Residential Vacant Land  F ☐ Apartment       H ☐ Community Service             J ☐ Public Service

## SALE INFORMATION

**14.** Check one or more of these conditions as applicable to transfer:

**10. Sale Contract Date**  1 / 27 / 2015
Month  Day  Year

A ☐ Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☐ One of the Buyers is also a Seller

**11. Date of Sale / Transfer**  1 / 27 / 2015
Month  Day  Year

D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below)
F ☐ Sale of Fractional or Less than Fee Interest (Specify Below)

**12. Full Sale Price** $  0
(Full Sale Price is the total amount paid for the property including personal property.
This payment may be in the form of cash, other property or goods, or the assumption of
mortgages or other obligations.)  *Please round to the nearest whole dollar amount.*

G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☑ Other Unusual Factors Affecting Sale Price (Specify Below)
J ☐ None

**13. Indicate the value of personal**
**property included in the sale**

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class**  R, 4     **16. Total Assessed Value** (of all parcels in transfer)  2,198,70

**17. Borough, Block and Lot / Roll Identifier(s)**  ( If more than three, attach sheet with additional Identifier(s) )

MANHATTAN 1292 1112

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

**BUYER**

BUYER SIGNATURE _as agent for Pal Manft_   DATE 2/20/2015

**BUYER'S ATTORNEY**

LAST NAME BALDINGER   FIRST NAME BRUCE

10 ST. JAMES DRIVE
STREET NUMBER _Bruce E. Baldinger as agent for Paul Manchort_   STREET NAME (AFTER SALE)

AREA CODE 908   TELEPHONE NUMBER 218-0060

CITY OR TOWN PALM BEACH GARDENS   STATE FL   ZIP CODE 33418

JOHN HANNAH, LLC SELLER

SELLER SIGNATURE _as agent for Pal Manft_   DATE 2/20/15

By: Bruce E. Baldinger as
agent for Paul Manafort

Form RP-5217 NYC                                                                                    ATTACHMENT

# CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and  understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

## BUYERS

| Buyer Signature | Date |
|---|---|
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |
| Buyer Signature | Date |

## SELLERS

| Seller Signature | Date |
|---|---|
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |
| Seller Signature | Date |

2015020500190201

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

State of New ~~York~~ *Jersey*      )
                                    ) SS.:
County of *MORRIS*                  )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 721 5 AVENUE | | 43G |
| --- | --- | --- |
| Street Address | | Unit/Apt. |

| MANHATTAN | New York, | 1292 | 1112 | (the "Premises"); |
| --- | --- | --- | --- | --- |
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

JOHN HANNAH, LLC
**Name of Grantor (Type or Print)**

*as agent for Pal Mnf*

By: Bruce E. Baldinger as agent for Paul Manafort
**Signature of Grantor**

Sworn to before me
this *20th* date of *February* 20 *15*

*Patricia K. Galler*

PAUL MANAFORT
**Name of Grantee (Type or Print)**

*as agent for Pal Mnf*

Bruce E. Baldinger as agent for Paul Manafort
**Signature of Grantee**

Sworn to before me
this *20th* date of *February* 20 *15*

*Patricia K. Galler*

PATRICIA K. GALLER
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES MARCH 5, 2018

PATRICIA K. GALLER
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES MARCH 5, 2018

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2015020500190101



The City of New York
**Department of Environmental Protection**
**Bureau of Customer Services**
59-17 Junction Boulevard
Flushing, NY  11373-5108

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)   Property receiving service: BOROUGH: MANHATTAN          BLOCK: 1292          LOT: 1112

(2)   Property Address: 721  5 AVENUE   Unit 43G, NEW YORK, NY 10022

(3)   Owner's Name:   MANAFORT , PAUL

Additional Name:   MANAFORT , KATHLEEN

### Affirmation:

  Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

**Please Note:**

A.   Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B.   Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address.**   DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way  relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____   Date (mm/dd/yyyy) 2/20/2015

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS   REV. 8/08

2

2015020500190101