UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

v.

PAUL J. MANAFORT, JR.,                                   Case No.: 1:18-mc-00167-ABJ

                            Defendant.
-----------------------------------------------------------------X

IN RE: PETITIONS FOR RELIEF
CONCERNING CONSENT ORDER OF
FORFEITURE
-----------------------------------------------------------------X

CHRISTOPHER DOYLE,

                            Petitioner.
-----------------------------------------------------------------X

**PETITIONER CHRISTOPHER DOYLE'S MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO THE
MOTION OF THE UNITED STATES SEEKING TO DISMISS
PETITIONER'S PETITION ASSERTING AN INTEREST
IN 377 UNION STREET, BROOKLYN, NEW YORK**

Petitioner, Christopher Doyle ("Petitioner"), by counsel, submits this memorandum in

opposition to the motion of the United States seeking dismissal of Petitioner's Petition asserting

an interest in the forfeited property of defendant Paul Manafort  ("Defendant") located at 377

Union Street, Brooklyn, New York (the "Property").  As set forth below, the government's

motion should be denied.

Relying on the false supposition that Petitioner, a contractor who in good faith spent

months materially and extensively improving the Property, knew or should have known that

Defendant had years before committed criminal acts, the government seeks to strip away

1

Petitioner's statutory protection intended to ensure he receives payment for his work. Disregarding any pretense of fairness, the government asks this Court to deny Petitioner the rights afforded him by New York's Lien Law. Coincidently, the government, if successful, would receive and unjustly enjoy the *benefits* of Petitioner's labor through the significant increase in value of the Property, all while denying Petitioner his sole avenue of recourse for payment.

No equitable justification exists to victimize Petitioner, who, by all accounts, has done nothing wrong, but simply had the misfortune of agreeing to perform work for which he was not paid. Yet the government seeks to deprive Petitioner of his ability to be paid for his work. Petitioner does not have the ability to absorb such a financial loss.

The government's motion is unjust and contrary to law. As such, it should be denied.

## FACTS

The facts as set forth in the Petition should be accepted as true for purposes of this motion. Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). The Petition ("Petition") included among its exhibits the Notice Under Mechanic's Lien Law ("Notice").

Petitioner is a contractor licensed to do business in New York. In or around the summer of 2017, the owner of the Property, McBrooklyn Holdings, LLC ("Owner") contracted with Petitioner to perform significant work at the Property, including carpentry work, masonry, and other substantial renovations and remodeling. The agreed upon price for the work was $1,026,656. Notice ¶ 5.

Over the course of the next year, Petitioner worked diligently at the Property. Work began in Summer of 2017. See Notice ¶ 7. By the time Petitioner ceased his work, on or around September 20, 2018, Petitioner was owed $585,991.85. See Petition, para. 3; see Notice ¶¶ 6 and

7.  Despite Petitioner having professionally performed his obligations under the parties'

agreement, and despite due demand, Petitioner was not paid the money he was owed and had

earned.

On October 16, 2018, Petitioner filed his mechanics lien (the "Lien") against the Property

pursuant to New York Lien Law Section 3.  See Petition, ¶ 3, and Notice.  At no time during the

work period did Petitioner know of any wrongdoing by Owner, and he only learned of

Defendant's wrongdoing when the rest of the world learned of through media reports.  More

relevant to the instant motion, at no time during the work period did Petitioner have any

knowledge that the Property which Petitioner so improved, was subject to forfeiture to the

federal government.  See Petition, ¶ 6.

## ARGUMENT

Petitioner filed the Lien on October 16, 2018.  The Kings County Clerk accepted the Lien

for filing. Thereafter, Petitioner learned that the government had taken the Property through

forfeiture and was seeking to cancel the Lien.  The government's position, as expressed in its

motion, is that Petitioner lacks standing herein and the Lien should not be recognized as an

interest in the Property.  That position should be rejected.  It is patently inequitable and it ignores

both the forfeiture statute upon which the government mistakenly relies, and case law

interpreting that statute.  At the very least, the government's motion simply highlights the

existence of unresolved questions of fact that cannot and should not be determined in the context

of a motion to dismiss.  The government's motion should be denied.

