UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | |
| PAUL J. MANAFORT, JR., | ) ) ) | |
| Defendant. | ) ) | |
| IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | ) ) ) ) ) | Case No. 1:18-mc-00167-ABJ |

**UNITED STATES' UNOPPOSED MOTION FOR EXTENSION OF TIME
IN WHICH TO RESPOND TO MOTION FOR SUMMARY JUDGMENT OF
PETITIONER WOODLAWN LLC**

The United States of America, by and through its undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 6(b)(1) and Fed. R. Crm. P. 45(b) for an enlargement of time until on or before March 22, 2019, in which to respond to Petitioner Woodlawn LLC's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. No. 44).  Woodlawn LLC ("Petitioner" or "Woodlawn") filed its motion on February 25, 2019, and the government's response is currently due on March 11, 2019.  The brief extension will permit the United States an opportunity to provide a more fulsome response to Woodlawn's dispositive motion and more completely apprise the Court of pertinent legal and factual matters relevant to its consideration of the motion.  Petitioner Woodlawn does not oppose the requested extension.

In support of this motion, the government states:

1

1. On November 30, 2018, the Court docketed the Petition of Woodlawn (the "Petition"), a Nevada limited liability company. (Dkt. No. 15).

2. Woodlawn subsequently submitted three additional documents purporting to amend this petition: On December 13, 2018, Woodlawn transmitted an Amended Petition in Opposition to Order of Forfeiture to the Clerk's Office, which was docketed on December 17, 2018. (Dkt. No. 17). On January 4, 2019, Petitioner retained new counsel and filed what was styled as a Second Amended Petition (Dkt. No. 20) and a Second Amended Petition (Corrected) (Dkt. No. 21) on January 4 and 7, 2019.

3. The United States and Woodlawn's new counsel subsequently conferred regarding the nature of Woodlawn's interest and the possibility of reaching agreement on informal discovery to provide the government with a basis for consideration of Petitioner's claims. *See* U.S. Report and Mtn. to Modify (Dkt. No. 35 at ¶ 5); U.S. Mtn. to Modify (Dkt. No. 41 at ¶ 4); U.S. Mtn. to Modify (Dkt. No. 42 at ¶ 3).

4. Although Petitioner advised that it had access to information responsive to the United States' requests, Woodlawn refused to provide information regarding the identity of the owner of Woodlawn or other information absent a confidentiality agreement, which the government declined.

5. On February 25, 2019, Petitioner filed its Motion for Summary Judgment.

6. In response to Woodlawn's motion and in support of an anticipated motion for discovery under Rule 56(d) of the Federal Rules of Civil Procedure, the United States requests additional time in which to confer with FBI and among counsel in order to compile the necessary information and complete the required affidavit and other filings. In light of Manafort's March 7, 2019, sentencing in *United States v. Paul J. Manafort*, 1:18-cr-83 (TSE) in the U.S. District

Court for the Eastern District of Virginia and upcoming sentencing in this action on March 13, 2019, the United States has had insufficient opportunity to confer among FBI and government counsel involved in the investigation and forfeiture proceedings regarding Woodlawn's petition or to prepare a fulsome response.

7. Nevertheless, during this period, counsel for the United States has taken further action to advance these ancillary proceedings, including by concluding negotiations and submitting a settlement with another petitioner, as well as continuing to prepare for and confer with opposing counsel regarding other outstanding petitions.

8. There is good cause for the Court to grant the government's unopposed request for an extension. An enlargement until March 22, 2019, will permit the government to prepare a more complete response to Woodlawn's motion and to describe and address the factual and legal issues involved in Woodlawn's Petition as it relates to the motion for summary judgment. Because Woodlawn's motion seeks dispositive relief, the United States has a heightened interest in a sufficient opportunity to respond. A more complete record also will provide the Court with a more comprehensive basis upon which to make its determination and, therefore, is in the interest of justice.

9. A short extension of eleven days will not prejudice Woodlawn, which does not oppose the extension.

10. Pursuant to Local Rule 7(m), counsel for the United States has conferred with counsel for Woodlawn, who indicates Petitioner does not oppose an extension until March 22, 2019.

11. Wherefore, the United States respectfully requests that the Court grant this motion for an enlargement of time until March 22, 2019, in which to respond to the Petitioner Woodlawn's Motion for Summary Judgment. A proposed order is attached.

        Respectfully submitted,

        ROBERT S. MUELLER, III
        Special Counsel

By: _____
     Andrew Weissmann
     Jeannie S. Rhee (D.D.C. Bar No. 464127)
     Greg D. Andres (D.D.C. Bar No. 459221)
     U.S. Department of Justice
     Special Counsel's Office
     950 Pennsylvania Avenue NW
     Washington, D.C. 20530
     Telephone: (202) 616-0800

By: */s/ Daniel H. Claman*
     Daniel H. Claman
     Money Laundering and
        Asset Recovery Section
     Criminal Division
     U.S. Department of Justice
     1400 New York Avenue, N.W., Suite 10100
     Washington, D.C. 20530
     Telephone: (202) 514-1263

     Counsel for the United States of America