FILED
MAR - 8 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-mc-00167-ABJ |
| v. | |
| PAUL J. MANAFORT, JR., | |
| Defendant. | |
| IN RE PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | |
| CHRISTOPHER DOYLE, | |
| Petitioner. | |

**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION OF THE UNITED STATES
TO DISMISS THE PETITION ASSERTING AN INTEREST
IN 377 UNION STREET, BROOKLYN, NEW YORK**

Christopher Doyle, Petitioner in the above-captioned matter, respectfully submits this memorandum in opposition to the United States' Motion (Dkt. No. 34) to Dismiss the Petition of Christopher Doyle (Dkt. No. 14). As is demonstrated herein, Petitioner has standing to assert a legal interest in 377 Union Street, Brooklyn, New York, and his Petition states a claim upon which relief can be granted. For the reasons stated herein, the Motion to Dismiss should be denied, and this matter should proceed to discovery and a plenary hearing as provided by Fed. R. Crim. Pro. 32.2(c)(1)(B).

RECEIVED
Mail Room
MAR - 8 2019
Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

## STATEMENT OF FACTS

Petitioner Christopher Doyle was the general contractor for renovations to the premises at 377 Union Street, Brooklyn, New York, which are the subject of this proceeding (the "Property.") (Petition of Christopher Doyle to Adjudicate the Extent and Validity of Interest in Property, Dkt. No. 14 ("Pet.")[1] at ¶ 1-2; Declaration of Christopher Doyle, filed herewith ("Dec.") at ¶ 2.) The contract between Petitioner and the then-owner of the property was dated August 1, 2017. (Dec. at ¶ 2.) Petitioner expended labor and provided materials to the Property pursuant to said contract between August 1, 2017 and July 1, 2018. (Dec. at ¶ 3.) A detailed schedule of the labor and materials has been provided as part of these papers. (Dec. at ¶ 3, Exhibits A-D.) After credit for all payments made, the amount remaining due to Petitioner is $585,991.85.[2] (Pet. at ¶ 3; Lien at ¶ 6; Dec. at ¶ 4.) All of the labor and materials directly benefited the Property and the value thereof. (Dec. at ¶ 5.)

After full payment was not made for the work performed and materials supplied under the subject contract, Petitioner filed the Lien in the appropriate recording office in Kings County, New York, on October 16, 2018. (Dec. at ¶ 6; Pet. at ¶ 3; Lien at p. 1.) The Lien complies with all New York state requirements for the content and filing of Mechanic's Liens (Dec. at ¶ 7), and its validity under state law has not been challenged by the United States.

On November 26, 2018 Petitioner filed his Petition with this Court. The United States has moved to dismiss the Petition for lack of standing and failure to state a claim. Based on

---

[1] A copy of the Petition is annexed to the Declaration of Christopher Doyle ("Dec.") as Exhibit "E" for the convenience of the Court. A copy of the Notice Under Mechanic's Lien Law "Lien"), which was an attachment to the filed Petition as Dkt. No, 14-1, also appears as part of Exhibit "E."

[2] Another figure, $100,000.00, is stated in the Lien to be the amount unpaid for labor and material, while $585,991.85 is stated therein to be the amount of the lien. The $100,000.00 figure is a typographical error and does not change the fact that the correct amount, $585,991.85, is stated in both the Lien and the Petition. (Dec. at 11.)

2

the legal authorities provided herein, Petitioner does have standing to assert his claim and his Petition does state a claim upon which relief may be granted.

## LEGAL ARGUMENT

### Point I

**PETITIONER HAS STANDING TO PURSUE HIS CLAIM IN THIS PROCEEDING**

The applicable statute, 21 U.S.C. § 853(n)(3), provides that a petition to establish an interest in property must meet the following requirements:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

The Petition filed in this matter meets all these requirements. It is signed under oath, and therefore under penalty of perjury. It describes the "nature and extent" of Petitioner's interest in the Property by stating that Petitioner "obtained a mechanic's lien in the amount of $585,991.85 which represented the unpaid balance due and owing to him…" (Pet. at ¶ 3.) The Petition further states that: "Pursuant to LIE § 3 *et. seq.* of the New York Consolidated Laws, Lien Law, the filing of a mechanic's lien constitutes a valid, good interest in the subject property which is superior to all interest claimed by the owner and user of the subject property." (*Id.* at ¶ 4.) The Property on which the lien was placed also is fully identified in both the Petition (¶ 1.a.) and in the Lien (¶ 9), which is an attachment to the filed petition.

Additional description concerning Petitioner's interest in the property is provided in the Petition by stating that Petitioner holds the aforesaid interest because he is "the general contractor who provided construction services to improve the Real Property." (Pet. at ¶ 2.) The Lien further specifies that "The labor and materials furnished are masonry, carpentry and

3

general contracting services for the home renovations." (Lien at ¶ 5.) The Petition also correctly states the amount of the Lien, $585,991.85. (Pet. at ¶ 3.)

