UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:18-mc-00167-ABJ |
| v. | |
| **PAUL J. MANAFORT, JR.,** | |
| Defendant. | |
| **IN RE PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE** | |
| **CHRISTOPHER DOYLE,** | **DECLARATION OF CHRISTOPHER DOYLE** |
| Petitioner. | |

CHRISTOPHER DOYLE, of full age, under penalty of perjury, declares and states:

1. I am the Petitioner in the above-entitled matter. I make this Declaration in opposition to the United States Motion to Dismiss Petition of Christopher Doyle Asserting An Interest In 377 Union Street, Brooklyn, NY 11231.

2. I was the contractor for renovations to the premises at 377 Union Street, Brooklyn, New York (the "Property") pursuant to a contract dated August 1, 2017.

3. The labor expended and materials supplied to the Property is detailed on the schedules annexed hereto, for the dates appearing therein, as follows:

    Exhibit "A":  August 1, 2017 through August 30, 2017

    Exhibit "B":  September 1, 2017 through October 31, 2017



RECEIVED Mail Room  MAR - 8 2019  Angela D. Caesar, Clerk of Court  U.S. Bankruptcy Court, District of Columbia

        Exhibit "C":   November 1, 2017 through November 30, 2017

        Exhibit "D":   December 1, 2017 through July 1, 2018

4.    After the completion of all work, the sum of $585,991.85 remained due and owing, and has never been paid to me.

5.    All of the services performed and materials supplied on the aforesaid project directly benefited the Property and the value thereof.

6.    After failing to receive payment in a timely manner, I filed a Notice Under Mechanic's Lien Law ("Lien Notice") with the Clerk of Kings County, in which the Property is located. The Lien Notice was submitted on or about October 13, 2018 and was recorded on October 16, 2018.

7.    The Lien Notice complies with all New York state requirements regarding the contents and filing of a mechanic's lien claim.

8.    On November 26, 2018 I filed a Petition of Christopher Doyle to Adjudicate the Extent and Validity of Interest in Property, with the Lien Notice attached and made part thereof (the "Petition.") A copy of that filing is annexed hereto as Exhibit "E."

9.    The Petition fully describes the "nature and extent" of Petitioner's interest in the Property. It states that Petitioner "obtained a mechanic's lien in the amount of $585,991.85 which represented the unpaid balance due and owing to him…" (Petition, ¶ 3.) The Petition further states that: "Pursuant to LIE § 3 *et. seq.* of the New York Consolidated Laws, Lien Law, the filing of a mechanic's lien constitutes a valid, good interest in the subject property which is superior to all interest claimed by the owner and user of the subject property." (*Id.* at ¶ 4.) The Property on which the lien was placed also is fully identified in both the Petition (¶ 1.a.) and in the Lien Notice (¶ 9).

10. Further, the Petition states that the Petitioner holds the aforesaid interest because he is "the general contractor who provided construction services to improve the Real Property." (*Id.* at ¶ 2.) The Notice attached to the Petition further specifies that "The labor and materials furnished are masonry, carpentry and general contracting services for the home renovations." (Lien Notice, ¶ 5.)

11. As with the Petition, the Lien Notice states that the lien claim is in the amount of $585,991.85. There is a typographical error in the Lien Notice in that it states that the "amount unpaid for labor and materials" is $100,000.00. This figure was mistakenly carried over from a previous Lien Claim that is not the subject of the Petition. (See reference thereto in Lien Notice, ¶ 8.) Despite this typographical error, the Lien Claim and the Petition each clearly and correctly set forth the amount of the lien, $585,991.85.

12. The Petition (including the Lien Notice attached thereto) also state the "time and circumstances" of the acquisition of Petitioner's lien interest in the Property. The dates when the labor and materials were furnished is set forth in the Lien Notice (¶ 7.) The Lien Notice contains another typographical error, adding the word "September" before the correct date for the commencement of work, August 1, 2017. This date matches the date set forth in the first schedule of work performed (Exhibit "A.")

13. If the Court so requests, Petitioner shall amend the Petition itself to include the detailed material in Exhibits "A" through "D." However, Petitioner believes that the information already provided in the Petition and attached Lien Notice contained an adequate description of the basis of the claim.

14. The Petition also clearly states the relief sought through the Petition, namely that the existence and validity of the Mechanic's Lien be acknowledged and that the amounts due and owing be paid from the proceeds of the Property to Petitioner.

15. Additionally, as set forth in the Petition, I had no awareness (nor the ability to become aware) of the Government's interest in the Property until I had already provided the labor and materials encompassed in the lien. Although I was generally aware that there were legal matters involving Mr. Manafort, I had no idea they involved this Property.

16. I first learned of the Government's claim against the Property after I was served with a copy of an order regarding the forfeiture, which I believe occurred in November of 2018. This was long after the final labor and materials had been provided for the Property. During the time period in which I was performing work on the Property, I had no way of knowing that the Government was claiming the Property through a forfeiture.

17. Further, as stated in the Petition, while providing the labor and materials for the Property, and inclusive of the date that the Lien Claim was recorded, I had no knowledge that the Property was or would be involved in any violation of law, no knowledge of the particular violation which subjected the Property to seizure and forfeiture, and no knowledge that the user of the Property had any record for violating laws of the United States or of any State.

18. Therefore, and for the additional reasons stated in the accompanying Brief, I request that the Government's motion be denied and that I be granted a hearing before the Court on my claim.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2019

*Christopher Doyle*
_____
Christopher Doyle