UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) |
| PAUL J. MANAFORT, JR., | ) ) |
| Defendant. | ) ) ) |
| IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | ) ) ) ) ) |
| WOODLAWN, LLC, | ) ) ) |
| Petitioner. | ) ) |

Case No. 1:18-mc-00167-ABJ

**UNITED STATES' STATEMENT OF POINTS AND AUTHORITIES
IN SUPORT OF ITS MOTION FOR DISCOVERY AND IN OPPOSITION TO
PETITIONER WOODLAWN LLC'S MOTION FOR SUMMARY JUDGMENT**

The United States of America, by and through its undersigned counsel, hereby opposes Petitioner Woodlawn LLC's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. No. 44). Woodlawn LLC ("Petitioner" or "Woodlawn") is an opaque Nevada limited liability company that was incorporated on August 2, 2017, a mere five days before it claims to have provided five-month $1,025,000 loan secured by 123 Baxter Street, #5D, New York, New York 1016 (the "Baxter Street Property"), one of the properties forfeited through the prosecution of defendant Paul J. Manafort, Jr. This Court has not yet authorized discovery in these ancillary proceedings and Woodlawn has refused to identify its beneficial owner(s), the nature and circumstances of its incorporation and the loan it purports to have provided in exchange for a mortgage on the Baxter Street Property, the extent of any disbursements of loan amounts or

1

payments received on the loan, or other information concerning its asserted bases for relief. Accordingly, the United States respectfully moves this Court for an order denying Woodlawn's motion as premature and authorizing the United States to take discovery in this matter pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure.

## I.  BACKGROUND

On October 27, 2017, Manafort was indicted in this Court. (Cr. Dkt. No. 1).[1] Superseding indictments were filed on February 16, 2018, and June 8, 2018. (Cr. Dkt. Nos. 201, 318). On September 14, 2018, Manafort was charged in a Superseding Criminal Information consisting of two counts of criminal conspiracy against the United States[2] (Cr. Dkt. No. 419), and entered a plea agreement whereby he agreed to plead guilty to the Superseding Criminal Information and, *inter alia*, to forfeit various properties to the United States. (Cr. Dkt. No. 422).

On October 10, 2018, this Court entered a Consent Order of Forfeiture. (Dkt. No. 3.). This Consent Order of Forfeiture constituted a preliminary order of forfeiture under Federal Rule of Criminal Procedure 32.2 with respect to several identified assets, including the real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016. *Id.* at ¶ 1(h). At sentencing on March 13, 2019, the Court entered a revised Order of Forfeiture (Cr. Dkt.

---

[1] Manafort was prosecuted under the case name and number *United States v. Paul J. Manafort, Jr.,* No. 17-cr-201-1 (D.D.C.). On November 13, 2018, after entering a Consent Order of Forfeiture described herein, the Court directed the Clerk of Court to open the instant miscellaneous action for filings that relate solely to petitions for relief from the Consent Order of Forfeiture. *See* (Dkt. No. 1). For ease of reference docket entries under this miscellaneous action number will be referred to as (Dkt. No.__) and docket entries referring to filings under the original criminal case number will be referred to as (Cr. Dkt. No.__).

[2] Count 1 of the Superseding Criminal Information to which Manafort pleaded guilty charged conspiracy against the United States, in violation of 18 U.S.C. § 371, including a conspiracy to: (a) money launder (in violation of 18 U.S.C. § 1956); (b) commit tax fraud (in violation of 26 U.S.C. § 7206(1)); (c) fail to file Foreign Bank Account Reports (in violation of 31 U.S.C. §§ 5314 and 5322(b)); (d) violate the Foreign Agents Registration Act (in violation of 22 U.S.C. §§ 612, 618(a)(1), and 618(a)(2); and (e) to lie to the Department of Justice (in violation of 18 U.S.C. § 1001(a) and 22 U.S.C. §§ 612 and 618(a)(2). Count 2 charged conspiracy against the United States, in violation of 18 U.S.C. §371, to wit: conspiracy to obstruct justice by tampering with witnesses while on pre-trial release (in violation of 18 U.S.C. §1512).

No. 549), which added a money judgment of forfeiture in the amount of $11 million and clarified the bases for forfeiture.

