**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| IN RE: PETITIONS FOR RELIEF | ) | |
| CONCERNING CONSENT ORDER OF | ) | Case No. 1:18-mc-00167-ABJ |
| FORFEITURE | ) | |
| | ) | |

**DECLARATION OF SHERINE D. EBADI**

I, Sherine D. Ebadi, hereby declare as follows:

1.     I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed since 2009. Currently, I am assigned to a White Collar Crime and Public Corruption squad in the Los Angeles Division. My assignments include investigating complex financial crimes, including bank fraud, wire fraud, identity theft, investment fraud, securities fraud, and money laundering.  In addition to conducting numerous fraud investigations during my career, I have received both formal and informal training from the FBI and other entities regarding violations of various fraud statutes.

2.     As part of my official responsibilities, I was assigned to the Special Counsel Office's investigation into Paul Manafort and others.

3.     This declaration is based upon my personal knowledge and information provided to me in my official capacity by personnel in the Department of Justice and the Federal Bureau of Investigation.

4.      As set forth in the Superseding Criminal Information, the investigation obtained evidence demonstrating that one of the entities that Manafort used in his criminal conspiracy to violate the Foreign Agent Registration Act was Lucicle Consultants Limited.  Lucicle Consultants Limited is a shell company registered in Cyprus over which Paul Manafort had ownership and/or control.

5.      The investigation revealed that Manafort transferred $1.9 million from a Lucicle Consultants Limited account in Cyprus to an escrow account in the United States on August 31, 2012, for the purchase of the real property located 1046 N. Edgewood Street, Arlington, VA. The funds in this Lucicle Consultants Limited account originated from transfers made on behalf of Ukrainian principals to Manafort.

6.      The investigation further revealed that on September 10, 2012, $1,899,000 of these Lucicle Consultants Limited funds were used to purchase 1046 N. Edgewood Street in the name of Andrea Manafort.

7.      The investigation also revealed that on September 11, 2012, the purchase of 1046 N. Edgewood by Andrea Manafort was recorded on the Deed in the land records of Arlington, Virginia.

8.      Attachment A is a true and correct copy of a Stipulation Regarding Purchase of 1046 N. Edgewood Street, Arlington, VA ("Edgewood") filed in the criminal action that resulted in the conviction of Manafort in the U.S. District Court for the Eastern District of Virginia, *United States v. Paul J. Manafort, Jr.*, 1:18-cr-00083 (TSE) (E.D.Va.).

Under penalty of perjury and pursuant to 28 U.S.C. § 1756, I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

_____

Dated: March 22, 2019

Sherine D. Ebadi

**Attachment A to the Declaration of Sherine D. Ebadi**

Stipulation Regarding Purchase of 1046 N. Edgewood Street, Arlington, VA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
**Alexandria Virginia**

UNITED STATES OF AMERICA

v.

PAUL J. MANAFORT, Jr.,


**Defendant.**

**Criminal No. 1:18 CR 83**

**The Honorable T.S. Ellis, III**

## STIPULATION REGARDING PURCHASE OF 1046 N. EDGEWOOD STREET, ARLINGTON, VA ("EDGEWOOD")

The parties stipulate to the following facts:

1. Land, Carroll & Blair, P.C., is a law firm specializing in, among other things, real estate and land use. On August 21, 2012, Andrea Manafort entered into a sales contract for the purchase of real property know as Edgewood. The purchase price was $1,899,000. The same day Andrea Manafort wrote a $50,000 check to her realtor as earnest money deposit for Edgewood.

2. On September 10, 2012, Andrea Manafort purchased Edgewood.

3. To pay for Edgewood, on August 31, 2012, a wire transfer in the amount of $1,900,000 was sent from Lucicle Consultants Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Land, Carroll & Blair, P.C.

4. According to instructions from Paul J. Manafort, Jr., at closing the settlement company issued a $23,001.36 check to Andrea Manafort representing excess funds from the $1,900,000 wire transfer.

5.  The records attached to this stipulation as Exhibits A through D are records of Land, Carroll & Blair, P.C. and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

    a.  Exhibit A is a copy of the Edgewood sales contract dated August 21, 2012.

    b.  Exhibits B and C are a copy of the Edgewood HUD-1 settlement statement and the real property transfer dated September 11, 2012.

    c.  Exhibit D is a copy of the Edgewood disbursement statement.

We ask for this:

Paul J. Manafort, Jr.,
Defendant

ROBERT S. MUELLER III
Special Counsel

By: _____

By: _____

Kevin Downing, Esq.
Tom Zehnle, Esq.
Jay Nanavati, Esq.
Counsel for Defendant

Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack
Special Assistant United States Attorneys
Uzo Asonye
Assistant United States Attorney

22-Aug-2012 01:41 FM Long and Foster 703-525-0387   2/21
Authentisign ID: 94C54181-C1FE-40FD-0A58-23435DCBC78a

# REGIONAL SALES CONTRACT

This SALES CONTRACT ("Contract") is made on _____ **August 21, 2012** _____ ("Contract Date") between

_____ **Andrea Manafort** _____ ("Purchaser") and

_____ **Donald Abrashoff, Bruce Carter** _____ ("Seller") who, among other

things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real estate

transaction _____ **Long and Foster Real Estate, Inc** _____ ("Listing Company") represents

Seller, and _____ **McEnearney Associates, Inc** _____ ("Selling Company") represents

☒ Purchaser OR ☐ Seller. The Listing Company and Selling Company are collectively referred to as "Broker." (If the brokerage firm is acting as a dual representative for both Seller and Purchaser, then the appropriate disclosure form is attached to and made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable consideration the receipt and sufficiency of which are acknowledged, the parties agree as follows:

1. **REAL PROPERTY** Purchaser will buy and Seller will sell for the sales price ("Sales Price"), Seller's entire interest in the real property (with all improvements, rights and appurtenances) described as follows ("Property"):

   TAX Map/ID # **053-04** Legal Description: Lot(s) **102A** Block/Square _____

   Section **1** Subdivision or Condominium _____

   Parking Space(s) # County/Municipality **Arlington**

   Deed Book/Liber # **4369** Page/Folio # **1372**

   Street Address **1046 N Edgewood St**

   Unit # City **Arlington** State **VA** Zip Code **22711**

2. **JURISDICTIONAL ADDENDUM** The following Jurisdictional Adde ~~~~ ade a part of this Contract. Jurisdictional Addendum for ☐ DC ☒ VA ☐ MD/Cou ☐ Other: *Title Ins*

3. **PRICE AND FINANCING**

   A. **Down Payment**

   B. **Financing**   1. First Trust (if applicable)   $ _____ *$45,00*

      2. Second Trust (if applicable)   $ _____

      3. Seller Held Trust   $ _____
      Addendum attached (if applicable)
      **TOTAL FINANCING**

      **SALES PRICE**

   C. **First Deed of Trust** Purchaser will ☐ Obtain OR ☐ Assume a ☐ F ~~~~ t Deed of Trust loan of the following type:

      ☐ Conventional   See Addendum Attached   ☐ VA
      ☐ FHA   See Addendum Attached   ☐ Oth
      ☐ This contract is not contingent on Financing.

   D. **Second Deed of Trust** Purchaser will ☐ Obtain OR ☐ Assume a ☐ Fixed OR an ☐ Adjustable rate Second Deed of Trust loan.

   E. **Assumption Only** Assumption fee, if any, and all charges related to the assumption will be paid by the Purchaser. If Purchaser assumes Seller's loan(s): (i) Purchaser and Seller ☐ will, OR ☐ will not obtain a release of Seller's liability to the U.S. Government for the repayment of the loan by Settlement, (ii) Purchaser and Seller ☐ will, OR ☐ will not obtain substitution of Seller's VA entitlement by Settlement. Balances of any assumed loans, secondary financing and cash down payments are approximate.

NVAR – K1321 – Rev 01/12   Page 1 of 8   Initials: Seller: *D.MA* *BAC*  Purchaser: *(signature)* Andrea Manafort

McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314
Phone: 703-549-9292   Fax: 703-739-0523   Wayne Holland
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com   Andrea Manafort

22-Aug-2012 01:41 PM Long and ... ter 703-525-0387                                      3/21
Authentisign ID: 94C381E7-C1FE-40FD-8A58-39436DC3C79E

4. **DEPOSIT** Purchaser has delivered a deposit ("Deposit") to _____ **McEnearney Associates, Inc** ("Escrow Agent") of ☒ $ **50,000.00** _____ check and/or ☐ $ _____ by note due and payable on _____.

The Deposit will be placed in an escrow account of the Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from the Deposit. The Deposit will be held in escrow until: (i) Credited toward the Sales Price at Settlement; (ii) All parties have agreed in writing as to its disposition; (iii) A court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) Disposed of in any other manner authorized by the laws and regulations of the appropriate jurisdiction. Seller and Purchaser agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct.

5. **DOWN PAYMENT** The balance of the down payment will be paid on or before the Settlement Date by certified or cashier's check or by bank-wired funds. An assignment of funds shall not be used without prior written consent of Seller.

6. **SETTLEMENT** Seller and Purchaser will make full settlement in accordance with the terms of this Contract ("Settlement") on, or with mutual consent before, __**September 10**__ , **2012** ("Settlement Date") except as otherwise provided in this Contract. Purchaser selects: **TBD** _____
_____ ("Settlement Agent") to conduct the Settlement. (For transactions in Virginia, use the Virginia Jurisdictional Addendum to select the Settlement Agent.) Either party may retain their own legal counsel. Purchaser agrees to contact the Settlement Agent within 10 Days after the Date of Ratification to schedule Settlement and to arrange for ordering the title exam and, if required, a survey.

