IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | |
| PAUL J. MANAFORT, JR., : | |
| *Defendant* : | |
| IN RE: : | Case No. 1:18-mc-00167 |
| PETITIONS FOR RELIEF CONCERNING : | |
| CONSENT ORDER OF FORFEITURE : | Judge Amy B. Jackson |
| WOODLAWN, LLC, : | |
| *Petitioner* : | |

**DECLARATION OF KEITH BERGLUND**

Petitioner I, Keith Berglund, a duly licensed attorney, declare as follows:

1. I negotiated and closed the loan in the principal amount of $1,025,000.00 (the "Loan") from Woodlawn, LLC, a Nevada limited liability company ("Woodlawn" or the "LLC"), to Jesand, LLC., a New York limited liability company ("Jesand"). The Loan was secured by, *inter alia*, a first priority mortgage on the Baxter Street Property.

2. The Loan was evidenced by a promissory note dated August 7, 2017 executed by Jesand in favor of Woodlawn (the "Note"). The initial maturity date of the Note was December 31, 2017.

3. The Note bore an interest rate of 7.25% per annum, with interest payable monthly.

1


EXHIBIT 2

4. The maturity date of the Note was extended from time to time, and was in default at the time the forfeiture action was initiated.

5. I disbursed the loan proceeds in two installments: (1) on August 10, 2017, I disbursed the amount of $512,500.00 to Nationwide Title Agency, LLC.; and (2) on August 21, 2017, I disbursed the amount of $506,841.00 (holding back the first month's interest payment due under the Note in the amount of $3,159.00 (the "First Payment")) to the attorney/client trust account of Bruce Baldinger.

6. Including the First Payment, I received eleven different payments (the "Payments") for the benefit of Woodlawn under the Note as set forth in Declaration Exhibit A, attached hereto and incorporated herein by reference.

7. Representative copies of the Payments are attached hereto as Declaration Exhibit B, and incorporated herein by reference.

8. The Payments were the only amounts Woodlawn received with respect to the Note.

9. There is no relationship between Woodlawn and Manafort other than the one created by the arms-length loan itself. Woodlawn was incorporated solely to engage discretely in this loan transaction (five days before the loan agreement was executed) and it has had no other activities.

[NEXT PAGE]

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of March 2019 in Los Angeles, California.

*[signature]*

KEITH BERGLUND