**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ————————————————— ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **PAUL J. MANAFORT, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| —————————————————) | |
| ) | |
| **IN RE: PETITIONS FOR RELIEF** ) | |
| **CONCERNING CONSENT ORDER OF** ) | **Case No. 1:18-mc-00167-ABJ** |
| **FORFEITURE** ) | |
| —————————————————) | |
| ) | |
| **WOODLAWN LLC,** ) | |
| ) | |
| **Petitioner.** ) | |
| —————————————————) | |

**UNITED STATES' RESPONSE TO PETITIONER WOODLAWN LLC'S**
**"PROPOSED FINDINGS OF MATERIAL FACTS"**

Pursuant to Rule 56 of the Federal Rules of Civil procedure and Local Rule 7(h), the United

States of America, by and through its undersigned counsel, respectfully submits this statement in

opposition to the Motion for Summary Judgment (Dkt. No. 44) filed by Petitioner Woodlawn LLC

("Woodlawn" or "Petitioner").

**I.      GENERAL OBJECTIONS**

1.      The United States objects to Petitioner's proposed statement of fact on the grounds

that it is premature as discovery has not yet been authorized in these ancillary proceedings and

because Petitioner has refused the United States' requests for information to verify or substantiate

Petitioner's representations.  Discovery is necessary to allow the government to discover facts

regarding, *inter alia*, Petitioner's identity and relationship to defendant Paul J. Manafort, Jr.,

Petitioner's constitutional and statutory standing to participate in these ancillary proceedings,

Petitioner's purported present legal interest in the property, the date and circumstances of

Petitioner's purported acquisition of such interest, and the nature, extent and basis for its claims for

relief under 21 U.S.C. § 853(n).  *See* United States Motion, Statement of Points and Authorities in

Support of its Motion for Discovery and in Opposition to Petitioner Woodlawn LLC's Motion for

Summary Judgment, and their attachments.  (Dkt. Nos. 55 and 56).

2.      The United States also objects to Petitioner's statement on the grounds that many of

the purported facts are irrelevant and immaterial.  The United States further objects because several

of Petitioner's purported facts are not facts but conclusions of law.

3.      The United States also objects to Petitioner's statements to the extent that they rely on

self-serving statements by persons purporting to represent Woodlawn, LLC without the opportunity

for the government to test the veracity of such statements through discovery, unauthenticated

documents or contain inadmissible hearsay.

## II.      UNITED STATES' RESPSONSES TO PETITIONER'S PROPOSED FINDINGS OF MATERIAL FACTS

**Petitioner Alleged:**

1.   *Woodlawn was established in 2017 as an investment/lending vehicle.*

     **Objections:**  The United States hereby incorporates its general objections by reference as if
     fully set forth herein.  In addition, the United States objects to this proposed statement as
     vague as to whether it seeks an admission as to the purpose for which Woodlawn LLC was
     created without identifying whose intention is asserted.

     **Response:**  Without waiving its objections, the United States admits that on or about August
     2, 2017, American Corporate Enterprises, Inc., acting as Registered Agent for Woodlawn
     LLC, filed Articles of Organization dated August 2, 2017, with the Office of the Nevada
     Secretary of State.  *See* Declaration of Daniel Claman (Claman Decl.), Exhibit A (Dkt. No.
     55-2 at 14-18).  The United States asserts that it is without sufficient information to admit or
     deny the other assertions in this statement.  The United States notes that the Articles of
     Organization state, "This Limited Liability Company is organized in order to participate in
     business, in a lawful manner, as it deems appropriate, but will not [sic] in the business of
     banking or insurance." *Id.* at 16.  The nature of Woodlawn and the timing of its
     establishment, along with the statements in its petition suggests it was established in
     connection with a purported loan to Manafort, not for investment purposes.  *See e.g.* Claman

Decl. ¶ 8-9 (Woodlawn established after criminal investigation known to Manafort and public, no physical place of business, beneficial owners unknown and unidentified); Petition ¶¶ 3, 4 6 ("Manaforts need a loan to help with professional expenses", purported loan to mature in less than five months by December 31, 2017, mortgage dated five days after establishment of Woodlawn on August 7, 2017).  Accordingly, the United States is unable to determine the veracity of Petitioner's statement or the statement in the Articles of Organization.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature, circumstances, and knowledge of Woodlawn, including with regard to the purposes of its establishment.

