UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Case No. 17-cr-201-1-ABJ |
| IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | Case No. 1:18-mc-00167-ABJ |

**MOTION FOR ENTRY OF FINAL ORDER OF FORFEITURE AS TO ACCOUNT XXXXXX1388 HELD AT CAPITAL ONE, N.A., AND ACCOUNT XXXXXX9952 HELD AT THE FEDERAL SAVINGS BANK**

The United States of America, by and through its undersigned counsel, respectfully submits this motion pursuant to Fed. R. Crim. P. 32.2(c)(2) for entry of a Final Order of Forfeiture with respect to all funds seized from account number XXXXXX1388 at Capital One, N.A. and account number XXXXXX9952 at The Federal Savings Bank, which are subject to a preliminary order of forfeiture in this action.  March 13, 2019, Order of Forfeiture, Cr. Dkt. No. 549, 556-1.[1]  As set forth below, the time period for the submission of third party petitions to contest forfeiture pursuant to 21 U.S.C. § 853(n) has closed, and no such petitions have been filed.  A proposed Final Order of Forfeiture Final Order of Forfeiture as to these funds is submitted with this motion.  The proposed order sets out in more detail the facts and procedural history summarized below.

---

[1] Docket entries from *United States v. Paul J. Manafort, Jr.,* Case No. 17-cr-201-1 (D.D.C.) are referred to as "Cr. Dkt. No.".  Docket entries from the miscellaneous case number for the ancillary proceedings *In Re: Petitions for Relief Concerning Consent Order of Forfeiture,* Case No: 1:18-mc-167 (D.D.C.) are referred to as "Mc. Dkt. No.".

1

I.      **The Property Subject to the Proposed Final Order of Forfeiture**

This motion seeks entry of a Final Order of Forfeiture regarding the following property:

      (i)      All funds seized from account number XXXXXX1388 at Capital One N.A., and any property traceable thereto (the "Capital One Funds"), and

      (ii)     All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto (the "TFSB 9952 Funds").

The Capital One Funds and the TFSB 9952 Funds are listed in the preliminary order of forfeiture at paragraphs 2(e) and 2(f). March 13, 2019, Order of Forfeiture, Cr. Dkt. No. 549, Cr. Dkt. No. 556-1.

II.     **Background**

On September 14, 2018, the defendant, Paul J. Manafort, Jr., pleaded guilty to a two-count Superseding Criminal Information ("Information") charging in Count One, *inter alia*, a conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18, United States Code, Section 371 and 3551 *et seq*. and Title 22, United States Code, Sections 612, 618(a)(l), and 618(a)(2). Cr. Dkt. Nos. 419, 422, 423. The Information gave notice that upon conviction under Count One, the United States would seek entry of a personal money judgment of forfeiture, as well as forfeiture of certain specific properties, including, *inter alia*, the Capital One Funds and the TFSB 9952 Funds, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(b), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p). Cr. Dkt. No. 419 at ¶ 69.

In his Plea Agreement, the defendant admitted to the forfeiture allegations in the Information, and, in his Statement of the Offenses and Other Acts, he admitted that he obtained at least $11,000,000 as a result of his conspiracy to violate the FARA in violation of 18 U.S.C. § 371, 22 U.S.C. §§ 612 and 618. Cr. Dkt. No. 422 at 10, 423 at 2-3. He also consented, *inter alia*,

to the forfeiture of the Capital One Funds and the TFSB 9952 Funds as proceeds traceable to the conspiracy to violate FARA offense alleged in Count One, or property traceable thereto, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c). Cr. Dkt. No. 422 at ¶¶ 12(a)(5) 12(a)(6), Cr. Dkt. No. 423 at ¶¶ 43(e), 43(f). The defendant further consented to the forfeiture of the Capital One Funds and the TFSB 9952 Funds as substitute assets pursuant to 18 U.S.C. § 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c). Cr. Dkt. No. 422 at ¶12(b), Cr. Dkt. No. 423 at ¶¶ 43(e), 43(f).

On October 10, 2018, with the defendant's consent, the Court entered a Consent Order of Forfeiture signed by the Court on October 9, 2018, constituting a preliminary order of forfeiture ("Consent Order of Forfeiture"). Cr. Dkt. No. 443. The Information, Plea Agreement and Statement, along with the record in this case, establish the requisite nexus between the Capital One Funds and the TFSB 9952 Funds and the defendant's offense, and that the defendant was the source of funds for the Capital One Funds and the TFSB 9952 Funds. In the Consent Order of Forfeiture, this Court found: "based on the evidence and information before it, including the defendant's plea agreement, that [*inter alia,* the Capital One Funds and the TFSB 9952 Funds are] subject to forfeiture" and so ordered their forfeiture. Cr. Dkt. No. 443 at 3-4.

At sentencing on March 13, 2019, the Court amended the preliminary order of forfeiture and incorporated the revised order into the criminal judgment. *See* March 13, 2019, Order of Forfeiture. Cr. Dkt. Nos. 549, 556. The March 13, 2019, Order of Forfeiture entered forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), including forfeiture of the Capital One Funds and the TFSB 9952 Funds, other specific Forfeited Assets, and a Personal Money Judgment of Forfeiture in the amount of $11 million, to be offset by the forfeiture of the specific Forfeited Assets. *Id.* at ¶¶1-4.

