**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | |
| **PAUL J. MANAFORT, JR.,** : | |
| *Defendant* : | |
| **IN RE:** : | Case No. 1:18-mc-00167 |
| **PETITIONS FOR RELIEF CONCERNING** : | |
| **CONSENT ORDER OF FORFEITURE** : | Judge Amy B. Jackson |
| **WOODLAWN, LLC,** : | |
| *Petitioner* : | |

### WOODLAWN, LLC'S MOTION FOR A STATUS HEARING

Petitioner Woodlawn, LLC, by undersigned counsel, respectfully moves this Court to set a status hearing for this case. In support of this motion, Woodlawn states as follows.

This case appears to have been placed on the backburner. Nothing has been filed, heard or decided for many months. Nor has the government communicated with counsel for Woodlawn. Woodlawn is well aware that another third party petition, that of petitioners The Federal Savings Bank and National Bancorp Holdings, Inc., is currently being litigated and that the resolution of that petition may be further delayed for a lengthy period by the prosecution of Stephen M. Calk in

1

the Southern District of New York. *United States v. Stephen M. Calk*, 1:19-cr-0366-LGS (S.D.N.Y.).[1] *See* Doc. 95-1, at p. 9, and Doc. 100 at pp. 5, 23-24.

Woodlawn would like *its* petition to receive the government's and the Court's attention so it can move forward toward a resolution. The government has asked this Court to allow it to pursue extensive and expensive discovery against Woodlawn despite the *undisputed fact* that the collateral pledged as security for Woodlawn's secured loan, 123 Baxter Street, *is untainted substitute property* under § 853(p), to which the relation back doctrine does not apply. *See* Woodlawn, LLC's Reply in Support of Its Motion for Summary Judgment and in Opposition to the Special Counsel's Motion for Discovery Under Rule 56(d), Doc. 61, 62 at 8-9. The Court has not yet ruled on Woodlawn's Motion for Summary Judgment or the government's discovery requests.

If, contrary to Woodlawn's position, the Court is inclined to allow the government discovery in Woodlawn's case, we would like to get on with it. Subsequent to the last filing in Woodlawn's case, Bloomberg News revealed that the individual who made the loan to the Manaforts through his Woodlawn, LLC is Arjan ("Ari") Zieger, a respectable 56 year old U.S. businessman with interests in real estate and lending who resides in Puerto Rico. Mr. Zieger then agreed to an extensive interview with the Bloomberg reporters in which he discussed the loan to the Manaforts and his perfectly legitimate reasons for making it and wishing to remain anonymous.[2] The government is now capable of investigating Mr. Zieger's background and business

---

[1] The indictment charges Mr. Calk with using misusing his bank's resources by making $16 million in risky loans to Manafort to curry favor with him in the hope of getting a high level position with the Trump administration, and lying to regulators. Renae Merle and Rosalind S. Helderman, *Chicago bank CEO indicted on accusations of bribing Manafort for administration job*, *Washington Post*, May 23, 2019.

[2] See Andrew Martin, David Glovin and Stephanie Baker, *Man Who Secretly Lent Paul Manafort $1 Million Has Finally Come Forward*, Bloomberg.com, June 4, 2019: https://www.bloomberg.com/news/articles/2019-06-04/manafort-s-mystery-lender-steps-

interests without further burdensome discovery from Woodlawn. Thus, the primary reason offered for the government's alleged need to pursue discovery has been removed from the case.

If Woodlawn must wait until the petition of TFSB/NBH is decided before its own petition moves to the frontburner, then Woodlawn will be waiting a lot longer, perhaps years longer. That would be unfair to Woodlawn. The government has never moved to stay Woodlawn's case and no stay is in place. But, in fact, it feels as though Woodlawn's case has been stayed. As petitioner TFSB/NBH writes in Doc. 100 at p. 24, "The government is not entitled to a *de facto* stay of resolution of Petitioner's claims, which are ripe for disposition on the record before the Court."