### A.    Applicable Standards

As the government notes, a motion to dismiss such as this one "is treated like a motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)."  United States v. Grossman, 501

F.3d 846, 848 (7th Cir. 2007).  The government then goes on to complain about the facts set forth

in the Petition.  However, the government is not entitled to demand a heightened pleading

standard of specifics for this claim.  All that is required is enough facts to state a claim to relief

that is plausible on its face.  Bell Atlantic Corp. v. Twombly,  550 U.S. 544, 570, 127 S. Ct.

1955, 1974 (2007).

As set forth elsewhere herein, Petitioner has clearly met this burden.  The Petition

contains the necessary allegations to establish a plausible claim that Petitioner's interest in the

Property should be respected.  Whether Petitioner ultimately prevails (as he should) may await

further proceedings but, at this juncture, the government's efforts to dismiss the Petition should

be denied.

**B.      Petitioner Has a Valid and Secured Interest
          In the Property That Should Be Respected**

Within New York's statutory scheme is a sweeping protection for contractors and

materialmen.  To ensure proper and timely payment of these vulnerable workers, New York

enacted the Lien Law which affords certain classes of laborers and contractors the extraordinary

power to ensure payment for their services through the creation of liens against properties which

they improve.  As the Court of Appeals of New York explained, "the primary purpose of the

Lien Law is to ensure that 'those who have directly expended labor and materials to improve real

property … at the direction of the owner or a general contractor' receive payment for the work

actually performed."  Canron Corp. v. City of New York, 89 N.Y.2d 147, 155, 652 N.Y.S.2d 211

(1996).  The statute provides that "this article is to be construed liberally to secure the beneficial

interests and purposes hereof."  Lien Law Section 23.

The government through its motion seeks to deny Petitioner the benefits of this State

sanctioned  protection for no legitimate purpose.  It is not entitled to reap the benefits of

Petitioner's labor and materials for no compensation.  The remedial nature of the Lien Law should not be cavalierly disregarded.  West-Fair Electric Contractors v. Aetna Casualty & Surety Company, 87 N.Y.2d 148, 638 N.Y.S.2d 394 (1995) (recognizing the remedial nature of the Lien Law).

The government does not dispute the validity of Petitioner's Lien, or the nature or quality of the work performed.  Rather, the government seeks to disregard Petitioner's interest in the Property derived from the Lien because, it is alleged, the government's interest in the Property by way of the forfeiture proceedings trumps that of Petitioner.  The government is wrong.

(i)      **The Controlling Statute**

These proceedings are governed by 21 U.S.C. Section 853(n)(2).  The statute provides that a petitioner seeking to enforce its interest in forfeited property must show one of two conditions:

> [Petitioner]  has a legal right, title or interest in the property, and such  right, title or interest renders the order of  forfeiture  invalid in whole or in part because the right, title or interest was vested in the petitioner rather  than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.

(21 U.S.C. Section 853(n)(6)(A)); or

> [Petitioner] is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

(21 U.S.C. Section 853(n)(6)(B)).

**(ii)** **Petitioner had a vested right superior to Defendant, and is a bona fide purchaser for value, and was without cause to believe the Property was subject to forfeiture.**

Both provisions of the statute protect Petitioner's interest in this case.  Having provided materials and improvements to the Property, Petitioner gained at the time of said work an interest in the Property superior to that of the Defendant to the extent of the work performed and materials provided.  The filing of the memorandum of lien later merely served to perfect Petitioner's already existing rights.  Horton v. Queens County Machinery Corp.., 101 Misc. 31, 166 N.Y.S. 662 (Sup. Ct. Queens Cty. 1917) ("[A] mechanics lien is not created by the act of filing it but that it exists at all times from the furnishing of the materials or labor, and that the filing of the lien merely preserves it.").