The Petition and Lien also state the "time and circumstances" of the acquisition of Petitioner's lien interest in the Property. The Lien was recorded on October 16, 2018. The dates when the labor and materials were furnished is set forth in the Lien. The furnishing of the labor and materials commenced on August 1, 2017.[3]

Finally, the Petition sets forth the relief sought, as required by the statute. Therefore, the Petition meets all of the requirements of the statute for the contents of a Petition,[4] and the Government's argument regarding standing is without merit.

## Point II

### THE PETITION STATES A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

**A.     *Petitioner is a bona fide purchaser for value***

Pursuant to 21 U.S.C. ¶ 853(n)(6)(B), Petitioner may prevail by demonstrating that he is a "bona fide purchaser for value of the right, title or interest of the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section." As the Government acknowledges at page 7 of its Memorandum, the question currently currently before the Court is whether the Petition states a cause of action. For purposes of this motion, the facts set forth in the petition are assumed

---

[3] There is a typographical error in the lien, as the word "September" is mistakenly inserted before "August 1, 2017." The latter is, however, the correct date and is stated in the Lien. (Dec. at 12.)

[4] The schedules attached to the Dec. as Exhibits A-D contain detailed specifications of the labor and materials supplied and the time periods during which they were furnished. If the Court believes that these documents are necessary in order for the Petition to comply with the statute, Petitioner respectfully requests that the Petition be deemed amended to include those documents, or that he be permitted to file an Amended Petition which would include that information.

4

to be true and the petition must provide sufficient facts to state a claim to relief that is plausible on its face. With regard to the bona fide purchaser issue, the Petition sets forth the necessary facts. It states that Petitioner, while providing the labor and materials for the Property, and inclusive of the date that the Lien Claim was recorded, had no knowledge that the Property was or would be involved in any violation of law, no knowledge of the particular violation which subjected the Property to seizure and forfeiture, and no knowledge that the user of the Property had any record for violating laws of the United States or of any State. (Pet. at ¶ 6; see also Dec. at ¶ 17.

Petitioner has also expanded upon these facts in his accompanying Declaration. That Declaration states that Petitioner had no awareness (nor the ability to become aware) of the Government's interest in the Property until he had already provided the labor and materials encompassed in the lien. Although he was generally aware that there were legal matters involving Mr. Manafort, he had no knowledge or reason to believe that they involved the property at issue. (Dec. at ¶ 15.) Petitioner first learned of the Government's claim against the Property after he was served with a copy of an order regarding the forfeiture, in around November of 2018. That was long after the final labor and materials had been provided for the Property. (*Id.* at ¶ 16.) By virtue of these facts, Petitioner has at least stated a claim and this matter should be permitted to proceed to discovery and hearing.

It must also be noted that under New York mechanic's lien law, the effective date of the lien relates back to the date that labor and materials were first supplied. New York Lien Law § 13(5). Therefore, Petitioner's lien rights vested on August 1, 2017. As of that date, no indictment had been issued, no *lis pendens* had been filed, and there had been no public

indication that the property at issue might be subject to forfeiture. For that reason alone, Petitioner has stated an actionable claim.

Even if the time period following August 1, 2017 is deemed relevant by the Court, the issue is not when some other persons may have learned of the requisite facts, but rather when Petitioner learned of them. The United States cites certain cases regarding when a petitioner is deemed to have knowledge of the relevant facts, but this is a fact-sensitive inquiry that requires an examination of petitioner's knowledge in each case. In the present matter, Petitioner has come forward with sufficient facts that he should be permitted to proceed to a hearing.

**B.**     ***The United States has not established the priority of its claim to the property.***

New York Lien Law § 13(1) provides that a lien claimant has priority over a conveyance not recorded at the time of the vesting of the lien, and also priority over a property interest "which, in whole or in part, was not for materials furnished, labor performed or moneys advanced for the improvement of such real property." See also *In re Elmwood Farms*, 30 B.R. 282, 287 (Bankr. S.D.N.Y. 1983.) Additionally, as stated above, Petitioner's lien vests when labor and materials are first supplied, in this case August 1, 2017. The Government's conveyance was not recorded until after that time, nor was is the Government's claim based on "materials furnished, labor performed or moneys advanced for the improvement of such real property."

Therefore, at the very least, Petitioner has stated a claim for priority over the Government's forfeiture claim.

## **CONCLUSION**

For the reasons set forth above, Petitioner Christopher Doyle respectfully requests that the Motion to Dismiss Petition filed by the U.S. Government be denied.

Executed on March 7, 2019

Respectfully,

_____  *Christopher Doyle*
Christopher Doyle
Petitioner