On November 30, 2018, the Court docketed the Petition of Woodlawn (the "Petition"), a Nevada limited liability company. (Dkt. No. 15). The petition appears to have been verified on November 22, 2018 by Joseph Rappa, who is identified in the Petition as Woodlawn's "managing member." *Id.* at 5, 1. The Petition was submitted by Keith Berglund and Steven Wegner as attorneys for Woodlawn, and appears to assert an interest as a prior owner under 21 U.S.C. § 853(n)(6)(A) and as a bona fide purchaser for value reasonably without cause to believe the property was subject to forfeiture under 21 U.S.C. § 853(n)(6)(B). *Id.* at 1, 4-5.

The Petition asserts that Woodlawn provided a loan of $1,025,000, secured by the Baxter Street Property, and disbursed in two tranches. *Id.* at 1, 3 ¶ 10. Although the Petition does include a copy of a mortgage instrument, it provides no records evidencing the source or the loan amounts or their disbursement to the obligors. The Petition indicates that the terms of the loan were negotiated between Berglund and Bruce Baldinger, as counsel for the Manaforts, and attaches an August 3, 2017, letter from Baldinger addressed to Woodlawn LLC under the caption "RE: Loan from Adler to Jesand, LLC as guaranteed by Paul Manafort". *Id.* at ¶ 3, Petition Exhibit 4 (Dkt. No. 15-4). However, the Petition fails to provide evidence of the source of funds for any loan amount, on whose behalf Woodlawn or Adler may have been acting, or whether any loan funds were actually disbursed to the obligors.

Similarly, the Petition provides insufficient information for the government to ascertain the extent and basis of the relief Woodlawn seeks. The Petition contends that after an initial payment, "payments by the Manaforts to Woodlawn on the Note were made on a sporadic basis," but provides no records to support Woodlawn's receipt of any such payments. *Id.* at 3 ¶

11. The Petition goes on to cite to a June 19, 2018, Default Letter and generally describes forbearance negotiations with Baldinger. *Id.* at 3-4. However, these general assertions are insufficient to establish what, if any, unpaid balance remains on the purported loan either as a result of payments or the forbearance negotiations.

The Petition also provides sparse and conflicting information regarding Woodlawn's knowledge of the criminal investigation involving Manafort. On the one hand, it explains that Woodlawn "became aware that the Manaforts needed a loan to help with professional expenses (the "Loan")", but later asserts, without even factual allegations, that it was "a bona fide purchaser value of its interest in the subject property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture…" *Id.* at ¶¶ 2, 18.

On December 13, 2018, without prior notice to or consultation with the government, Woodlawn transmitted an Amended Petition in Opposition to Order of Forfeiture to the Clerk's Office, which was docketed on December 17, 2018 ("Amended Petition") (Dkt. No. 17). The Amended Petition asserted that the "present managing member" was Keith Berglund, who appeared to verify the petition. *Id.* at 1, 5. In addition, the Amended Petition included the new assertion that "Joseph Rappa did not have an interest in Woodlawn at the time the Loan was made." *Id.* at 2, ¶ 3. In contrast, to the initial petition, the Amended Petition purposefully omitted *all* paragraphs asserting an interest in the property pursuant to 21 U.S.C. § 853. *Compare* Petition at ¶¶ 16-20, with Amended Petition ¶¶ 16-17. (Dkt. Nos. 15, 17). The Amended Petition, also appears to have omitted a page.

On January 4, 2019, Woodlawn, without conferring with or providing advance notice to the government and without leave of Court, filed what it styled as a Second Amended Petition (Dkt. No. 20). The Second Amended Petition further explained Mr. Rappa's role, stating that he

4

"served for a period of time as Manager of Woodlawn" and reiterating "He did not have an interest in Woodlawn at the time the Loan was made." Dkt. No. 20 at ¶ 3. This Second Amended Petition asserted an interest as a bona fide purchaser for value under 21U.S.C. § 853(n)(6)(B).