7. **PROPERTY MAINTENANCE AND CONDITION** Except as otherwise specified herein, Seller will deliver the Property free and clear of trash and debris, broom clean and in substantially the same physical condition to be determined as of ☒ Contract Date OR ☐ Date of home inspection OR ☐ Other: _____.
Seller will have all utilities in service through Settlement or as otherwise agreed. Purchaser and Seller will not hold the Broker liable for any breach of this paragraph.

Purchaser acknowledges, subject to Seller acceptance, that this Contract may be contingent upon home inspection(s) and/or other inspections to ascertain the physical condition of the Property. If Purchaser desires one or more inspection contingencies, such contingencies must be included in an addendum to this Contract.
☒ This Contract is contingent upon home inspection(s) and/or other inspections. (Addendum Attached)
   OR
☐ Purchaser declines the opportunity to make this Contract contingent upon home inspection(s) and/or other inspections.

Purchaser acknowledges that except as otherwise specified in this Contract, the Property, including electrical, plumbing, existing appliances, heating, air conditioning, equipment and fixtures shall convey in its AS-IS condition as of the date specified above.

8. **ACCESS TO PROPERTY** Seller will provide the Broker, Purchaser, inspectors representing Purchaser and representatives of lending institutions for Appraisal purposes reasonable access to the Property to comply with this Contract. In addition, Purchaser and/or Purchaser's representative will have the right to make a final inspection within 5 days prior to Settlement and/or occupancy, unless otherwise agreed to by Purchaser and Seller.

9. **UTILITIES** **WATER, SEWAGE, HEATING AND CENTRAL AIR CONDITIONING** (Check all that apply)
Water Supply:      ☒ Public  ☐ Private Well              ☐ Community Well
Sewage Disposal: ☒ Public  ☐ Septic for # BR _____  ☐ Community Septic  ☐ Alternative Septic for # BR: _____
Hot Water:   ☐ Oil   ☒ Gas      ☐ Elec.     ☐ Other _____

Page 2 of 8                        Initials: Seller: _ama__ _bac__ Purchaser:

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          Andrea Manafor.

22-Aug-2012 01:41 PM Long and ___ler 703-525-0387
Authentisign ID: V4C541E1-C1FE-40FD-9A59-234350C3C79E

4/21

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Air Conditioning: | ☐ Oil | ☐ Gas | ☒ Elec. | ☐ Heat Pump | | ☐ Other ___ | ☒ Zones 3 | |
| Heating: | ☐ Oil | ☒ Gas | ☐ Elec. | ☐ Heat Pump | | ☒ Other **Radiat** | ☒ Zones 1 | |

**10. PERSONAL PROPERTY AND FIXTURES** The Property includes the following personal property and fixtures, if existing: built-in heating and central air conditioning equipment, plumbing and lighting fixtures, sump pump, attic and exhaust fans, storm windows, storm doors, screens, installed wall-to-wall carpeting, window shades, blinds, window treatment hardware, smoke and heat detectors, TV antennas, exterior trees and shrubs. Unless otherwise agreed to in writing, all surface or wall mounted electronic components/devices **DO NOT** convey. If more than one of an item convey, the number of items is noted.

The items marked YES below are currently installed or offered.

| Yes | No | # | Items | Yes | No | # | Items | Yes | No | # | Items |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | 1 | Alarm System | ☐ | ☒ | | Freezer | ☐ | ☒ | | Satellite Dish |
| ☒ | ☐ | 1 | Built-in Microwave | ☐ | ☒ | | Furnace Humidifier | ☐ | ☒ | | Storage Shed |
| ☒ | ☐ | 2 | Ceiling Fan | ☒ | ☐ | 1 | Garage Opener | ☒ | ☐ | 1 | Stove or Range |
| ☐ | ☒ | | Central Vacuum | ☒ | ☐ | 2 | w/ remote | ☐ | ☒ | | Trash Compactor |
| ☒ | ☐ | 2 | Clothes Dryer | ☒ | ☐ | 1 | Gas Log | ☐ | ☒ | | Wall Oven |
| ☒ | ☐ | 2 | Clothes Washer | ☐ | ☒ | | Hot Tub, Equip, & Cover | ☐ | ☒ | | Water Treatment System |
| ☐ | ☒ | | Cooktop | ☐ | ☒ | | Intercom | ☐ | ☒ | | Window A/C Unit |
| ☒ | ☐ | 1 | Dishwasher | ☐ | ☒ | | Playground Equipment | ☐ | ☒ | | Window Fan |
| ☒ | ☐ | 1 | Disposer | ☐ | ☐ | | Pool, Equip & Cover | ☒ | ☐ | | Window Treatments |
| ☐ | ☒ | | Electronic Air Filter | ☒ | ☐ | 2 | Refrigerator | ☐ | ☒ | | Wood Stove |
| ☐ | ☒ | | Fireplace Screen/Door | ☒ | ☐ | 1 | w/ ice maker | | | | |

OTHER **Wall mounted TV's, front porch furniture, three garage storage cabinets, hanging plants and concrete planters on porch, gas grill.**

**LEASED ITEMS** Any leased items, systems or service contracts (including, but not limited to, fuel tanks, water treatment systems, lawn contracts, security system monitoring, and satellite contracts) **DO NOT** convey absent an express written agreement by Purchaser and Seller. The following is a list of the leased items within the Property:

_____
_____

**11. FINANCING APPLICATION** If this Contract is contingent on financing, Purchaser will make written application for the Specified Financing and any lender required property insurance no later than 7 days after the Date of Ratification. Purchaser grants permission for the Selling Company and the lender to disclose to the Listing Company and the Seller general information available about the progress of the loan application and loan approval process. If Purchaser fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply. Seller agrees to comply with reasonable lender requirements, except as otherwise provided in the LENDER REQUIRED REPAIRS paragraph of the applicable financing contingency addendum.

**12. ALTERNATE FINANCING** Purchaser may substitute alternative financing and/or an alternative lender for Specified Financing provided: (a) Purchaser is qualified for alternative financing; (b) there is no additional expense to Seller; (c) the Settlement Date is not delayed; and (d) if Purchaser fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply.

**13. PURCHASER'S REPRESENTATIONS** Purchaser ☒ will, OR ☐ will not occupy the Property as Purchaser's principal residence. **Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.** The Selling Company ☐ is, OR ☐ is not authorized to disclose to the Listing Company, Seller and any lender the appropriate financial or credit information statement provided to the Selling Company by Purchaser. Purchaser acknowledges that Seller is relying upon all of Purchaser's representations, including without limitation, the accuracy of financial or credit information given to Seller, Broker or the lender by Purchaser.

NVAR – K1321 – Rev 01/12

Page 3 of 8

Initials: Seller: [*D.Ma*] [*BaG*] Purchaser: NVN

0.7.4249.397977.pdf

DOJSCO-400011705

22-Aug-2012 01:41 PM Long and ...ter 703-525-0387                                    5/21
Authentisign ID: 94C9B1E1-C7FE-40FC-8A5B-334392C3C79E

14. **TERMITE INSPECTION** The ☐ **Purchaser at Purchaser's expense** OR ☒ **Seller at Seller's expense**, will furnish a written report from a pest control firm dated not more than 30 days prior to Settlement showing that all dwelling(s) and/or garage(s) within the Property (excluding fences or shrubs not abutting garage(s) or dwelling(s)) are free of visible evidence of active termites and other wood-destroying insects, and free from visible insect damage. Any extermination and repairs for damage identified in the inspection report will be made at Seller's expense.

15. **DAMAGE OR LOSS** The risk of damage or loss to the Property by fire, act of God, or other casualty remains with Seller until the execution and delivery of the deed of conveyance to Purchaser at Settlement.

16. **TITLE** The title report and survey, if required, will be ordered promptly and, if not available on the Settlement Date, then Settlement may be delayed for up to 10 business days to obtain the title report and survey after which this Contract, at the option of Seller, may be terminated and the Deposit will be refunded in full to Purchaser according to the terms of the DEPOSIT paragraph. Fee simple title to the Property, and everything that conveys with it, will be sold free of liens except for any loans assumed by Purchaser. Title is to be good and marketable, and insurable by a licensed title insurance company with no additional risk premium. Title may be subject to commonly acceptable easements, covenants, conditions and restrictions of record, if any; otherwise, Purchaser may declare this Contract void, unless the defects are of such character that they may be remedied within 30 Days beyond the Settlement Date. In case action is required to perfect the title, such action must be taken promptly by Seller at Seller's expense. The Broker is hereby expressly released from all liability for damages by reason of any defect in the title. Seller will convey the Property by general warranty deed with English covenants of title (Virginia); general warranty deed (West Virginia); special warranty deed (D.C. and Maryland) ("Deed"). Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the lender, title insurance company, Settlement Agent, or government authority, and authorizes the Settlement Agent to obtain pay-off or assumption information from any existing lenders. The manner of taking title may have significant legal and tax consequences. Purchaser is advised to seek the appropriate professional advice concerning the manner of taking title. Unless otherwise agreed to in writing, Seller will pay any special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, homeowners' or property owners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date.

17. **POSSESSION DATE** Unless otherwise agreed to in writing between Seller and Purchaser, Seller will give possession of the Property at Settlement, including delivery of keys, if any. If Seller fails to do so and occupies the Property beyond Settlement, Seller will be a tenant at sufferance of Purchaser and hereby expressly waives all notice to quit as provided by law. Purchaser will have the right to proceed by any legal means available to obtain possession of the Property. Seller will pay any damages and costs incurred by Purchaser including reasonable attorney fees.