**Petitioner Alleged:**

2. *This loan was one of the first to be considered by Woodlawn. Specifically, Woodlawn became aware that the Manaforts needed a loan to help with professional expenses (the "Loan"). The Loan was to be secured by a first priority secured lien on the Property.*

   **Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.  In addition, the United States objects to this proposed statement as vague as to date and to whom on behalf of Woodlawn the assertion of awareness is directed.

   **Response:**  Without waiving its objections, the United States asserts that it is without sufficient information to admit or deny the assertions in this statement.  Woodlawn has refused to provide information regarding who its beneficial owners are or who had knowledge or became aware of the facts it alleges in this assertion.  Woodlawn has also provided no information through which the United States could determine if Woodlawn considered any other loans, or whether Woodlawn or the obligors under the note intended a particular priority for a lien or had a particular need.  The United States further notes that the defendant conspired to violate U.S. law through false loans and engaged in other loan fraud.  *See* Claman Decl. ¶ 17 and record citations identified therein.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature, circumstances, and knowledge of Woodlawn, including with regard to what Woodlawn considered, who at or on behalf of Woodlawn considered what information, and what circumstances or priorities Woodlawn or its representatives intended.

**Petitioner Alleged:**

3. *The terms of the Loan were negotiated by and between Berglund, counsel for Woodlawn, and Bruce Baldinger ("Baldinger"), counsel for the Manaforts.*

   **Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.

   **Response:**  Without waiving its objections, the United States admits that Keith Berglund submitted the initial petition in these proceedings as counsel on behalf of Woodlawn LLC (Dkt. No. 15) and that Bruce Baldinger represented the defendant, Kathleen Manafort, and possibly Andrea Manafort and entities in their names in some dealings.  The United States further acknowledges that correspondence filed in support of the Petition is addressed between Berglund and Baldinger.  The United States asserts that it is without sufficient

information to admit or deny the other assertions in this statement.  The United States has had no opportunity to test the veracity of Woodlawn's assertions or to discover the circumstances of the purported loan, including who negotiated the purported loan.  The United States further notes that the defendant conspired to violate U.S. law through false loans and engaged in other loan fraud.  *See* Claman Decl. ¶ 17 and record citations identified therein.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the participation of and relationship between individuals such as Berglund, Baldinger, and Manafort in the loan negotiations.

**Petitioner Alleged:**

4.  *The Loan was evidenced by the Note which set forth the Obligation: an initial maturity date of December 31, 2017; a per annum interest rate of 7.25%; and collateral consisting of the Lien and Guaranty.*

    **Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.

    **Response:**  Without waiving its objections, the United States admits that the recorded mortgage references a note with a maturity date of December 31, 2017.  The United States further avers that the public records indicate that the maturity date passed without any modification or foreclosure being recorded.[1]  The United States asserts that it is without sufficient information to admit or deny the other assertions in this statement.  The recorded mortgage also does not identify the terms of such a note, or reference another lien or guarantee.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent and terms of any loan, note, lien or guarantee.