### III. Entry of a Final Order of Forfeiture is Appropriate

The United States seeks entry of a final order of forfeiture with respect to the Capital One Funds and the TFSB 9952 Funds pursuant to Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b). Rule 32.2(b)(4)(A) provides:

> At sentencing – or at any time before sentencing of the defendant consents – the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(4)(A). Under Title 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions and the expiration of the time period provided for the filing of petitions. Because the Court's March 13, 2019, Order of Forfeiture is final as to the defendant, notice of the forfeiture was provided in accordance with the Federal Rules, and no third parties asserted an interest in the property, entry of the requested final order is appropriate.

By its terms, the March 13, 2019 Order of Forfeiture became final as to the defendant upon its entry, and was made part of his sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Cr. Dkt. Nos. 549, 556-1 at ¶10. Accordingly, the defendant retains no interest in the Capital One Funds and the TFSB 9952 Funds.

However, an order of forfeiture as to a defendant for specific property does not address the interests that a third party may have in that property. Fed. R. Crim. P. 32.2(b)(2)(A) ("The Court must enter the [forfeiture] order without regard to any third party's interest in the property."). It remains a preliminary order as to third parties until the ancillary proceeding is completed. Fed. R. Crim. P. 32.2(b)(4)(A).

The purpose of the ancillary proceeding is to "resolve" any third party claims to specific property subject to a forfeiture order. *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009); *see also* Fed. R. Crim. P. 32.2(b)(2)(A) (Determination of third party interest is "deferred until any third party files claim in an ancillary proceeding."). The Government commences the ancillary proceeding by publishing notice of the forfeiture order and "send[ing] notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture." Fed. R. Crim. P. 32.2(b)(6)(A); *see also* 21 U.S.C. § 853(n)(1) (Government must publish notice of the order and "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property."). A third party must file a claim "within thirty days of the final publication of notice or his receipt of [direct] notice . . . whichever is earlier." 21 U.S.C. § 853(n)(2).

As set forth in the United States' Declaration of Notice and Publication, Cr. Dkt. No. 545, the United States provided notice in accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. This notice included notice by publication, as well as direct written notice to persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding or who were known to have alleged an interest in the forfeited property, including, but not limited to: Kathleen Bond Manafort. Cr. Dkt. No. 545.

Following notice of the Consent Order of Forfeiture, no petitions were filed or made in this action as to the Capital One Funds and the TFSB 9952 Funds, no parties have appeared to contest their forfeiture, and the statutory time period in which to do so for all known potential claimants has expired. Pursuant to Title 21 U.S.C. § 853(n)(7), because no petitions have been

5

Case 1:17-cr-00201-ABJ  Document 593  Filed 05/24/19  Page 6 of 7
Case 1:18-mc-00167-ABJ  Document 60-3  Filed 05/24/19  Page 6 of 7

filed, the United States is therefore entitled to have clear title to the Capital One Funds and the TFSB 9952 Funds.

## IV. Conclusion

Pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, "[w]hen the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." The government may also "request an order from the court declaring that the government has met all of the statutory notice requirements, that no meritorious third-party claims were filed, and that the government has clear title to the forfeited property." *United States v. Gilbert*, 244 F.3d 888, 913 (11th Cir. 2001).

Wherefore, the United States respectfully requests that the Court enter the proposed Final Order of Forfeiture as to the Capital One Funds and the TFSB 9952 Funds, as attached.

        Respectfully submitted,

        JESSIE K. LIU
        United States Attorney

By: _____
     Zia M. Faruqui, D.C. Bar 494990
     Assistant United States Attorney
     555 4th Street, N.W.
     Washington, D.C. 20530
     (202) 252-7117 (Faruqui)
     zia.faruqui@usdoj.gov

By: */s/ Daniel H. Claman*
     Daniel H. Claman
     Money Laundering and
        Asset Recovery Section
     Criminal Division
     U.S. Department of Justice
     1400 New York Avenue, N.W., Suite 10100
     Washington, D.C. 20530
     Telephone: (202) 514-1263

     Counsel for the United States of America

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I have provided notice of the forgoing through the Court's Electronic Filing System to such counsel of record or pro se litigants as have consented to accept service through such means and by filing a notice of this filing in the related miscellaneous case number, *In Re Petitions Re Consent Order of Forfeiture,* Case No: 1:18-mc-167 (D.D.C.). I have also transmitted a copy of this filing via electronic mail to the following, who do not appear to have registered for notice through the Court's Electronic Filing System or who have not filed an appearance in this matter:

William Clayton Batchelor, Esq.
1601 18th Street, NW Suite 2
Washington, D.C. 20009
wcb@wrightandbatchelor.com

Robert T. Holland, Esq.
BELKIN BURDEN WENIG & GOLDMAN LLP
270 Madison Avenue
New York, New York  10106
RHolland@BBWG.COM
(Attorneys for Claimant the Residential Board of Trump Tower Condominium)

Gayle Pollack, Esq.
MORRISON COHEN LLP
909 Third Avenue
New York, New York  10022
gpollack@morrisoncohen.com
(Attorney for 29 Howard Street Condominium)

/s/ *Daniel H. Claman*
Daniel H. Claman
Money Laundering and
   Asset Recovery Section