The loan Woodlawn made to the Manaforts was very short term in nature. The loan was made in early August 2017. The initial maturity date of the loan was December 31, 2017, although it was extended under the terms of a forbearance agreement at the Manaforts' request. Woodlawn's Motion for Summary Judgment, Doc. 44 at p. 3, ¶4, p. 5, ¶¶13-14. It is now about two and half years since the loan was made and many months since the last bit of interest thereon was received from the Manaforts. Interest and expenses, including attorney's fees, continue to accrue. Woodlawn's Motion for Summary Judgment, Doc. 44 at p. 6, ¶15. Woodlawn (Mr. Zieger) is losing more and more money as time passes, which very likely will not be recoverable.

This forfeiture ancillary proceeding is civil in nature. The Supreme Court has held that the Due Process Clause can be infringed by prolonged and undue delay in adjudicating a civil *in rem* forfeiture case. *See United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983); *United States v. Von Neumann*, 474 U.S. 242, 248 (1986) (issue was "whether the Government's 18-month delay

---

forward. See also Zach Gibson, *Manafort benefactor comes forward*, Washington Post, June 4, 2019, reprinting story from the Union Leader: https://www.unionleader.com/news/politics/manafort-benefactor-comes-forward/article 7c58c400-4d83-5283-87ff-d8fdafe1eae6.html.

in bringing a forfeiture proceeding violated the claimant's right to due process of law." Court states that *$8,850* "held that due process requires a post-seizure determination within a reasonable time of the seizure."); *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1163 (2d Cir. 1986) ("To require prompt filing of a forfeiture action but allow indefinite postponement of the trial would reduce the [prompt] filing requirement to a nullity."); *United States v. $12,248 in United States Currency,* 957 F.2d 1513, 1518 (9th Cir. 1991).

The Second Circuit has applied the *$8,850* due process analysis to delay between the imposition of a criminal fine and the time when the government seeks to execute on seized property to collect the fine. *United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997). And the Sixth Circuit has applied the *$8,850* due process analysis to delay between the seizure of property and the ancillary hearing to determine whether the due process rights of a third-party petitioner were violated. *United States v. Coffman,* 2015 U.S. App. LEXIS 7887, at *27-30 (6th Cir. May 11, 2015). Two judges of this Court have also indicated that a third party petitioner has a due process right to an ancillary hearing at a meaningful time. *United States v. Bikundi*, 125 F. Supp. 3d 178, 186-87 (D.D.C. 2015); *Sunrise Academy v. United States*, 791 F. Supp. 2d 200, 206-07 (D.D.C. 2011) (finding "no reason to believe that [plaintiff Sunrise] will be significantly damaged if adjudication of their claims is postponed pending a post-trial ancillary hearing" but recognizing the due process right to an ancillary hearing at a meaningful time).

Congress has also indicated in 21 U.S.C. § 853(n)(4) that ancillary petitions should be adjudicated with dispatch, to the extent practicable. § 853(n)(4) states: "The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." Woodlawn's initial petition (Doc. 15) was filed on November 30, 2018, which is about 385 days ago. However, we are still far from the day when the Court will be

in a position to conduct a merits hearing on Woodlawn's petition. Woodlawn asks the Court to set a status hearing at an early date so that the parties and the Court can discuss how to move this case forward as expeditiously and fairly as the circumstances permit.

WHEREFORE, the Court should hold a status hearing at an early date in this case.

Dated:  December 27, 2019                           Respectfully submitted,

                                                          */s/ David B. Smith*
David B. Smith
D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st Floor
Alexandria, Virginia 22314
(703) 548-8911
Facsimile (703) 548-8935
dbs@davidbsmithpllc.com
*Counsel for Woodlawn, LLC*

**Certificate of Service**

I hereby certify that on the 27th day of December, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Andrew Weissmann
>U.S. Department of Justice
>Special Counsel's Office
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530
>aaw@usdoj.gov

>Daniel H. Claman
>U.S. Department of Justice, Criminal Division
>Money Laundering and Asset Recovery Section
>1400 New York Avenue, N.W.
>Suite 10200
>Washington, D.C. 20530
>daniel.claman@usdoj.gov

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>      */s/ David B. Smith*
>David B. Smith
>D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st Floor
>Alexandria, Virginia 22314
>(703) 548-8911
>Facsimile (703) 548-8935
>dbs@davidbsmithpllc.com
>*Counsel for Woodlawn, LLC*