In addition, at the time the work was performed Petitioner had absolutely no basis to know that  the Owner,  a limited liability company, was exposed to federal criminal penalties, or that the Property was subject to forfeiture to the federal government.  The government's bald and unsubstantiated allegation that Petitioner "should have known" is not a fact, but rather is unsupported speculation. The alleged criminal acts of Defendant occurred more than 10 years before.  Moreover, these acts were not committed by the Owner, which is a limited liability company.  The public reporting of the indictment against Defendant did not constitute sufficient notice that the Property which Petitioner improved was subject to forfeiture. The *lis pendens* filed by the government came months *after* Petitioner began his work at the Property, and there was no basis for Petitioner to scour the public records of Kings County to search for filings against properties at which he worked perchance their owners committed criminal acts.  In addition, a *lis pendens* is not actual notice, but constructive notice.

Petitioner has a secured interest in the Property, and he had no knowledge that the Property was subject to forfeiture. These circumstances qualify Petitioner for the exception established by Section 853(n)(6)(B) and to have his interest in the Property recognized.

> The legislative history of [Section] 853(n) (6)(B) convinces us that Congress intended to permit general creditors who give value to the forfeited estate in an arms'-length transaction to recover. We hold that general creditors who have a legal interest in the forfeited estate and who give valuable consideration to the estate without knowledge of the potential forfeitability of the defendant's assets may recover the value so conveyed under [Section] 853(n)(6)(B).

United States v. Rackmeyer, 856 F.2d 200, 207 (4th Cir. 1987).

The government's argument that Petitioner must be deemed to have knowledge of the forfeitability of the Property due to media coverage is meritless for several reasons. First, the coverage was of Defendant who, as noted above, was not individually the record owner of the Property. Second, the media coverage argument is just that – an argument. The government fails to point to a single disseminated media report which specifically identified the Property as subject to forfeiture. Generalized media coverage about an indictment or prosecution against Mr. Manafort hardly constitutes knowledge that the Property was subject to forfeiture.

In any event, the touchstone under the statute is whether Petitioner "reasonably" had cause to believe the Property was subject to forfeiture. The reasonableness standard is manifestly a fact-specific inquiry, ill-suited for determination in the context of a motion to dismiss. See, Staron v. McDonald's Corporation, 51 F.3d 353, 356 (2d Cir. 1995) (noting that determination of whether an accommodation under the ADA was "'reasonable' involves a fact-specific, case-by-case inquiry"); Lewis v. Livingston County Center for Nursing and Rehabilitation, 30 F.Supp. 3d 196 (W.D.N.Y. 2014) ("'Whether or not something constitutes a reasonable accommodation is necessarily fact-specific"). Robinson v. Deutsche Bank Trust

Company Americas, 572 F.Supp. 2d 319, 322 (S.D.N.Y. 2008) ("Often, '[w]hether or not reliance on alleged misrepresentations is reasonable in the context of a particular case is intensely fact-specific and generally considered inappropriate for determination on a motion to dismiss.'").

The government's fall back argument that Petitioner had constructive notice of the potential forfeiture of the Property because of its *lis pendens* is not the panacea the government wishes it to be. While it is true that the actual filing of the *lis pendens* preceded the actual filing of the Lien, that is not determinative. When Petitioner timely filed his mechanics lien in October 2018, the Lien had the legal effect of relating back to protect all work to which it relates, that is, August 2017 – prior to the government's filing. Horton v. Queens County Machinery Corp.., 101 Misc. 31, 166 N.Y.S. 662 (Sup. Ct. Queens Cty. 1917) ("[A] mechanics lien is not created by the act of filing it but that it exists at all times from the furnishing of the materials or labor, and that the filing of the lien merely preserves it.").

With the New York statutory scheme understood, the flaw in the government's argument is apparent. Petitioner's timely Lien secured all the work performed, including that going back to August 2017 which pre-dated the government's *lis pendens.* Lien Law Section 13(5) ("No instrument of conveyance recorded subsequent to the commencement of the improvement, and before expiration of the period specified in Section ten of this chapter for filing of notice of lien after completion of the improvement, shall be valid as against liens filed within a corresponding period of time … unless the instrument contains a covenant by the grantor that he will receive the consideration … as a trust fund [for the benefit of the lienor].").