On January 7, 2019, filed a fourth petition, again without conferring with or providing advance notice to the government and without leave of Court. This fourth petition, styled as a Second Amended Petition (Corrected) (Dkt. No. 21), reasserted an interest as a *bona fide* purchaser for value under 21U.S.C. § 853(n)(6)(B), added a claim contending Woodlawn is a prior owner within the meaning of 21U.S.C. § 853(n)(6)(A), and requested a hearing. This fourth petition also added further legal argument.[3]

## II.  LEGAL STANDARDS

Title 21, United States Code, Section 853 (in this case, incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c)) sets forth the exclusive remedy for asserting and adjudicating third party claims to property forfeited in a federal criminal case. *See, e.g., United States v. DSI Associates LLC*, 496 F.3d 175, 183 (2d Cir. 2007) ("853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered"). When a third party files a petition asserting an interest in specific property that has been ordered forfeited, "the court must conduct an ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). Only third parties, those other than the defendant, may file petitions to the forfeited property and the ancillary proceeding is conducted by the court without a jury. 21 U.S.C. § 853(n)(2).

---

[3]   The United States reserves the right to move to dismiss or otherwise contest the various amendments to the Woodlawn's petitions for non-compliance with the statutory timeframes for filing of a petition, for failure to comply with Local Rule 7(m), and on any other ground.

As a threshold matter, a petitioner bears the bears the burden of "satisfy[ing] the requirements of standing."  *See United States v. Salti*, 579 F.3d 656, 666 (6th Cir. 2009); *United States v. Emor,* 785 F.3d 671, 676 (D.C. Cir. 2015) ("In general, any colorable claim on the property suffices, if the claim of injury is redressable, at least in part, by a return of the property.").  In addition, a petitioner must meet the pleading requirements of 21 U.S.C. § 853(n)(3), including:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

In order to successfully challenge the forfeiture in an ancillary proceeding, a third party with standing must establish by a preponderance of evidence either that:

> (A)    the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B)  the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6).  *See United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007); *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("the petitioner bears the burden of proving his right, title, and interest under § 853(n)(6)"); *United States v. Porchay*, 533 F.3d 704, 709 (8th Cir. 2008) (21 U.S.C. § 853(n)(6) "setting out the burden of proof on petitioner").

Under Federal Rule of Criminal Procedure 32.2(c)(1), after disposing of threshold motions to dismiss the petition, the "court may permit the parties to conduct discovery in

accordance with the Federal Rules of Civil Prodecure if the court determines that discovery is necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B). "When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56." *Id.*

Summary judgment may be granted if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. All Assets Held at Bank Julius Baer & Co. et al.*, 959 F. Supp. 2d 81, 94 (D.D.C. 2013) (citing, e.g., Fed R. Civ. P. 56(a)). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. (citing, e.g., *Scott v. Harris*, 550 U.S. 372, 380 (2007)). A fact is "material" if "a dispute over it might affect the outcome of a suit under the governing law[.]" *Id.* (quoting *Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006)) (quotation and quotation marks omitted). The party moving for summary judgment bears "[t]he burden of showing the absence of any genuine dispute as to a material fact[.]" *United States v. Approximately Six Hundred & Twenty Thousand Three Hundred & Forty-Nine Dollars & Eighty-Five Cents ($620,349.85)*, No. 13-CV-3966, 2015 WL 3604044, at *2 (E.D.N.Y. June 5, 2015) (quoting *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997)) (quotation marks omitted).

In deciding a motion for summary judgment, "the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true." *United States v. Funds From Prudential Securities*, 362 F. Supp. 2d 75, 79 (D.D.C. 2005) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The court also "resolves all ambiguities . . . in favor of the party against whom summary judgment is sought." $620,349.85, 2015 WL 3604044, at *2 (*quoting O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d

Cir. 2003)) (quotation marks omitted). The court does not make "credibility determinations or weigh[s] the evidence." *All Assets Held at Bank Julius Baer & Co.*, 959 F. Supp. 2d at 94 (quoting Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007)) (quotation marks omitted). The court only performs "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party." Id. (quoting *Anderson*, 477 U.S. at 250) (quotation marks omitted).