18. **FEES** Fees for the preparation of the Deed, that portion of the Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper charges assessed to Seller will be paid by Seller. Fees for the title exam (except as otherwise provided), survey, recording (including those for any purchase money trusts) and that portion of the Settlement Agent's fee billed to Purchaser, Purchaser's legal fees and any other proper charges assessed to Purchaser will be paid by Purchaser. Fees to be charged will be reasonable and customary for the jurisdiction in which the Property is located. (Recording, Transfer and Grantor's Taxes are covered in the appropriate jurisdictional addenda).

19. **BROKER'S FEE** Seller irrevocably instructs the Settlement Agent to pay the Broker compensation ("Broker's Fee") at Settlement as set forth in the listing agreement and to disburse the compensation offered by the Listing Company to the Selling Company in writing as of the Contract Date, and the remaining amount of Broker's compensation to the Listing Company.

20. **ADJUSTMENTS** Rents, taxes, water and sewer charges, front foot benefit and house connection charges, condominium unit owners' association, homeowners' and/or property owners' association regular periodic assessments (if any) and any other operating charges, are to be adjusted to the day of Settlement. Any heating or cooking fuels remaining in supply tank(s) at Settlement will become the property of Purchaser, unless leased. Taxes, general and special, are to be adjusted according to the certificate of taxes issued by the collector of taxes, if any, except that

NVAR – K1321 – Rev 01/12                     Page 4 of 8              Initials: Seller: _DMa_ _BaC_     Purchaser ___

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com
                                                                                              Andrea Manafor

0.7.4249.397977.pdf                                                                    DOJSCO-400011706

recorded assessments for improvements completed prior to Settlement, whether assessments have been levied or not, will be paid by Seller or allowance made at Settlement. If a loan is assumed, interest will be adjusted to the Settlement Date and Purchaser will reimburse Seller for existing escrow accounts, if any.

21. **ATTORNEY'S FEES**
   A. If any Party breaches this Agreement and a non-breaching Party retains legal counsel to enforce its rights hereunder, the non-breaching Party shall be entitled to recover against the breaching Party, in addition to any other damages recoverable against any breaching Party, all of its reasonable Legal Expenses incurred in enforcing its rights under this Agreement, whether or not suit is filed, and in obtaining, enforcing and/or defending any judgment related thereto. Should any tribunal of competent jurisdiction determine that more than one party to the dispute has breached this Agreement, then all such breaching Parties shall bear their own costs, unless the tribunal determines that one or more parties is a "Substantially Prevailing Party", in which case any such Substantially Prevailing Party shall be entitled to recover from any of the breaching parties, in addition to any other damages recoverable against any breaching Party, all of its reasonable Legal Expenses incurred in enforcing its rights under this Agreement, whether or not suit is filed, and in obtaining, enforcing and/or defending any judgment related thereto.
   B. In the event a dispute arises resulting in the Broker (as used in this paragraph to include any agent, licensee, or employee of the Broker) being made a party to any litigation by the Purchaser or by the Seller, the Parties agree that the Party who brought the Broker into litigation shall indemnify the Broker for all of its reasonable Legal Expenses incurred, unless the litigation results in a judgment against the Broker.

22. **PERFORMANCE** Delivery of the required funds and executed documents to the Settlement Agent will constitute sufficient tender of performance. Funds from this transaction at Settlement may be used to pay off any existing liens and encumbrances, including interest, as required by lender(s) or lienholders.

23. **DEFAULT** If Purchaser fails to complete Settlement for any reason other than Default by Seller, at the option of Seller, the Deposit may be forfeited as liquidated damages (not as a penalty) in which event Purchaser will be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Purchaser's liability in the event of a Default. If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Purchaser, the Broker may accept and Seller agrees to pay the Broker one-half of the Deposit in lieu of the Broker's Fee, (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement). If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Purchaser, Purchaser will have the right to pursue all legal or equitable remedies, including specific performance and/or damages. If either Seller or Purchaser refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including, without limitation, reasonable attorney's fees, incurred by the other party in the litigation. Seller and Purchaser agree that no Escrow Agent will have any liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except only in the event of the Escrow Agent's gross negligence or willful misconduct. The parties further agree that the Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Purchaser each will indemnify, defend and save harmless the Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct. If either Purchaser or Seller is in default, then in addition to all other damages, the defaulting party will immediately pay the costs incurred for the title examination, Appraisal, survey and the Broker's Fee in full.

24. **OTHER DISCLOSURES** Purchaser and Seller should carefully read this Contract to be sure that the terms accurately express their respective understanding as to their intentions and agreements. The Broker can counsel on real estate matters, but if legal advice is desired by either party, such party is advised to seek legal counsel. Purchaser and Seller are further advised to seek appropriate professional advice concerning the condition of the Property or tax and insurance matters. The following provisions of this paragraph disclose some

matters which the parties may investigate further. These disclosures are not intended to create a contingency. Any contingency must be specified by adding appropriate terms to this Contract. The parties acknowledge the following disclosures:

A. **PROPERTY CONDITION** Various inspection services and home warranty insurance programs are available. The Broker is not advising the parties as to certain other issues, including without limitation: water quality and quantity (including but not limited to, lead and other contaminants); sewer or septic; soil condition; flood hazard areas; possible restrictions of the use of the Property due to restrictive covenants, zoning, subdivision, or environmental laws, easements or other documents; airport or aircraft noise; planned land use, roads or highways; and construction materials and/or hazardous materials, including but without limitation flame retardant treated plywood (FRT), radon, urea formaldehyde foam insulation (UFFI), mold, polybutylene pipes, synthetic stucco (EIFS), underground storage tanks, Defective Chinese drywall, asbestos and lead-based paint. Information relating to these issues may be available from appropriate government authorities.

B. **LEGAL REQUIREMENTS** All contracts for the sale of real property must be in writing to be enforceable. Upon ratification and Delivery, this Contract becomes a legally binding agreement. Any changes to this Contract must be made in writing for such changes to be enforceable.

C. **FINANCING** Mortgage rates and associated charges vary with financial institutions and the marketplace. Purchaser has the opportunity to select the lender and the right to negotiate terms and conditions of the financing subject to the terms of this Contract. The financing may require substantial lump sum (balloon) payments on the due dates. Purchaser has not relied upon any representations regarding the future availability of mortgage money or interest rates for the refinancing of any such lump sum payments.

D. **BROKER** Purchaser and Seller acknowledge that the Broker is being retained solely as a real estate agent and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, mold or air quality expert, home inspector or other professional service provider. The Broker may from time to time engage in the general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services. Therefore, in addition to the Broker's Fee specified herein, the Broker may receive compensation related to other services provided in the course of this transaction pursuant to the terms of a separate agreement/disclosure.

E. **PROPERTY TAXES** Your property tax bill could substantially increase following settlement. For more information on property taxes contact the appropriate taxing authority in the jurisdiction where the Property is located.

F. **PROPERTY INSURANCE** Obtaining property insurance is typically a requirement of the lender in order to secure financing. Insurance rates and availability are determined in part by the number and nature of claims and inquiries made on a property's policy as well as the number and nature of claims made by a prospective Purchaser. Property insurance has become difficult to secure in some cases. Seller should consult an insurance professional regarding maintaining and/or terminating insurance coverage.

25. **ASSIGNABILITY** This Contract may not be assigned without the written consent of Purchaser and Seller. If Purchaser and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until Settlement.

26. **DEFINITION**
   A. "Appraisal" means a written appraised valuation of the Property.
   B. "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.
   C. All reference to time of day shall refer to the time of day in the Eastern Time Zone of the United States.
   D. For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 9 p.m. on the Day specified. If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior business day.

NVAR – K1321 – Rev 01/12                    Page 6 of 8                    Initials: Seller [D.Antibac]    Purchaser [signature]

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                    Andrea Manafor

22-Aug-2012 01:41 PM Long and ... ter 703-525-0387

8/21

Authentisign ID: 14C911E1-C1FE-40FD-9A56-234250C3C70E

E. "Date of Ratification" means the date of final acceptance in writing by Purchaser and Seller, of all the terms of this Contract (not the date of expiration or removal of any contingencies).

F. For "Delivery" and "Notices" definitions, see appropriate Jurisdictional Addendum.

G. "Specified Financing" means the loan type(s) and amount(s), if any, specified in the PRICE AND FINANCING paragraph.

H. The masculine includes the feminine and the singular includes the plural.

I. "Possession Date" - See POSSESSION DATE paragraph.

J. "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including, but not limited to, expert witness fees and court reporter fees.

27. **MISCELLANEOUS** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via facsimile machines will also be considered as originals. Typewritten or handwritten provisions included in this Contract will control all pre-printed provisions that are in conflict.

28. **VOID CONTRACT** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a release directing that the Deposit be refunded in full to Purchaser according to the terms of the DEPOSIT paragraph.

29. **HOME WARRANTY** ☐ Yes OR ☒ No
Home Warranty Policy paid for and provided at Settlement by: ☐ Purchaser or ☐ Seller.
Cost not to exceed $ _____ . Warranty provider to be _____

30. **TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS CONTRACT.**

31. **ENTIRE AGREEMENT** This Contract will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The Interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located.