**Petitioner Alleged:**

5.  *The Manaforts, as requested, provided Woodlawn with standard documentation consistent with a loan secured by real estate. The loan documents included, without limitation: (a) a good standing certificate for Jesand ("the Certificate"); (b) borrower's counsel opinion from Baldinger (the "Opinion"); (c) consent of Jesand ("the Jesand Consent"); (d) affidavit of title from Jesand ("the Jesand Affidavit"); and (e) affidavit from AM ("the AM Affidavit"). True and correct copies of these documents are attached to the Initial Petition and incorporated herein by reference as Exhibits 3, 4, 5, 6 and 7, respectively.*

    **Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.  In addition, the United States objects to this proposed statement as vague as to date and to whom on behalf of Woodlawn the assertion of awareness is directed. The United States further objects to the characterization of "standard documentation

---

[1] The New York property land records are a matter of public record at https://a836-acris.nyc.gov/CP/.  The last record for the Baxter Street Property is the August 16, 2017, recordation of the mortgage claimed by Woodlawn, as revealed by a property search under New York/Manhattan borough, parcel number 206, block 1122.

consistent with a loan by real estate" as an improper conclusion of law, and as vague as to the relevant law, and what is meant by "standard" and "without limitation" in the context of this statement. The United States further objects to this statement as compound and vague to the extent that it seeks to incorporate by reference the contents of five additional documents in their entirety without enumerating specific facts contained therein as required by Federal Rule of Civil Procedure 56(b). The United States further objects to the extent that the statement relies upon inadmissible hearsay statements contained in documents not made under penalty of perjury.

**Response:** Without waiving its objections, the United States admits that the five documents enumerated were attached to the Petition. The United States asserts that it is without sufficient information to admit or deny the other assertions in this statement or the veracity or authenticity of the documents. The deficiencies in the loan documents, particularly the Baldinger letter, reveal a disputed material fact as to whether the loan was a sham. *See* Claman Decl. at ¶¶ 15-17. As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent and terms of any supporting documentation, the purported statements of participants and parties to the loan, and whether the loan was a sham.

**Petitioner Alleged:**

6. *The primary collateral for the Note was the Lien on the pro[perty] which is memorialized by a Mortgage dated August 7, 2017, executed by Jesand and AM together with a condominium rider pertaining to the Property (the "Mortgage"). A true and correct copy of the Mortgage is attached to the Initial Petition and incorporated herein by reference as Exhibit 8.*

   **Objections:** The United States hereby incorporates its general objections by reference as if fully set forth herein. The United States further objects to this statement as compound and vague to the extent that it seeks to incorporate by reference another document in its entirety without enumerating specific facts contained therein as required by Federal Rule of Civil Procedure 56(b). The United States further objects to the extent that the statement relies upon inadmissible hearsay statements contained in documents not made under penalty of perjury.

   **Response:** Without waiving its objections, the United States admits that the Woodlawn mortgage is dated August 7, 2017, that it was executed by Jesand and Andrea Manafort, that it contained a condominium rider, and that Exhibit 8 appears to be a correct copy of the mortgage filed in the public record. The United States avers that the mortgage was recorded on August 16, 2017 and that Exhibit 8 omits the first two pages constituting the recording and endorsement cover page. The United States asserts that it is without sufficient information to admit or deny the other assertions in this statement or all of the factual assertions contained in Exhibit 8. The United States further notes that the defendant conspired to violate U.S. law through false loans and engaged in other loan fraud. *See* Claman Decl. ¶ 17 and record citations identified therein. As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent and terms of any loan, note, lien or guarantee and whether any other collateral was provided.

**Petitioner Alleged:**

7. *To further secure the Mortgage, Woodlawn requested and was provided title insurance from First Nationwide Title Agency, LLC ("Nationwide") on or about August 10, 2017 (the "Title Policy"). A true and correct copy of the Title Policy is attached to the Initial Petition and incorporated herein by reference as Exhibit 9.*

   **Objections:** The United States hereby incorporates its general objections by reference as if fully set forth herein. The United States further objects to this statement as compound and vague to the extent that it seeks to incorporate by reference another document in its entirety without enumerating specific facts contained therein as required by Federal Rule of Civil Procedure 56(b). The United States further objects to the extent that the statement relies upon inadmissible hearsay statements contained in documents not made under penalty of perjury.