Nothing in this record – most assuredly this undeveloped record – supports the government's assumption that Petitioner knew or should have known that the Property was

subject to forfeiture so as to deprive him of the protections of 21 U.S.C. Section 853(n)(6)(B).

See United States v. Reckmeyer, 856 F.2d 200 (4th Cir. 1987) ("A reasonable person with the knowledge the government attributed to William would not necessarily conclude that all property owned by Christopher was forfeitable."). This is especially true here, since the Property was not owned by the Defendant. It was owned by Owner, a limited liability company with unknown members, none of whom are deemed to have any ownership interest in the Property itself. Limited Liability Company Law Section 601; Yonaty v. Glauber, 40 A.D.3d 1193, 854 N.Y.S.2d 744 (3rd Dept. 2007) ("Membership interest in an LLC constitutes personal property and an LLC member has 'no interest in specific property of the [LLC.'").

Accordingly, the government's motion should be denied.

## CONCLUSION

For the reasons set forth above, the Petitioner respectfully requests that the Court deny the government's motion in its entirety, and for such other and further relief as it may deem equitable and just.


Dated:          March 8, 2019          */s/ Robert C. Gill*
                                       Robert C. Gill (D.C. Bar. No. 413163)
                                       SAUL EWING ARNSTEIN & LEHR, LLP
                                       1919 Pennsylvania Avenue, Suite 550
                                       Washington, DC 20006
                                       Telephone:    (202) 295-6605
                                       Facsimile:    (202) 295-6705
                                       Email: robert.gill@saul.com
                                       *Counsel for Petitioner Christopher Doyle*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of March, 2019, a true and correct copy of the foregoing **PETITIONER CHRISTOPHER DOYLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTION OF THE UNITED STATES SEEKING TO DISMISS PETITIONER'S PETITION ASSERTING AN INTEREST IN 377 UNION STREET, BROOKLYN, NEW YORK** was served on all counsel of record through the Court's ECF system.

**Greg Donald Andres**
**Michael Richard Dreeben**
**Adam C. Jed**
**Scott A.C. Meisler**
**Elizabeth Barchas Prelogar**
**Jeannie Sclafani Rhee**
**Andrew Weissmann**
U.S. Department Of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
*Respondent, United States of America*

**Daniel Hocker Claman**
U.S. Department Of Justice
Fraud Section, Criminal Division
1400 New York Avenue, NW
Washington, DC 20530
*Respondent, United States of America*

**Kyle Renee Freeny**
U.S. Department Of Justice
Money Laundering and Asset Recovery Section
1400 New York Avenue, NW
Washington, DC 20001
*Respondent, United States of America*

**Jason Thomas Mitchell**
**Seetha Ramachandran**
**Andrew Michael Friedman**
Schulte Roth & Zabel, LLP
901 15th Street NW, Suite 800
Washington, DC 20005
*Petitioner, Federal Savings Bank*

**David Benjamin Smith**
David B. Smith, PLLC
108 North Alfred Street, 1st Floor
Alexandria, VA 2231
*Petitioner, Woodlawn, LLC*

**Richard William Westling**
Epstein Becker & Green, P.C.
1227 25th Street, NW, Suite 700
Washington, DC 20037
*Interested Party - Paul J. Manafort, Jr*

**Thomas Edward Zehnle**
Law Office Of Thomas E. Zehnle
601 New Jersey Avenue, NW, Suite 620
Washington, DC 20001
*Interested Party - Paul J. Manafort, Jr.*

**Kevin M. Downing**
Law Office Of Kevin M. Downing
601 New Jersey Avenue, NW, Suite 620
Washington, DC 20001
*Interested Party - Paul J. Manafort, Jr.*

*/s/ Robert C. Gill*
Robert C. Gill