However, summary judgment is appropriate only "*after adequate time for discovery*[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added). Accordingly, Federal Rule of Civil Procedure 56(d) provides that in adjudicating a motion for summary judgment, a "court may: (1) defer considering [a] motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order" if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). A party arguing it lacks sufficient information to adequately respond to a motion for summary judgment, "must come forward with an affidavit or declaration stating with sufficient particularity what additional discovery is sought and why it is necessary." *Ramos v. Lynch,* 267 F. Supp. 3d. 39, 45 (D.D.C. 2017). A "Rule 56[d] motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Richie v. Vilsack*, 287 F.R.D. 103 (D.D.C. 2012)(quoting *Convertino v. DOJ,* 684 F.3d 93, 99 (D.C. Cir. 2012) (quotations and brackets omitted)).

### III. WOODLAWN'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED AS PREMATURE

Refusing to provide basic information regarding the nature, extent and circumstances of its purported interest in the Baxter Street Property, Woodlawn improperly seeks premature summary adjudication of its claims and deny the government an opportunity to discover the basis of Petitioner's interest and an opportunity test the veracity of its assertions. However, a petitioner who cannot establish that it is not a nominee of the defendant, that it has a present legal interest in the property it claims, and does not set forth the nature and extent of its interest or the relief it seeks lacks a basis for participation in ancillary proceedings under 21 U.S.C. § 853(n). Moreover, contrary to Woodlawn's contentions the factual record on its claims under Section 853(n)(6)(A) and (B), the factual record remains ambiguous and undeveloped. Accordingly, this Court should deny Petitioner's motion and grant the government's request for discovery.

Rule 56(d) protects parties from being "railroaded" by a premature motion for summary judgment, and allows the court to deny the motion, or postpone ruling on the motion, "if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp.*, 477 U.S. at 326. *See Convertino*, 684 F.3d at 99 ("[S]ummary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)); *Coleman v. Johnson*, 19 F. Supp. 3d 126, 138 (D.D.C. 2014) ("As the Supreme Court and this Circuit have repeatedly held, summary judgment is ordinarily appropriate only after the plaintiff has been given adequate opportunity to conduct discovery.") (quoting *McWay v. LaHood*, 269 F.R.D. 35, 39 (D.D.C. 2010)) (quotation marks omitted).

A full opportunity to conduct discovery includes "the opportunity for deposition in order to establish the existence of a material issue." *Comm. for Nuclear Responsibility, Inc. v. Seaborg*,

463 F.2d 783, 787 (D.C. Cir. 1971). Indeed, in *Convertino*, the D.C. Circuit reversed a denial of a Rule 56(d) motion, concluding that the district court should have granted the plaintiff an opportunity to obtain through "deposition or document disclosure" the facts necessary to oppose a motion for summary judgment. 684 F.3d at 101. Summary judgment may be particularly inappropriate where no discovery has occurred. *Richie v. Vilsack,* 287 F.R.D. at 105 (finding summary judgment "comes too early" where "parties have had no opportunity, let alone a full opportunity to conduct discovery.").

Federal Rule of Criminal Procedure 32.2 specifically contemplates the need for discovery to resolve third party claims in ancillary forfeiture proceedings, and provides that the Court may permit the parties to conduct discovery "if the court determines that discovery is necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.29c)(1)(B). Under this lenient, discretionary standard, district courts have repeatedly authorized discovery in forfeiture proceedings. *See, e.g., United States v. BCCI Holdings (Luxembourg) S.A.*, Case No. 91-0655(JHG), 1993 WL 760232, at *1 (D.D.C. Dec. 8, 1993) (agreeing with the government that the court has the inherent authority to permit discovery in an ancillary forfeiture proceeding under 18 U.S.C. § 1963(k)); *United States v. Kokko*, Case No. 06-20065-CR, 2007 WL 2209260, at *6 (S.D. Fla. July 3, 2007) (granting government's motion for discovery under Fed. R. Crim. P. 32.2(c)(1)(B)). As the court stated in *BCCI Holdings*, "Congress could not have intended for discovery to be permissible to determine the location or identity of an asset but not to determine the owner of that same asset." *BCCI Holdings*, 1993 WL 760232, at *2. Additionally, as the court observed in *United States v. Porcelli*, No. CR-85-00756, 1992 WL 355584 (E.D.N.Y. Nov. 5, 1992), "[a]t [a] section 1963(l) hearing, petitioners must establish the superiority of their

interest in the forfeited property. Discovery will often be a necessary part of such hearing."