32. **ELECTRONIC SIGNATURES** In accordance with the Uniform Electronic Transactions Act (UETA) and the Electronic Signatures in Global and National Commerce Act, or E-Sign (the Act), and other applicable local or state legislation regarding Electronic Signatures and Transactions, the parties do hereby expressly authorize and agree to the use of electronic signatures as an additional method of signing and/or initialing this Contract. The parties hereby agree that either party may sign electronically by utilizing a digital signature service.

Seller: _DMa_ / _BUC_   Purchaser: _XM_ /

| SELLER: | | PURCHASER: |
|---|---|---|
| _Donald M Abrashoff_ 1/23/2012 2:34:14 PM | | 8/21/12 |
| Date   Signature | | Date   Signature |
| _Gerald Abrashoff_ | | Andrea Manafort |
| _Bruce A Carter_ 8/23/2012 2:36:49 PM | | |
| Date   Signature | | Date   Signature |
| Bruce Carter | | |

Date of Ratification (see DEFINITIONS)
August 22, 2012

NVAR – K1321 – Rev 01/12

Page 7 of 8

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Andrea Manafor

0.7.4249.397977.pdf

DOJSCO-400011709

**************************************************************************************

**For information purposes only:**

Listing Company's Name and Address:                Selling Company's Name and Address:

__Long and Foster Real Estate, Inc__               __McEnearney Associates, Inc__

__Lee Highway__                                    __S Pitt Street__
__Arlington, VA  22207__                           __Alexandria, VA  22314__

Office # _____ FAX # _____            Office # _____ FAX # _____

MRIS Broker Code and Office ID __LNG84__           MRIS Broker Code and Office ID __MCE1__

Agent Name __Susan Joy__                           Agent Name __Wayne Holland__

Real Estate License Number & Jurisdiction          Real Estate License Number & Jurisdiction

Agent MRIS ID# __82808__                           Agent MRIS ID# __44616__

Team Leader/Agent _____                      Team Leader/Agent _____

Agent Email Address _____                 Agent Email Address _____




©2012. This is a suggested form owned by certain REALTOR® Associations ("Associations"). This form has been created and printed exclusively for the use of REALTORS® and members of the Associations, who may copy or otherwise reproduce this form in identical form with the addition of their company logo and with any other changes being set forth in a clearly marked separate addendum. Any other use of this form is prohibited without prior written authorized consent of the Associations.

22-Aug-2012 01:41 PM Long and ....ter 703-525-0387
Authentisign ID: 94C841E1-C1FE-49FD-9A58-23435VC3C78E

10/21

# VIRGINIA JURISDICTIONAL ADDENDUM

This Addendum is made on _____ **August 21, 2012** _____ , to a Sales Contract ("Contract")

dated _____ **August 21, 2012** _____ between

**Andrea Manafort** ("Purchaser")

whose address is: [redacted] **N Danville Street, Arlington, VA 22201**

and _____ **Donald Abrashoff, Bruce Carter** ("Seller")

whose address is: **1046 Edgewood Street, Arlington, VA 22201**

for the purchase and sale of the Property: **1045 N Edgewood St, Arlington, VA 22201**

1. **DELIVERY** The requirements for delivery of property or condominium owner's association documents are specified in the Virginia Property Owners' Association Act and/or Virginia Condominium Act paragraphs of this addendum. Delivery of the Notice pursuant to the Residential Property Disclosure Act is addressed in Paragraph 4.

Delivery ("Delivery", "delivery", or "delivered") methods may include hand-carried, sent by professional courier service, by United States mail, or by facsimile or email transmission. The parties agree that Delivery will be deemed to have occurred: on the day delivered by hand, on the day delivered by a professional courier service (including overnight delivery service), or by United States mail, return receipt requested, or on the day sent by facsimile or email transmission, either of which produces a tangible record of the transmission.

Deliveries will be sent to the following:

A. Addressed to Seller at the **Property address unless otherwise specified below:**

By United States mail, hand delivery or courier service at _____

                                                                                                                OR

By facsimile to Seller at _____                                     OR

By email to Seller at _____

B. Addressed to Purchaser:

By United States mail, hand delivery or courier service at **Purchaser's Address**

                                                                                                                OR

By facsimile to Purchaser at _____                              OR

By email to Purchaser at [redacted]

**COURTESY COPIES:** Copies of any addenda, amendments, or Notices required by the Contract will also be provided as a courtesy to the Brokers at the following fax/mailing address/email address. The parties agree that such courtesy copies sent to the Broker will NOT constitute Delivery and that if a Broker is specified in A or B above then there is no need to Deliver the courtesy copy. This paragraph does not require items to be sent to the Broker twice.

Page 1 of 6              Initials: Seller [DMA] [BdC]  Purchaser [signature]

NVAR - K1345 - rev. 01/12

McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314
Phone: 703-549-9292      Fax: 703-739-0523      Wayne Holland

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Andrea Manafor

0.7.4249.397977.pdf

DOJSCO-400011711

22-Aug-2012 01:41 PM Long and ████ ter 703-525-0387
Authentialgn ID: 94C5F1F1-C1FE-40FD-0A58-234390C3C79E

11/21

Listing Company: Fax: ██████████ ; Mail c/o Susan Joy, ████ Lee Highway, Arlington, VA 22207; Email ██

Selling Company: Fax: ██████████ ; Mail: c/o Wayne Holland, ████ S Pitt St, Alexandria, VA 22314; Email ██

No party to this Contract will refuse Delivery in order to delay or extend any deadline established in the Contract.

**2. NOTICES** Notice ("Notice", "notice", or "notify") means a unilateral communication from one party to another. All Notices required under this Contract will be in writing and will be effective as of Delivery. For the purposes of computing time periods, the first Day will be the Day following Delivery and the time period will end at 9 p.m. on the Day specified. Written acknowledgment of receipt of Notice is a courtesy but is not a requirement.

**3. FINANCING** If this Contract is contingent upon financing, then the applicable Financing Addendum must be attached.

**4. VIRGINIA RESIDENTIAL PROPERTY DISCLOSURE ACT** The Virginia Residential Property Disclosure Act requires Seller to deliver a disclosure statement prior to the acceptance of this Contract unless the transfer of the Property is exempt. The law requires Seller, on a disclosure statement provided by the Real Estate Board, to state that Seller makes no representations or warranties concerning the physical condition of the Property and to sell the Property "as is", except as otherwise provided in this Contract.

If the disclosure statement is delivered to the Purchaser after the Date of Ratification, the Purchaser's sole remedy shall be to terminate the Contract at or prior to the earliest of (i) 3 days after delivery of the disclosure statement in person; (ii) 5 days after the postmark if the disclosure statement is sent by United States mail, postage prepaid, and properly addressed to the Purchaser; (iii) settlement upon purchase of the Property; (iv) occupancy of the Property by the Purchaser; (v) the Purchaser making written application to a lender for a mortgage loan where such application contains a disclosure that the right of termination shall end upon the application for the mortgage loan; or (vi) the execution by the Purchaser after receiving the disclosure statement of a written waiver of the Purchaser's right of termination separate from the Contract.

Written Notice of termination may be (i) hand delivered; (ii) sent by United States mail, postage prepaid, provided that Purchaser retains sufficient proof of mailing, which may be either a United States postal certificate of mailing or a certificate of service confirming that such mailing was prepared by Purchaser; (iii) sent by electronic means to the facsimile number or electronic mailing address provided by Seller in the "Delivery" paragraph of this Addendum, provided that Purchaser retains sufficient proof of the electronic delivery, which may be an electronic receipt of delivery, a confirmation that the notice was sent by facsimile, or a certificate of service; (iv) overnight delivery using a commercial service or the United States Postal Service.

Any such termination shall be without penalty to the Purchaser, and any deposit shall be promptly returned to the Purchaser.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com              Andrea Menafee

22-Aug-2012 01:41 PM Long and     ter 703-525-0387                    12/21
Authentisign ID: 94C931E1-C1FE-40FE-8A58-2343SCC3C79E

**5. SMOKE DETECTORS** Seller shall deliver the Property with smoke detectors installed and functioning in accordance with the laws and regulations of the applicable jurisdiction.

**6. TARGET LEAD-BASED PAINT HOUSING** Seller represents that any residential dwellings at the Property ☒ were OR ☐ were not constructed before 1978. If the dwellings were constructed before 1978, unless exempt under 42 U.S.C. 4852d, the property is considered "target housing" under the statute and a copy of the "Sale: Disclosure and Acknowledgment of Information on Lead-Based Paint and/or Lead-Based Paint Hazards" has been attached and made a part of the Contract as required by law. Purchaser ☒ Yes OR ☐ No waives the right to a risk assessment or inspection of the Property for the presence of lead-based paint and/or lead-based paint hazards. If No, a copy of the "Sales Contract Addendum for Lead-Based Paint Testing" is attached to establish the conditions for a lead-based paint risk assessment or inspections.

**7. VIRGINIA PROPERTY OWNERS' ASSOCIATION ACT** Seller represents that the Property ☐ is OR ☒ is not located within a development that is subject to the Virginia Property Owner's Association Act ("POA Act"). The POA Act requires the Seller of a property within such a development to obtain an Association Disclosure Packet from the property owners' association and provide it to Purchaser. The information in the Association Disclosure Packet shall be current as of a date specified on the Association Disclosure Packet. For delivery of the Packet or the Notice of non-availability of the Packet, Purchaser chooses the following method:☐ hardcopy **OR** ☐ electronic at the following address: _____

_____

Purchaser may cancel the contract (a) within 3 days of the Date of Ratification if Purchaser receives the Association Disclosure Packet on or before the Date of Ratification, (b) within 3 days after receiving the Association Disclosure Packet by hand delivery, (c) within 3 days after receiving the Association Disclosure Packet electronically with a receipt to sender, or (d) within 6 days after the postmark date if the Association Disclosure Packet is mailed to Purchaser.