   **Response:** Without waiving its objections, responds that the statement does not contain a material fact. To the extent that it were to be found to contain a material fact, the United States asserts that it is without sufficient information to admit or deny the statement or all of the factual assertions contained in Exhibit 9. As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent and nature of any disbursements of any loan proceeds.

**Petitioner Alleged:**

8. *Nationwide also agreed to act as the escrow agent for the Loan closing pursuant to a letter dated August 10, 2017 (the "Escrow Agent Letter"). A true and correct copy of the Escrow Agent Letter is attached to the Initial Petition and incorporated herein by reference as Exhibit 10.*

   **Objections:** The United States hereby incorporates its general objections by reference as if fully set forth herein. The United States further objects to this statement as compound and vague to the extent that it seeks to incorporate by reference the contents of an additional document in its entirety without enumerating specific facts contained therein as required by Federal Rule of Civil Procedure 56(b). The United States further objects to the extent that the statement relies upon inadmissible hearsay statements contained in a document not made under penalty of perjury.

   **Response:** Without waiving its objections, responds that the statement does not contain a material fact. To the extent that it were to be found to contain a material fact, the United States asserts that it is without sufficient information to admit or deny the statement or all of the factual assertions contained in Exhibit 10. As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent and nature of any disbursements of any loan proceeds.

**Petitioner Alleged:**

9.  *In its capacity as escrow agent, Nationwide provided Woodlawn with evidence that the Mortgage was duly recorded in accordance with the terms of the Loan, including a letter dated September 19, 2017 (the "Recording Letter").  A true and correct copy of the Recording Letter is attached to the Initial Petition and incorporated herein by reference as Exhibit 11.*

    **Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.  The United States further objects to this statement as compound and vague to the extent that it seeks to incorporate by reference the contents of an additional document in its entirety without enumerating specific facts contained therein as required by Federal Rule of Civil Procedure 56(b).  The United States further objects to the extent that the statement relies upon inadmissible hearsay statements contained in a document not made under penalty of perjury.

    **Response:**  Without waiving its objections, responds that the statement does not contain a material fact.  To the extent that it were to be found to contain a material fact, the United States asserts that it is without sufficient information to admit or deny the statement or all of the factual assertions contained in Exhibit 11.  The United States avers that the mortgage was recorded on August 16, 2017.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent and nature of any disbursements of any loan proceeds.

**Petitioner Alleged:**

10.  *The Loan was disbursed by Woodlawn to the Manaforts in two segments: the first wire transfer took place on August 10, 2017 in the amount of $512,500.00 from the attorney client trust account of Berglund to Nationwide; and the second wire transfer took place on August 21, 2017 in the amount of $506,841.00 (net of first month interest due under the Note and attorney fees due in respect of the closing) from the attorney client trust account of Berglund to the attorney trust account of Baldinger (the Manaforts' attorney).*

    **Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.

    **Response:**  Without waiving its objections, the United States asserts it is without sufficient information to admit or deny the other assertions in this statement.  Petitioner's statement is unsupported by any financial records, invoices, receipts or other evidence.  The statement further fails to establish that any funds were disbursed out of the purported escrow account at Nationwide.  Petitioner's failure to provide evidence to identify the source of funds or demonstrate that any disbursement was in fact made under the terms of the purported loan, reveal a disputed material fact as to the extent of the loan and whether it was a sham.  As set forth in the Claman Declaration, the United States has had no opportunity to test the veracity of Woodlawn's assertions or to discover the circumstances of the purported loan, including whether any funds were disbursed under the purported loan.  The United States further notes

that Manafort conspired to violate U.S. law through false loans and engaged in other loan fraud. *See* Claman Decl. ¶ 17 and record citations identified therein. As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent of any disbursements of loan proceeds, and the relationship between Berglund, Baldinger, Manafort, and the other obligors under the purported loan.