*Porcelli*, 1992 WL 355584, at *2 (emphasis added).[4]

Here, Woodlawn's motion for summary judgment is clearly premature. No discovery has yet been authorized under Rule 32.2, and the United States could not have known the nature and extent of Petitioner's claims until it filed its petition. As set forth in the government's status reports in January and February, the United States made several attempts to resolve the factual deficiencies in Woodlawn's petition without Court intervention. However, Woodlawn rebuked these requests, insisting upon a confidentiality agreement without disclosing to the government who even sought such an agreement. Importantly, Woodlawn does not dispute that it has discoverable information.

A. **Summary Judgment Should Be Denied Because Woodlawn has failed to establish that it is entitled to participate in these ancillary proceedings**

As set forth in more detail in government counsel's declaration, Petitioner has failed to establish that Woodlawn – a non-transparent company incorporated in Nevada with no apparent place of business and no discernable beneficial owner – is an entity distinct from the defendant. *See* Declaration of Daniel H. Claman (Claman Decl.) at ¶¶ 8-11. Such a structure is consistent with the defendant and his associates used in furtherance of the criminal conspiracy for which he was convicted. Indeed, the defendant relied upon the use of shell companies in opaque

---

[4] In the civil forfeiture context, where the government may continue to gather evidence after filing its complaint, courts have denied motions for summary judgment as premature when the Government has not had a full opportunity to conduct discovery in civil forfeiture cases. *See United States v. $28,000.00 in U.S. Funds*, No. 11-cv-130, 2012 WL 4402503 at *1-2 (M.D. Ga. 21012) (denying claimant's motion for summary judgment because it was filed before the Government had an "opportunity to depose the Claimant or any of his witnesses" and before the Government was able to acquire "documentary evidence from the Claimant."); *United States v. Six Thousand Dollars in U.S. Currency*, No. 12-cv-1326, 2013 WL 5173129, at *3 (N.D. Ohio Sept. 12, 2013) (Claimant's motion for judgment on the pleadings "prematurely seeks summary judgment" because "the parties have not completed discovery or had an opportunity to gather evidence."); *United States v. One Parcel of Real Estate*, 852 F. Supp. 1013, 1018 (S.D. Fla. 1994) (denying motion for summary judgment as "premature, since discovery was incomplete at that time."); *United States v. Painting Known and Described as Madonna and Child*, No. 14-cv-4485, 2015 WL 108416, at *6 (S.D.N.Y. Jan. 6, 2015) (denying a claimant's motion for summary judgment "made prior to the completion of discovery . . . as premature.").

transactions in the conduct of his criminal conspiracy. Claman Decl. at ¶ 7. If the Petitioner is a nominee or alter ego of the defendant, it has no right to participate in these ancillary proceedings.

Similarly, counsel's declaration sets forth many of the factual inadequacies of Petitioner's purported loan interest. Claman Decl. at ¶¶ 12-17. Woodlawn is not a commercial bank with a verifiable system for disbursement of loans and for the receipt of mortgage payments. Instead, it is an anonymous company established days before issuance of a loan that has failed to demonstrate on the face of its petition that it provided any loan funds to Manafort. According to its own Petition, Woodlawn contends that it has received few payments and taken little or no action to reclaim its purported lien even after the maturity date of the five-month million dollar loan. (Dkt. No. 15 at ¶ 13.). Without a legal interest in the property it claims, a petitioner does not meet the threshold requirements for participation in ancillary proceedings under Section 853(n)(3).

### B. Woodlawn Has Failed to Establish it Is Entitled to Summary Judgment Under 21 US.C. § 853(n)(6)

Woodlawn contends that notwithstanding its failure to identify the nature and extent of its interest, the Court should grant summary judgment because it either has a superior interest under 21 U.S.C. § 853(n)(6)(A) or qualifies as a bona fide purchaser for value without reason to believe the property was subject to forfeiture under 21 U.S.C. § 853(n)(6)(B). Because Petitioner has failed to establish a legal interest in the Baxter Street Property, overstates the applicable legal standards, and erroneously contends there are no factual issues in dispute, Woodlawn's motion must fail.