If the Association Disclosure Packet is not available, Purchaser may cancel the contract (a) within 3 days of the Date of Ratification if Purchaser receives notification that the Association Disclosure Packet will not be available on or before the Date of Ratification, (b) within 3 days after receiving notification that the Association Disclosure Packet will not be available by hand-delivery or electronic means, or (c) within 6 days after the postmark date of the mailed notification.

Purchaser may also cancel this Contract at any time prior to Settlement if Purchaser has not been notified that the Association Disclosure Packet will not be available and the Association Disclosure Packet is not delivered to Purchaser.

Written Notice of cancellation may be (i) hand delivered; (ii) sent by United States mail, postage prepaid, provided that Purchaser retains sufficient proof of mailing, which may be either a United States postal certificate of mailing or a certificate of service confirming that such mailing was prepared by Purchaser; (iii) sent by electronic means to the facsimile number or electronic mailing address provided by Seller in the "Delivery" paragraph of this Addendum, provided that Purchaser retains sufficient proof of the electronic delivery, which may be an electronic receipt of delivery, a confirmation that the notice was sent by facsimile, or a certificate of service confirming that such electronic delivery was prepared by Purchaser, or (iv) by overnight delivery using a commercial service or the United States Postal Service.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                    Andrea Mansfcr

0.7.4249.397977.pdf                    DOJSCO-400011713

22-Aug-2012 01:41 PM Long and    ter 703-525-0387                                    13/21
Authentisign ID: 94C591E7-C1FE-40FD-0A56-234330C3C79E

Purchaser's failure to send Notice of cancellation within the allotted time frames shall extinguish Purchaser's rights to cancel the contract under the Virginia Property Owners' Association Act. Such cancellation shall be without penalty; this Contract shall become void, both parties shall promptly execute a release and the Deposit shall be refunded in full to Purchaser.

Purchaser, at Purchaser's expense, shall have the right to request that the association provide an update of the Association Disclosure Packet previously furnished, along with the assurance that there has been no material change, or if there have been material changes, a statement specifying such changes.

The right to receive the Association Disclosure Packet and to cancel this Contract terminates at Settlement.

**8. VIRGINIA CONDOMINIUM ACT** Seller represents that the Property ☐ is OR ☒ is not a condominium unit. If the Property is a condominium unit, this Contract is subject to the Virginia Condominium Act which requires Seller to obtain from the condominium unit owners' association ("Unit Owners' Association") certain financial and other disclosures ("Resale Certificate") and provide it to Purchaser. If the required disclosures are not available on the Date of Ratification, Seller shall promptly request them from the Unit Owners' Association and provide them to Purchaser who shall acknowledge receipt in writing upon Delivery. The information contained in the Resale Certificate shall be current as of a date specified on the Resale Certificate. For delivery of the Certificate, Purchaser chooses the following method: ☐ hardcopy **OR** ☐ electronic at the following address: _____

Purchaser may cancel this Contract: (a) within 3 Days after the Contract Date, if Purchaser receives the Resale Certificate on or before the Date of Ratification; (b) within 3 Days after receiving the Resale Certificate if the Resale Certificate is delivered by hand or electronically with a receipt to sender; or (c) within 6 Days after the postmark date if the Resale Certificate is sent to Purchaser by United States mail, return receipt requested.

After receiving the Resale Certificate from Seller, Purchaser, at Purchaser's expense, may submit a copy of the Contract to the Unit Owners' Association along with a request for assurance from the Association that the information submitted in the Resale Certificate remains materially unchanged, or if there have been material changes, a statement specifying such changes.

Written Notice of cancellation may be (i) hand delivered; (ii) sent by United States mail, postage prepaid, provided that Purchaser retains sufficient proof of mailing, which may be either a United States postal certificate of mailing or a certificate of service confirming that such mailing was prepared by Purchaser; (iii) sent by electronic means to the facsimile number or electronic mailing address provided by Seller in the "Delivery" paragraph of this Addendum, provided that Purchaser retains sufficient proof of the electronic delivery, which may be an electronic receipt of delivery, a confirmation that the notice was sent by facsimile, or a certificate of service confirming that such electronic delivery was prepared by Purchaser, or (iv) by overnight delivery using a commercial service or the United States Postal Service.

Purchaser's failure to send Notice of cancellation within the allotted time frames shall extinguish Purchaser's rights to cancel the Contract under the Virginia Condominium Act. Such cancellation shall be without penalty; this Contract shall become void, both parties shall promptly execute a release and the Deposit shall be refunded in full to Purchaser.

NVAR - K1345 - rev. 01/12          Page 4 of 6          Initials: Seller: [D.MA] [BAC]  Purchaser [signature]

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                Andrea Manafor

22-Aug-2012 01:41 PM Long and ... ter 703-525-0387                    14/21
Authensis=ID:94C581E1-C1FE-40FD-9A58-29439CC3C79

The right to receive the Resale Certificate and to cancel this Contract terminates at Settlement.

## 9. NOTICE TO PURCHASER REGARDING THE REAL ESTATE SETTLEMENT AGENTS ACT ("RESAA")

**Choice of Settlement Agent: You have the right to select a Settlement agent to handle the closing of this transaction. The Settlement agent's role in closing your transaction involves the coordination of numerous administrative and clerical functions relating to the collection of documents and the collection and disbursement of funds required to carry out the terms of the contract between the parties. If part of the purchase price is financed, your lender will instruct the Settlement agent as to the signing and recording of loan documents and the disbursement of loan proceeds. No Settlement agent can provide legal advice to any party to the transaction except a Settlement agent who is engaged in the private practice of law in Virginia and who has been retained or engaged by a party to the transaction for the purpose of providing legal services to that party.**

**Variation by agreement: The provisions of the Real Estate Settlement Agents Act may not be varied by agreement, and rights conferred by this chapter may not be waived. The Seller may not require the use of a particular settlement agent as a condition of the sale of the property.**

**Escrow, closing and Settlement service guidelines: The Virginia State Bar issues guidelines to help Settlement agents avoid and prevent the unauthorized practice of law in connection with furnishing escrow, Settlement or closing services. As a party to a real estate transaction, you are entitled to receive a copy of these guidelines from your Settlement agent, upon request, in accordance with the provisions of the Real Estate Settlement Agents Act.**

Purchaser wishes to employ ~~TBD~~
("Settlement Agent"). Purchaser agrees to contact the Settlement Agent within 10 Days of the Date of Ratification to schedule Settlement. Settlement Agent shall order the title exam and survey if required.

**10. NOTICE OF POSSIBLE FILING OF MECHANICS' LIEN** Code of Virginia Section 43-1 et seq. permits persons who have performed labor or furnished materials for the construction, removal, repair or improvement of any building or structure to file a lien against the property. This lien may be filed at any time after the work is commenced or the material is furnished, but not later than the earlier of (i) 90 Days from the last day of the month in which the lienor last performed work or furnished materials or (ii) 90 Days from the time the construction, removal, repair or improvement is terminated. AN EFFECTIVE LIEN FOR WORK PERFORMED PRIOR TO THE DATE OF SETTLEMENT MAY BE FILED AFTER SETTLEMENT. LEGAL COUNSEL SHOULD BE CONSULTED.

**11. ADDITIONAL FEES** Grantors tax shall be paid by Seller. Purchaser shall pay recording charges for the Deed and any purchase money trusts.

**12. ARBITRATION** Nothing in this Contract shall preclude arbitration under the Code of Ethics and Standards of Practice of the National Association of REALTORS®.

**13. REAL ESTATE LICENSED PARTIES** The parties acknowledge that **n/a**
_____ is an ☐ active or ☐ inactive licensed real estate agent in ☐ DC ☐ MD ☐ VA ☐ WV ☐ Other and is either the ☐ Purchaser or ☐ Seller OR ☐ is related to one of the parties in this transaction.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          Andrea Manafor

22-Aug-2012 01:41 PM Long and ░░ ter 703-525-0387                              15/21
Authentisign ID: 94C581E1-C1FE-40FD-8A58-25438DC3C70E

**14. ADDITIONS** The following forms, if ratified and attached, are made a part of this Contract. (This list is not all inclusive of addenda that may need to be attached).