**Petitioner Alleged:**

11. *Thereafter, payments by the Manaforts to Woodlawn on the Note were made on a sporadic basis.[2] The monthly interest due under the Note was $6,192.70. Payments under the Note were made by KM or the Manaforts' business manager.*

   **Objections:** The United States hereby incorporates its general objections by reference as if fully set forth herein.

   **Response:** Without waiving its objections, the United States asserts it is without sufficient information to admit or deny the other assertions in this statement. Petitioner's statement is unsupported by any financial records, invoices, receipts or other evidence. Petitioner's failure to provide information to identify the recipient of purported payments or the payment instructions of the purported loan, reveal a disputed material fact as to the extent of the loan, whether it was a sham, and the extent to which any amounts may remain unpaid. As set forth in the Claman Declaration, the United States has had no opportunity to test the veracity of Woodlawn's assertions or to discover the circumstances of the purported loan, including whether any payments were made under the purported loan. The United States further notes that Manafort conspired to violate U.S. law through false loans and engaged in other loan fraud. *See* Claman Decl. ¶ 17 and record citations identified therein. As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent of any payments under the purported loan, and the relationship between Berglund, Baldinger, Manafort, and the other obligors under the purported loan.

**Petitioner Alleged:**

12. *At some point after the Loan was made, PJM was charged in a criminal complaint that resulted in the Consent Order of Forfeiture. The Manaforts, through Baldinger, formally requested an extension of the Note via letter dated February 12, 2018 (the "Extension Request"). The forbearance negotiations took place by and between Baldinger and Berglund. A true and correct copy of the Extension Request is attached to the Initial Petition and incorporated herein by reference as Exhibit 12.*

   **Objections:** The United States hereby incorporates its general objections by reference as if fully set forth herein. In addition, the United States objects to this statement as vague as to date regarding any purported forbearance negotiations. The United States further objects to this statement as compound and vague to the extent that it seeks to incorporate by reference the contents of an additional document in its entirety without enumerating specific facts contained therein as required by Federal Rule of Civil Procedure 56(b). The United States

further objects to the extent that the statement relies upon inadmissible hearsay statements contained in a document not made under penalty of perjury.

**Response:**  Without waiving its objections, the United States admits that the Paul J. Manafort, Jr. was indicted by federal grand juries in the District of Columbia and the Eastern District of Virginia, that a Consent Order of Forfeiture was entered on October 10, 2018, and that an amended Forfeiture Order was entered at sentencing on March 13, 2019.  The United States asserts that it is without sufficient information to admit or deny the other assertions in this statement, or the veracity and authenticity of or factual assertions contained in Exhibit 12.  Petitioner has refused to provide information or evidence to corroborate or elaborate on any purported forbearance negotiations, and discovery with respect to Woodlawn or third parties has not yet been authorized by the Court.  The United States further notes that Manafort conspired to violate U.S. law through false loans and engaged in other loan fraud. *See* Claman Decl. ¶ 17 and record citations identified therein.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent of any payments under the loan, any forgiveness of debt or forbearance, and the relationship between Berglund, Baldinger, Manafort, and the other obligors under the purported loan.

**Petitioner Alleged:**

13. *Woodlawn agreed to forbear from declaring the Note in default post initial maturity date and was negotiating the terms of a forbearance agreement. Unfortunately, the Manaforts further defaulted under the terms of the forbearance agreement and, via a default letter dated June 19, 2018 (the "Default Letter"), the Manaforts were given until June 29, 2018 to pay the Obligation in full. The amount due under the Note as of June 19, 2018 was $1,043,337.39 (the "Default Obligation"). A true and correct copy of the Default Letter is attached to the Initial Petition and incorporated herein by reference as Exhibit 13.*

**Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.  In addition, the United States objects to this statement as vague as to date regarding any purported forbearance or forbearance negotiations.  The United States further objects to this statement as compound and vague to the extent that it seeks to incorporate by reference the contents of an additional document in its entirety without enumerating specific facts contained therein as required by Federal Rule of Civil Procedure 56(b).  The United States further objects to the extent that the statement relies upon inadmissible hearsay statements contained in a document not made under penalty of perjury.