First, to prevail under either prong of Section 853(n)(6), a petitioner must establish that it has "a legal right, title, or interest in the property." Here, Petitioner contends that it has a lien secured against the Baxter Street Property. MSJ (Dkt. No. 44 at 1-2). While the government

does not dispute that a mortgage was registered against the property, because Petitioner has refused to provide evidence to establish either that Woodlawn provided the loan proceeds to Manafort or that any amounts remain outstanding on the loan, factual issues remain as to whether and to what extent Woodlawn has a legal interest in the Baxter Street Property. *See* Claman Decl. at ¶¶ 12-14. Similarly, the facial irregularities on the loan documentation, the absence of information concerning the establishment of Woodlawn, the timing and duration of the loan, and the absence of any substantial effort to recover the loan amounts after the note matured raise question as to the validity of the loan. *Id.* at ¶¶ 15-17. Combined with the history of loan fraud and admitted sham loans employed by the defendant, such omissions raise factual issues as to whether the loan was a sham transaction. *Id.*

Petitioner nevertheless contends that it has a prior vested interest under Section 853(n)(6)(A), because the relation-back doctrine does not apply to property forfeited as a substitute asset. MSJ (Dkt. No. 44 at 7-8). While Petitioner correctly observes that several courts have found that the relation-back doctrine embodied in Section 853(c) does not apply in the same manner to substitute assets as to property traceable to criminal conduct, when the United States interest in substitute assets does vest remains very much an open question, as does the availability of 21 U.S.C. § 853(n)(6)(A) for petitioners who acquired an interest in the substitute property after the offense was committed. In particular, there is no controlling law in the D.C. Circuit on these issues.

While the issue of when the government's interest vests in substitute assets has not yet been resolved on the circuit level in the District of Columbia, this Court's ruling in *United States v. Preston*, which Petitioner fails to cite, is instructive. 123 F. Supp. 3d 117, 127-28 (D.D.C. 2015). In *Preston*, the Court found that, under 21 U.S.C. § 853(p), a substitute asset becomes

subject to forfeiture when, "as a result of any act or omission of the defendant, property subject to forfeiture under Section 853(a)" meets one of the five conditions outlined in 21 U.S.C. § 853(p). *Id*. at 127. Accordingly, the Court held that for substitute assets the critical point in time under 21 U.S.C. § 853(n)(6)(A), "the time of the commission of the acts which gave rise to the forfeiture," was the moment the traceable property could "not be located upon the exercise of due diligence;" was "transferred or sold to, or deposited with, a third party;" was "placed beyond the jurisdiction of the court;" was "substantially diminished in value;" or was "commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p); *Preston*, 123 F. Supp. 3d at 127-28 ("For purposes of Section 853(n)(6)(A), therefore, "the time of the commission of the acts which gave rise to the forfeiture" of the Securities was when Ms. Preston transferred the embezzled Clyde's funds to third parties.").

In this case, like in *Preston*, the Baxter Street Property has been forfeited as a substitute asset because a traceable asset was transferred to third parties. As described in Agent Sherine Ebadi's Declaration (Attachment 1), Manafort funded his daughter's purchase of 1046 N. Edgewood Street, Arlington, VA with money from his Cyprus accounts in 2012. Under *Preston,* "the time of the commission of the acts which gave rise to the forfeiture" under 21 U.S.C. § 853(n)(6)(A) is when the defendant alienated the traceable asset. Accordingly, if we apply *Preston*, a 21 U.S.C. § 853(n)(6)(A) claim is not available to Woodlawn because their 2017 lien was years after the "acts which gave rise to the forfeiture."

Similarly, in 2018, the Second Circuit recently held that 21 U.S.C. § 853(n)(6)(A) was not available to petitioners whose interest in substitute assets arose after the offense took place. *United States v. Daugerdas*, 892 F.3d 545, 556–57 (2d Cir. 2018) ("853(n)(6)(A) permits a third-party claim against a defendant's untainted property (out of which an *in personam*-like forfeiture

14

claim might be satisfied) only if that interest arose before the offense took place."). As a result, even if Woodlawn acquired an interest in the Baxter Street Property after the offense took place, but before the government's interest vested, under *Daugerdas,* Woodlawn would still not have a remedy under 21 U.S.C. § 853(n)(6)(A). The Second Circuit left open what other remedy might be available.[5]