☐ Yes  ☒ No    Lead Based Paint Inspection Contingency
☒ Yes  ☐ No    Home Inspection/Radon Testing Contingency
☐ Yes  ☒ No    Contingency and Clauses                    ☐ Yes  ☒ No    Well and Septic Contingency
☐ Yes  ☒ No    Pre-Settlement Occupancy                   ☐ Yes  ☒ No    Post-Settlement Occupancy
☒ Yes  ☐ No    Residential Property Disclosure            ☒ Yes  ☐ No    Lead Based Paint Disclosure
☐ Yes  ☒ No    FHA Home Inspection Notice                 ☐ Yes  ☒ No    FHA Financing
☐ Yes  ☒ No    Conventional Financing                     ☐ Yes  ☒ No    VA Financing
☒ Yes  ☐ No    Other (specify): ~~Business Affiliation Discl~~, Megan' Law Discl

**15. OTHER TERMS**

~~Sellers will replace 2 non-conveying ceiling fixtures in kitchen.~~ Install
~~ventless gas fireplace log at living room fireplace.~~

SELLER:                                              PURCHASER:

        49394048-4DBD-4DU8-9C0C                         _____
        *Donald M Abrashoff*                            *[signature]*
        8/22/2012 2:34:33 PM
_____                        _____
Date    Signature                                    Date    Signature
        Donald Abrashoff                                      Andrea Manafort

        *Bruce A Carter*
        88986113-354-0140
_____                        _____
Date    Signature                                    Date    Signature
        Bruce Carter



© 2012 Northern Virginia Association of REALTORS®, Inc.
This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively
printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in
identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of
NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR.
Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise
reproduce this form for purposes of resale.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          Andrea Manafort

0.7.4249.397977.pdf                                          DOJSCO-400011716

22-Aug-2012 01:41 PM Long and    ler 703-525-0387                                        16/21
Authentisign ID: 84C5B1E1-C1FE-40FD-8A88-334360C3C79E



# RESIDENTIAL PROPERTY DISCLOSURE STATEMENT

## NOTICE TO SELLER AND PURCHASER

The Virginia Residential Property Disclosure Act (§ 55-517 et seq. of the Code of Virginia) requires the owner of certain residential real property, whenever the property is to be sold or leased with an option to buy, to furnish this form to the purchaser and to refer the purchaser to a Virginia Real Estate Board website for additional Information.

Certain transfers of residential property are excluded from this requirement (see § 55-518).

Property Address/ 1046 N Edgewood St, Arlington, VA 22201
Legal Description: LOT 192A SEC 1 MOORES ADDN CLARENDON 9273 SQ FT

The owner makes no representations with respect to the matters set forth and described at the RESIDENTIAL PROPERTY DISCLOSURES web page. The purchaser Is advised to consult the website (http://www.dpor.virginia.gov/dporweb/reb_consumer.cfm) for important information about the real property.

The undersigned owner(s) represents that there are no pending enforcement actions pursuant to the Uniform Statewide Building Code (§ 36-97 et seq.) that affect the safe, decent, and sanitary living conditions of the real property described above of which the owner has been notified in writing by the locality, nor any pending violation of the local zoning ordinance which the violator has not abated or remedied under the zoning ordinance, within a time period set out in the written notice of violation from the locality or established by a court of competent jurisdiction, except as disclosed on this statement.

The owner(s) acknowledge having carefully examined this statement and further acknowledge that they have been informed of rights and obligations under the Virginia Residential Property Disclosure Act.

*Donald M Abrashoff*
8/22/2012 2:34:35 PM                              *Bruce A Carter*
                                                  8/22/2012 2:37:24 PM
Owner                          Date       Owner                          Date
Donald Abrashoff                          Bruce Carter

The purchaser(s) acknowledge receipt of a copy of this disclosure statement and further acknowledge that they have been informed of their rights and obligations under the Virginia Residential Property Disclosure Act.

Purchaser                      Date       Purchaser                      Date
Andrea Manafort

DPOR 7/11

McEnearney Associates REALTORS® - Alexandria   S. Pitt Street Alexandria, VA 22314     Andrea Manafor
Phone:              Fax:                   Wayne Holland
                    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

22-Aug-2012 01:41 PM Long and ter 703-525-0387        17/21
Authentisign ID. 94C5B1ET-CTFE-40FD-8A59-33490C3C79E5

## MEGAN'S LAW DISCLOSURE

Tenant(s)/Purchaser(s) should exercise whatever due diligence Tenant(s)/Purchaser(s) deems necessary with respect to information on sexual offenders registered under Chapter 23 (§19.2-387 et seq.) of Title 19.2. Such information may be obtained by contacting your local police department or the Department of State Police, Central Records Exchange at (804) 674-2000 or www.sex-offender.vsp.virginia.gov/sor.

The Tenant(s)/Purchaser(s) acknowledge receipt of a copy of this disclosure statement.

TENANT/PURCHASER:

| Date | Signature | Date | Signature |
|------|-----------|------|-----------|
| 8/21/12 | Andrea Manafort | | |

| Date | Signature | Date | Signature |
|------|-----------|------|-----------|




© 2009 Northern Virginia Association of REALTORS®, Inc.
This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.

REALTOR®

EQUAL HOUSING OPPORTUNITY

NVAR – K1272 – Rev. 04/09

Page 1 of 1

McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314
Phone: 703-549-9292 Fax: 703-739-0523 Wayne Holland        Andrea Manafort
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

0.7.4249.397977.pdf                 DOJSCO-400011718



22-Aug-2012 61:41 PM Long and ...ter 703-525-0387                19/21
Authentision ID: 96C881E1-C1FE-40FD-6A88-234938C3C71E



# HOME INSPECTION AND RADON TESTING ADDENDUM

This Addendum is made on _____ August 21, 2012 _____ to a Sales Contract ("Contract") dated _____ August 21, 2012 _____
between _____ Andrea Manafort _____ ("Purchaser") and
_____ Donald Abrashoff, Bruce Carter _____ ("Seller") for the purchase and sale of
the Property: 1046 N Edgewood St, Arlington, VA  22201

1. **HOME INSPECTION** This Contract is contingent ("Home Inspection Contingency") until 9 p.m. __10__ Days after the Date of Ratification ("Home Inspection Deadline") upon inspection ("Inspection") of the Property by a professional, insured inspector(s) at the Purchaser's discretion and expense. Pursuant to the terms of the Contract, the Seller will have all utilities in service. The Home Inspection Contingency will terminate at the Home Inspection Deadline unless by the Home Inspection Deadline the Purchaser has Delivered to the Seller a copy of the entire inspection report(s) and:

   A. A written Addendum of requested repair or replacement items. The Seller may, at the Seller's option, within ___2___ Days after Delivery of the addendum, elect in writing to remedy the deficiencies prior to Settlement. If the Seller does not elect to make the repairs or replacements, or makes a counter offer, or does not respond, the Purchaser will have ___2___ Days to respond or remove this Contingency and take the Property in its present physical condition or this contract will become void. Any counter-offer of Purchaser, and any subsequent counter-offer by either party, shall be responded to by the other party within ___2___ Days of Delivery of such counter offer. The failure of one party to respond to such counter-offer or to remove this Contingency within the required response period shall result in the Contract becoming void at the expiration of that response period OR

   B. A Notice voiding this Contract. .

   If no Addendum or Notice is provided by the Deadline this contingency will expire and the Contract will remain in full force and effect with no contingency for Home Inspection.

2. **RADON TESTING** This Contract is contingent until 9 p.m. _____ Days after the Date of Ratification ("Deadline") upon the Purchaser, at the Purchaser's discretion and expense, having the Property inspected for the presence of radon by a testing firm ("Testing Firm") listed with the National Radon Safety Board ("NRSB"), or The National Environmental Health Association ("NEHA") using an U.S. Environmental Protection Agency ("EPA") approved testing method. Testing device to be placed and retrieved by an NRSB or NEHA listed technician. This contingency will terminate at the Deadline unless by the Deadline the Purchaser has Delivered to the Seller a copy of the radon testing report which confirms the presence of radon that equals or exceeds the action level established by the EPA together with either:

   A. A written addendum requiring the Seller at Seller's expense prior to Settlement to address the radon condition by contracting with an NRSB or NEHA listed remediation firm to reduce the presence of radon below the action level established by the EPA and by providing the Purchaser with written re-test results performed by a Testing Firm confirming such reduction of radon. The Seller may, at the Seller's option, within _____ Days after Delivery of the addendum, elect in writing to remedy the condition prior to Settlement.

   If the Seller does not elect to perform in accordance with the addendum, or makes a counter-offer, or does not respond, the Purchaser will have _____ Days after Delivery of Seller's counter-offer or the expiration of the period in which Seller had to respond, to respond or remove this Contingency and take the Property in its present physical condition or this Contract will become void. Any counter-offer of Purchaser, and any subsequent counter-offer by either party, shall be responded to by the other party within _____ Days of Delivery of such counter-offer. The failure of one party to respond to such counter-offer within the required response period shall result in the Contract becoming void at the expiration of that response period OR

   B. Notice voiding this Contract.

| SELLER: | PURCHASER: |
|---|---|
| *Donald M. Abrashoff* | |
| 8/22/2012 2:34:45 PM | |
| Date   Signature | Date   Signature |
| Donald Abrashoff | Andrea Manafort |
| *Bruce a Carter* | |
| 8/22/2012 2:37:39 PM | |
| Date   Signature | Date   Signature |
| Bruce Carter | |

NVAR – K1342—01/12                    ©2012 NVAR. All Rights Reserved.
McEnearney Associates REALTORS® - Alexandria    S. Pitt Street Alexandria, VA 22314
Phone:                Fax:             Wayne Holland                                            Andrea Manafort
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

0.7.4249.397977.pdf

22-Aug-2012 01:41 PM Long and Foster 703-525-0387 20/21
Authentisign ID: 94C581E1-C1FE-40FD-8A58-234360C3C79E

# SALE: DISCLOSURE AND ACKNOWLEDGMENT OF INFORMATION ON LEAD-BASED PAINT AND/OR LEAD-BASED PAINT HAZARDS

For the sale of the Property at 1046 N Edgewood St, Arlington, VA 22201

***Lead Warning Statement***

*Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.*

***Seller's Disclosure (initial)***

DMA / BAC (a) Presence of lead-based paint and/or lead-based paint hazard (check one below):

☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain):

DMA / BAC ☒ Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing. Double-click to add text

(b) Records and Reports available to the seller (check one below):

☐ Seller has provided the purchaser with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below):

edit text

x☐ Seller has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

***Purchaser's Acknowledgment (initial)***

AM / (c) Purchaser has received and had an opportunity to review copies of all information listed above.