**Response:**  Without waiving its objections, the United States asserts that it is without sufficient information to admit or deny the other assertions in this statement, or the veracity and authenticity of or factual assertions contained in Exhibit 13.  Petitioner has refused to provide information or evidence to corroborate or elaborate on any purported forbearance or forbearance negotiations, and discovery with respect to Woodlawn or third parties has not yet been authorized by the Court.  The United States further notes that Manafort conspired to violate U.S. law through false loans and engaged in other loan fraud.  *See* Claman Decl. ¶ 17 and record citations identified therein.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent of any payments under the loan,

any forgiveness of debt or forbearance, and the relationship between Berglund, Baldinger, Manafort, and the other obligors under the purported loan.

**Petitioner Alleged:**

14. *Baldinger, on behalf of the Manaforts, requested a further short term extension of the Loan from Woodlawn through Berglund after receiving the Default Letter. Specifically, Baldinger indicated that the Property was going to be either sold or refinanced, as there was significant equity in the Property.*

**Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.  In addition, the United States objects to this statement as vague as to date regarding any extensions or statements by Baldinger.

**Response:**  Without waiving its objections, the United States asserts that it is without sufficient information to admit or deny the other assertions in this statement.  Petitioner has refused to provide information or evidence to corroborate or elaborate on any purported discussions regarding extensions or modifications of the loan, and discovery with respect to Woodlawn or third parties has not yet been authorized by the Court.  The United States further notes that Manafort conspired to violate U.S. law through false loans and engaged in other loan fraud.  *See* Claman Decl. ¶ 17 and record citations identified therein.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of the purported loan, and the knowledge of Woodlawn, including the veracity, extent of any payments under the loan, any forgiveness of debt or forbearance, any default, and the relationship between Berglund, Baldinger, Manafort, and the other obligors under the purported loan.

**Petitioner Alleged:**

15. *During the course of the forbearance negotiations, the Consent Order of Forfeiture was entered by the Court. The amount due Woodlawn under the Note exceeds the Default Obligation, with interest and attorney's fees continuing to accrue pursuant to the terms of the Note and related Loan documents.*

**Objections:**  The United States hereby incorporates its general objections by reference as if fully set forth herein.  In addition, the United States objects to this statement as vague as to date regarding any purported forbearance or forbearance negotiations.  The United States further objects to this statement as vague as it fails to specify any amounts due under the note or to which documents it refers as "related Loan documents."

**Response:**  Without waiving its objections, the United States asserts that it is without sufficient information to admit or deny the other assertions in this statement.  Petitioner has refused to provide information or evidence to corroborate or elaborate on any purported forbearance or forbearance negotiations, and discovery with respect to Woodlawn or third parties has not yet been authorized by the Court. The United States further notes that Manafort conspired to violate U.S. law through false loans and engaged in other loan fraud. *See* Claman Decl. ¶ 17 and record citations identified therein.  As set forth in the Claman Declaration, the United States needs discovery to discover the nature and circumstances of

the purported loan, and the knowledge of Woodlawn, including the veracity, extent of any amounts disbursed under the purported loan, and payments made under the purported loan, any forgiveness of debt or forbearance, any amounts accruing under the purported loan, and the relationship between Berglund, Baldinger, Manafort, and the other obligors under the purported loan.

Respectfully submitted,

MONEY LAUNDERING AND
        ASSET RECOVERY SECITON

By:      */s/Daniel H. Claman*
        Daniel H. Claman
        Money Laundering and
            Asset Recovery Section
        Criminal Division
        U.S. Department of Justice
        1400 New York Avenue, N.W., Suite 10100
        Washington, D.C. 20530
        Telephone:  (202) 514-1263

        Counsel for the United States of America