Here, the limited facts known about Woodlawn's claimed interest counsel in favor of the more limited reading of *Preston* and *Daugerdas.* As described in counsel's declaration, the loan was allegedly provided by a Nevada LLC incorporated just days earlier, and well after allegations of criminal conduct were widely known. Petitioner's failure to disclose the provenance of the loan amounts or the beneficial ownership of the LLC further suggest a factual issue as to whether the company and the loan were a mechanism through which a criminal defendant who was indicted weeks later sought to dissipate his assets. A petitioner who with discovery may be shown to have been complicit in such an effort, is not the kind of property owner that Congress sought to protect.

Petitioner's suggestion that the what he erroneously describes as an "uncontested record" demonstrates its entitlement to summary judgment under 21 U.S.C. § 853(n)(6)(B) is even more dubious. *See* MSJ at 9. To prevail under Section 853 (n)(6)(B), a petitioner must establish that she is both a bona fide purchaser for value and that she was "reasonably without cause to believe the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B). The record is hardly uncontested as to either issue. As noted previously, Petitioner has not yet demonstrated that it acquired an interest in the Baxter Street Property through an arms-length transaction. If

---

[5] In any event, this Court need not reach these issues unless and until Petitioner establishes its right to participate in these ancillary proceedings as a person "other than the defendant", that it meets the requirements of Section 853(n)(3), and that it has a legal interest in the Baxter Street Property.

Woodlawn, or whomever is behind the LLC, acquired its purported interest through a sham transaction or without providing anything of value, it would not qualify as a bona fide purchaser for value under the statute.  Likewise, the record is far from complete as to what Woodlawn knew or should have known at the time it acquired its purported interest.  As explained in counsel's declaration and above, factual issues remain as to what the Woodlawn and its representatives knew at the time it entered into the purported loan agreement.  Claman Decl. at ¶¶ 15-18.  The record is far too incomplete for summary adjudication as to whether Petitioner is entitled to relief under Section 853(n)(6)(B).

### C. The Discovery Requested Is Appropriate

As set forth in the government counsel's declaration, the information sought in discovery is tailored to the nature of the deficiencies in Woodlawn's Petition and the lack of transparency in the corporate structure and underlying the loan.  Claman Decl. ¶¶ 19-25.  Much of the information necessary to establish the validity and extent of Woodlawn's purported interest and whether it is a nominee for the defendant should be within Petitioner's control.  *Id.*  As noted in government counsel's declaration, some information may also be held by third parties involved in the alleged negotiations to establish Woodlawn and provide the purported loan.  Additional information may be available from financial institutions or the beneficial owner of Woodlawn itself.  The government should have the opportunity to discover the facts necessary to determine whether Woodlawn has a legitimate interest distinct from the defendant in the Baxter Street Property.  To prohibit discovery when the claim is in question would be to impermissibly require the government "to accept the representations of [the interested third-party] that the money belongs to them and that all of the relevant documents have been voluntarily surrendered." *See BCCI Holdings*, 1993 WL 760232, at *2.

IV.	CONCLUSION

For these reasons and as set forth in government counsel's declaration, Woodlawn's motion for summary judgment should be denied as premature. Alternatively, it should be stayed until the government can complete relevant discovery. In addition, this Court should grant the discovery the government has requested in order to enable an appropriate examination and disposition of Woodlawn's petition.

              Respectfully submitted,

              ROBERT S. MUELLER, III
              Special Counsel

By: _____
   Andrew Weissmann
   Jeannie S. Rhee (D.D.C. Bar No. 464127)
   Greg D. Andres (D.D.C. Bar No. 459221)
   U.S. Department of Justice
   Special Counsel's Office
   950 Pennsylvania Avenue NW
   Washington, D.C.  20530
   Telephone: (202) 616-0800

By: */s/ Daniel H. Claman*
   Daniel H. Claman
   Money Laundering and
    Asset Recovery Section
   Criminal Division
   U.S. Department of Justice
   1400 New York Avenue, N.W., Suite 10100
   Washington, D.C. 20530
   Telephone:  (202) 514-1263

   Counsel for the United States of America