AM / (d) Purchaser has received the pamphlet *Protect Your Family From Lead in Your Home*.

AM / (e) Purchaser has (check one below):

☐ Received a 10-day opportunity (or mutually agreed upon period) to conduct a risk assessment or inspection for the presence of lead-based paint or lead-based paint hazards; or

☒ Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards.

***Sales Associates' Acknowledgments (initial)***

SJ / WRH (f) Listing and Selling Sales Associates are aware of their duty to ensure compliance with 42 U.S.C. 4852d. These Associates have informed the Seller of the Seller's obligations under this law as evidenced by Seller and Purchaser having completed this form.

***Certification of Accuracy***

The undersigned have reviewed the information above and certify that to the best of their knowledge the information they have provided is true and accurate.

| SELLER: | | PURCHASER: | |
|---|---|---|---|
| Date | Signature: Donald M Abrashoff (8/22/2012 2:34:53 PM) — Donald Abrashoff | Date: 8/21/12 | Signature — Andrea Manafort |
| Date | Signature: Bruce A Carter — Bruce Carter | Date | Signature |
| Date: 8/22/12 | Signature of Listing Associate — Susan Joy | Date: 8/21/12 | Signature of Selling Associate — Wayne Holland |

© 2008 Northern Virginia Association of REALTORS®, Inc.
This is a suggested form of the Northern Virginia Association of REALTORS®, Inc. ("NVAR"). This form has been exclusively printed for the use of REALTOR® and Non-Resident members of NVAR, who may copy or otherwise reproduce this form in identical form with the addition of their company logo. Any other use of this form by REALTOR® and Non-Resident members of NVAR, or any use of this form whatsoever by non-members of NVAR is prohibited without the prior written consent of NVAR. Notwithstanding the above, no REALTOR® or Non-Resident member of NVAR, or any other person, may copy or otherwise reproduce this form for purposes of resale.

NVAR – K1034

McEnearney Associates REALTORS® - Alexandria 109 S. Pitt Street Alexandria, VA 22314 Phone: 703-549-9292 Fax: 703-739-0523 Andrea Manafort
Wayne Holland
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

DOJSCO-400011721
0.7.4249.397977.pdf

## A. Settlement Statement

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265

| B. Type of Loan | | |
|---|---|---|
| 1.☐ FHA   2.☐ RHS   3.☐ Conv. Unins.<br>4.☐ VA   5.☐ Conv. Ins. | 6. File Number<br>12-180 | 7. Loan Number |
| | 8. Mortgage Insurance Case Number | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Andrea Manafort<br>1048 N. Edgewood Street<br>Arlington, VA 22201 | Donald Michael Abrashoff<br>Bruce A. Carter<br>■ W. 22nd Street<br>Miami Beach, FL 33140 | |

| G. Property Location | H. Settlement Agent | |
|---|---|---|
| 1046 N. Edgewood Street<br>Arlington, VA 22201 | Land, Carroll & Blair PC | |
| | Place of Settlement<br>■ King Street<br>Alexandria, VA 22314 | I. Settlement Date<br>09/10/12 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | | |
|---|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | | |
| 101. Contract sales price | 1,899,000.00 | 401. Contract sales price | | 1,899,000.00 |
| 102. Personal property | | 402. Personal property | | |
| 103. Settlement charges to borrower (line 1400) | 11,728.00 | 403. | | |
| 104. | | 404. | | |
| 105. | | 405. | | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | | |
| 106. City/town taxes  to | | 406. City/town taxes  to | | |
| 107. County taxes  09/10  to 12/31 | 3,735.64 | 407. County taxes  09/10  to 12/31 | | 3,735.64 |
| 108. Assessments  to | | 408. Assessments  to | | |
| 109. | | 409. | | |
| 110. | | 410. | | |
| 111. | | 411. | | |
| 112. | | 412. | | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 1,914,463.64 | **420. GROSS AMOUNT DUE TO SELLER** | | 1,902,735.64 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT TO SELLER** | | |
| 201. Deposit or earnest money | 50,000.00 | 501. Excess Deposit (see instructions) | | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | | 107,394.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loans taken subject to | | |
| 204. | | 504. Payoff of first mortgage loan | | 1,271,469.14 |
| | | Wells Fargo Bank | | |
| 205. | | 505. Payoff of second mortgage loan | | |
| 206. | | 506. | | |
| 207. | | 507. | | |
| 208. | | 508. | | |
| 209. | | 509. | | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | | |
| 210. City/town taxes  to | | 510. City/town taxes  to | | |
| 211. County taxes  to | | 511. County taxes  to | | |
| 212. Assessments  to | | 512. Assessments  to | | |
| 213. | | 513. | | |
| 214. | | 514. | | |
| 215. | | 515. | | |
| 216. | | 516. | | |
| 217. | | 517. | | |
| 218. | | 518. | | |
| 219. | | 519. | | |
| **220. TOTAL PAID BY / FOR BORROWER** | 50,000.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | | 1,378,863.14 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | | |
| 301. Gross amount due from borrower (line 120) | 1,914,463.64 | 601. Gross amount due to seller (line 420) | | 1,902,735.64 |
| 302. Less amounts paid by/for borrower (line 220) | 50,000.00 | 602. Less reduction amount due to seller (line 520) | | 1,378,863.14 |
| **303. CASH  ☐ FROM  ☒ BORROWER** | 1,864,463.64 | **603. CASH  ☐ TO  ☒ SELLER** | | 523,872.50 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on Line 401 above constitutes the Gross Proceeds of this transaction.

SELLER INSTRUCTIONS: To determine if you have to report the sale or exchange of your primary residence on your tax return, see the Schedule D (Form 1040) instructions. If the real estate was not your primary residence, complete the applicable parts of Form 4797, Form 6252, and for Schedule D (Form 1040).

You are required by law to provide the settlement agent with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

_____
This

_____
Donald Michael Abrashoff

form HUD-1 (3/86) ref Handbook 4305.2

0.7.4249.397967.pdf

DOJSCO-400011645

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

SETTLEMENT STATEMENT

PAGE 2

| L. SETTLEMENT CHARGES: | | | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|
| | | File Number: 12-180 | | | | |
| 700. | TOTAL SALES/BROKER'S COMMISSION based on price $ | 1,899,000.00 @ | = | 104,790.00 | | |
| | Division of commission (line 700) as follows: | | | | | |
| 701. | $ 57,180.00 to McEnearney Associates | | (56,970.00 Plus 210.00) | | | |
| 702. | $ 47,820.00 to Long & Foster Realtors | | | | | |
| 703. | Commission paid at Settlement | | | | 210.00 | 104,790.00 |
| 704. | | | | | | |
| 800. | ITEMS PAYABLE IN CONNECTION WITH LOAN | | | P.O.C. | | |
| 801. | Loan Origination Fee | % | | | | |
| 802. | Loan Discount | % | | | | |
| 803. | Appraisal Fee | to | | | | |
| 804. | Credit Report | to | | | | |
| 805. | Lender's Inspection Fee | to | | | | |
| 806. | Tax Service Fee | to | | | | |
| 807. | Flood Cert. | to | | | | |
| 808. | | | | | | |
| 809. | | | | | | |
| 810. | | | | | | |
| 811. | | | | | | |
| 812. | | | | | | |
| 813. | | | | | | |
| 814. | | | | | | |
| 815. | | | | | | |
| 900. | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | | |
| 901. | Interest from to | @$ | /day | | | |
| 902. | Mortgage Insurance Premium | to | | | | |
| 903. | Hazard Insurance Premium | yrs. to | | | | |
| 904. | | | | | | |
| 905. | | | | | | |
| 1000. | RESERVES DEPOSITED WITH LENDER FOR | | | | | |
| 1001. | Hazard Insurance | mo. @$ | / mo. | | | |
| 1002. | Mortgage Insurance | mo. @$ | / mo. | | | |
| 1003. | City property taxes | mo. @$ | / mo. | | | |
| 1004. | County property taxes | mo. @$ | / mo. | | | |
| 1005. | Annual Assessments | mo. @$ | / mo. | | | |
| 1006. | | mo. @$ | / mo. | | | |
| 1007. | | mo. @$ | / mo. | | | |
| 1008. | Aggregate Reserve for Hazard/Flood Ins, City/Count | | | | | |
| 1100. | TITLE CHARGES | | | | | |
| 1101. | Settlement or closing fee to Land, Carroll & Blair PC | | | | 295.00 | 295.00 |
| 1102. | Abstract or title search to | | | | | |
| 1103. | Title examination to Davis Title/LCB | | | | 200.00 | |
| 1104. | Title insurance binder to Cameron Title Agency | | | | 80.00 | |
| 1105. | Document preparation to Land, Carroll & Blair PC | | | | | 175.00 |
| 1106. | Notary fees to | | | | | |
| 1107. | Attorney's fees to | | | | | |
| | (includes above item No: ) | | | | | |
| 1108. | Title Insurance to Cameron Title Agency | | | | 4,500.00 | |
| | (includes above item No: ) | | | | | |
| 1109. | Lender's coverage | | | | | |
| 1110. | Owner's coverage 1,899,000.00 --- 4,500.00 | | | | | |
| 1111. | Insured Closing Letter Chicago Title Insurance Comapny | | | | 20.00 | |
| 1112. | Release Fee Land, Carroll & Blair PC | | | | | 100.00 |
| 1113. | Verify Release Land, Carroll & Blair PC | | | | | 50.00 |
| 1200. | GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | | |
| 1201. | Recording fees Deed $ 43.00 ; Mortgage $ ; Releases $ | | | | 43.00 | |
| 1202. | City/county/stamps Deed $ 1,582.50 ; Mortgage $ | | | | 1,582.50 | |
| 1203. | State tax/stamps Deed $ 4,747.50 ; Mortgage $ | | | | 4,747.50 | |
| 1204. | Grantor's Tax Deed $ 1,899.00 ; Mortgage $ | | | | | 1,899.00 |
| 1205. | | | | | | |
| 1300. | ADDITIONAL SETTLEMENT CHARGES | | | | | |
| 1301. | Survey to Superior Pest Management | | | | | 35.00 |
| 1302. | Pest Inspection to | | | | | |
| 1303. | FedEx/Wire Fee Land, Carroll & Blair PC | | | | 50.00 | 50.00 |
| 1304. | | | | | | |
| 1305. | | | | | | |
| 1306. | | | | | | |
| 1307. | | | | | | |
| 1308. | | | | | | |
| 1400. | TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | | 11,728.00 | 107,394.00 |

form HUD-1 (3/86) ref HanD... 1005.0

DOJSCO-400011646

## ADDENDUM TO HUD-1 SETTLEMENT STATEMENT

TAX ADJUSTMENTS: If proration of taxes and assessments was made on estimates prior to receipt of actual bills, the parties hereto agree to adjust the prorations shown hereon when the actual bills are received. Payments of outstanding real estate taxes not paid at settlement are assumed by the purchaser.

SUBJECT TO FINAL AUDIT: All computations are subject to final audit. Any error discovered may be corrected by the Company in which event the parties hereto agree to immediately reimburse the Company for any error made in their favor, and for the cost of the collection of same, if necessary, including reasonable attorney's fees.

EXISTING LIENS: The Sellers certify that there are no bankruptcy proceedings, Deeds of Trusts, Mortgages, Special Assessments, or HOA Dues, levied or pending, or other liens affecting the property other than those shown on page 1 of hereof, and if there are such liens, the Sellers hereby guarantee payment and release of same.

The undersigned, for and in consideration of the Company's preparation of closing documents and the conducting of closing, agree, that if requested, they will fully cooperate, adjust and correct all TYPOGRAPHICAL OR CLERICAL ERRORS discovered in any or all of the closing documents executed by the undersigned at settlement. The undersigned appoint the Company and its designees as their attorney-in-fact to correct any such errors, place our initials on documents where changes are made, and/or sign our names to and acknowledge any document or form adjusting or correcting such errors.

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____     _____
Borrower   Andrea Manafort           Seller   Donald Michael Abrashoff

_____     _____
Borrower                                Seller   Bruce A. Carter

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

**Land, Carroll & Blair PC**

_____
SETTLEMENT AGENT

CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL SETTLEMENT STATEMENT CONSISTING OF 3 PAGES. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

 

1696165

Deeds Document
Received and Recorded
In the Office of the
Clerk of the Circuit Court
of Arlington County, Virginia

## File Information

Document #: 2012255154     Book / Page: 4600 / 842     Recorded: 9/11/2012 1:14:32 PM     Clerk ID: ytilahun

## Document Type

Document Type: BARGAIN AND SALE

## Document Information

Text Pages: 2
Plat Pages: 0
Document Date: 09/05/2012
Received Of: LAND CARROLL & BLAIR
Grantor: ABRASHOFF
Tax Exempt Code: None

Taxable Consideration:
Actual Consideration: $1,899,000.00
Assumption Balance:
Original Amount:
New Amount:
County: ARLINGTON

## Fees

| | |
|---|---|
| (038) State Grantor: $949.50 | (212) Arlington Co. Tariff: $1.00 |
| (039) State Tax: $4,747.50 | (220) Arlington Grantor: $949.50 |
| (145) State Library: $1.50 | (214) Falls Church Tax: $0.00 |
| (301) Clerk's Fee: $14.50 | (222) Falls Church Tariff: $0.00 |
| (106) Technology Fee: $5.00 | (223) Falls Church Grantor: $0.00 |
| (035) Open Air Preservation Fee: $1.00 | (414) Arlington Co. Regional Congestion Relief Fee: $0.00 |
| (036) Processing Fee: $20.00 | (416) Falls Church Regional Congestion Relief Fee: $0.00 |
| (213) Arlington Co. Tax: $1,582.50 | |

## Total

Document Total: $8,272.00

Arlington County, Virginia
Clerk of the Court's Office

This certificate annexed constitutes
the Clerk's endorsement required by
sections 17-59, 17-79 and 58.1-802
of the code of Virginia.

Paul Ferguson
Clerk

**IMPORTANT:**
**DO NOT DETACH**
**THIS PAGE FROM**
**THE DOCUMENT!**

Cover Sheet Required for document processing DO NOT REMOVE

DOJSCO-400011676

Prepared By & Return to:
Land, Carroll & Blair PC
524 King Street
Alexandria, VA 22314

## DEED OF BARGAIN AND SALE

THIS DEED, made this _5TH_ day of September, 2012 by and between DONALD MICHAEL

ABRASHOFF, unmarried, and BRUCE A. CARTER, unmarried, Grantors, and ANDREA

MANAFORT, unmarried, Grantee;

### WITNESSETH:

That, for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid by

Grantee and other good and valuable consideration, the receipt whereof is hereby acknowledged,

Grantors do hereby grant, bargain, sell and convey, with General Warranty of Title, to Grantee, all

of that certain land situated in the County of Arlington, Virginia, and more particularly described as

follows:

> Lot 102A, Section 1, MOORE'S ADDITION TO CLARENDON, as
> more particularly shown and described on the Plat attached to and
> made apart of that Deed of Resubdivision dated June 30, 2008 and
> recorded July 3, 2008, in Deed Book 4201 at Page 2210, among the
> land records of Arlington, Virginia.
>
> AND BEING the same property acquired by Grantors by deed dated
> June 1, 2012 and recorded in Deed book 4567 Page 730 among the
> aforesaid land records.

This conveyance is made subject to any easements, reservations, restrictive covenants,

(excepting any restrictive covenant that discriminates on the basis of race, color, sex, religion,

ancestry, national origin, familial status, age, sexual orientation or disability) or rights of way of

record.

```
Grantee's Address:
1046 N. Edgewood Street        1
Arlington, VA 22201

Consideration: $1,899,000.00
Assessed Value: $ 1,252,900.00

RPC No. 18024023
LCB NO. 12-180
```

DOJSCO-400011677

Grantors covenant that Grantors have the right to convey the said land to the said Grantee, that there are no encumbrances against the said property; that Grantee shall have quiet and peaceable possession of said land, free from claim of all persons whosoever; and the Grantors will execute such further assurances of title as may be requisite and necessary.

WITNESS the following signatures and seals:

_____ (Seal)
DONALD MICHAEL ABRASHOFF

_____ (Seal)
BRUCE A. CARTER

STATE OF _Virginia_ :
CITY/COUNTY OF _Alexandria_ , to-wit;

I, the undersigned Notary Public, in and for the City and State aforesaid, do hereby certify that, DONALD MICHAEL ABRASHOFF and BRUCE A. CARTER whose names are signed to the foregoing Deed dated September _5_ , 2012, have acknowledged the same before me.

Given under my hand and seal this _5th_ day of September, 2012.

_____ (Seal)
Notary Public

My Commission expires: _Aug 31, 2013_
Registration No.: _1778590_

c:\wp50\docs\deeds\manafort0910012

2

DOJSCO-400011678

# LANDTECH RECEIPT/CHECK DISBURSEMENT STATEMENT

BANK: Burke & Herbert New Account – ⬛⬛⬛ – Old Town Alexandria

Page Number: 1                Date: 09/14/2017                Time: 03:53 PM

File Number: 12-180

Seller(s): Donald Michael Abrashoff and Bruce A. Carter

Buyer(s): Andrea Manafort

Property Location: 1046 N. Edgewood Street , Arlington, VA  22201

| RECEIPT # | DATE | TYPE | NAME | AMOUNT |
|---|---|---|---|---|
| 87182R | 08/31/12 | RC | Andrea Manafort | 1,900,000.00 |
| | | | | =============== |
| | | | TOTAL DEPOSITS | 1,900,000.00 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| CHECK # | DATE | TYPE | NAME | AMOUNT |
|---|---|---|---|---|
| | 09/10/12 | CL | Donald Michael Abrashoff and Bruce A. Ca | 523,887.50 |
| | 09/11/12 | CL | McEnearney Associates | 7,180.00 |
| | 09/11/12 | CL | Long & Foster Realtors | 47,820.00 |
| | 09/11/12 | CL | Land, Carroll & Blair PC | 1,055.00 |
| | 09/11/12 | CL | Cameron Title Agency | 4,500.00 |
| | 09/11/12 | CL | Steven L. Davis | 100.00 |
| | 09/11/12 | CL | Cameron Title Agency | 80.00 |
| | 09/11/12 | CL | Chicago Title Insurance Comapny | 20.00 |
| | 09/11/12 | CL | Superior Pest Management | 35.00 |
| | 09/11/12 | CL | Clerk of Court | 8,272.00 |
| | 09/10/12 | CL | Wells Fargo Bank | 1,271,484.14 |
| | 09/10/12 | CL | Bruce A. Carter | 12,565.00 |
| | 09/10/12 | CL | Andrea Manafort | 23,001.36 |
| | | | | =============== |
| | | | TOTAL DISBURSEMENT | 1,900,000.00 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DIFFERENCE                0.00