UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant.<br><br>IN RE: PETITIONS FOR RELIEF<br>CONCERNING CONSENT ORDER OF<br>FORFEITURE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:18-mc-00167-ABJ |

**PETITIONERS THE FEDERAL SAVINGS BANK AND NATIONAL BANCORP HOLDINGS, INC.'S SURREPLY IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR DISCOVERY**

The government's Reply in Support of Its Motion for Discovery Under Federal Rule of Criminal Procedure 32.2(c)(1)(B) Concerning Petitions of The Federal Savings Bank and National Bancorp Holdings, Inc. ("Reply") (Dkt. No. 103) distorts the law and the record.

The government first misstates the record when it asserts that the Collateral Properties were forfeited as criminal proceeds. Reply at 4–8. But the government's assertion that the record clearly establishes the basis for forfeiture is belied by the consent forfeiture order, which states that the Collateral Properties are forfeited as criminal proceeds or "in the alternative, as substitute assets," (Cr. Dkt. No. 443 at 3), and by the order of forfeiture, which states that the Collateral Properties are forfeited as "proceeds" from the crime, "*or* [] property traceable thereto, *or*, alternatively, can be forfeited as Substitute Property," (Cr. Dkt. No. 549 at 2).[1] The

---

[1] Similarly, Mr. Manafort agreed in his plea agreement that the Collateral Properties can "be considered substitute assets for the purpose of forfeiture." (Cr. Dkt. No. 422 at 11.)

government now seeks to exploit this equivocation to the detriment of innocent third-party petitioners, arguing that they are barred from re-litigating the basis for forfeiture and are bound by an agreement the government struck with a convicted felon—who, conveniently for the government, agreed to any and all bases of forfeiture—without ever offering *any* evidence establishing *any* connection between the Collateral Properties and the crimes of conviction. But, as the Second Circuit emphatically held in *United States v. Daugerdas*, that is unconstitutional. 892 F.3d 545, 558 (2d Cir. 2018).

The government cites *Daugerdas* for other propositions but curiously omits *Daugerdas*' watershed holding from its Reply. Because the government did not argue until its Reply that Petitioners are precluded from challenging that the Collateral Properties are criminal proceeds rather than substitute assets (Reply at 5), Petitioners are now compelled to respond.

The Second Circuit held in *Daugerdas* that the wife of a defendant convicted of tax fraud, who sought to assert a third-party interest in assets determined to be forfeitable to the government as proceeds of the defendant's crimes, had a Due Process right to challenge that determination because "[i]t is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Id.* at 557 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979)). The Second Circuit thus disagreed with the district court, which reasoned—as the government erroneously does here—that because the question of whether the forfeited assets arose from the defendant's criminal activity had already been decided by the district court as part of the defendant's sentencing, the wife could not re-litigate the issue of whether those assets should be characterized not as criminal proceeds but as substitute assets. The Second Circuit explained that because the wife had been barred by 21 U.S.C. § 853(k) from participating in the husband's

criminal proceedings and challenging the basis for forfeiture, and because the distinction between criminal proceeds and substitute assets is critical in determining when the interest in the forfeited properties vests, it would be a violation of the wife's Due Process rights to bind her "by an adjudication of [an] issue . . . in a proceeding in which she was not permitted to participate." *Id.* at 558. *Daugerdas* thus plainly undercuts the government's argument that Petitioners should be precluded from re-litigating the basis for the forfeitability of the Collateral Properties. *See* Reply at 5.

The government asserts that, in any event, the record demonstrates the requisite nexus between the Collateral Properties and the offense of conviction. It plainly does not. The government does not cite to a single piece of evidence; rather, the government cites a slew of documents—mostly, superseded indictments—that *allege* that the Collateral Properties were among the specific properties traceable to Mr. Manafort's crime. Reply at 6–9.[2] The government then surmises that because Mr. Manafort pled guilty, he admitted to each of those allegations thus establishing the requisite nexus. The government is wrong. *First*, Mr. Manafort's self-serving plea—which allowed him to forfeit properties in which he no longer had an interest to satisfy the forfeiture judgment against him—does not preclude Petitioners from re-litigating the basis for forfeiture, as *Daugerdas* held. *Second*, at his guilty plea, Mr. Manafort

---

[2] The government also cites to the superseding indictments for the proposition that the grand jury made an "express finding of probable cause that each of the [Collateral] Properties were among the specific properties traceable to [Mr. Manafort's] criminal conspiracy." Reply at 7. But the government is wrong in suggesting that a jury's finding of probable cause to believe that certain property will be subject to forfeiture upon conviction is equivalent to establishing the nexus required by Federal Rule of Criminal Procedure 32.2(b)(1)(A) and precludes Petitioners from re-litigating the basis for the forfeitability of the Collateral Properties. In any event, Mr. Manafort did not plead guilty to any of the superseding indictments; rather, he pled guilty to a superseding criminal information to which no finding of probable cause attaches. (*See* Cr. Dkt. No. 422 at 10.)

was not allocated on any facts establishing that the Collateral Properties were traceable to his crimes of conviction. Rather, as explained, Mr. Manafort agreed to forfeit the Collateral Properties as criminal proceeds "or" substitute assets, and the consent forfeiture order offers no evidence for the forfeiture beyond Mr. Manafort's agreement. If there is indeed "ample basis in the record" to establish the requisite nexus, as the government now claims (Reply at 6), it is baffling why the government would ask Mr. Manafort to forfeit the Collateral Properties as criminal proceeds "or" substitute assets.[3]

## CONCLUSION

The Court should deny the government's motion for discovery.

Respectfully submitted,

*/s/ Seetha Ramachandran*
Seetha Ramachandran *(Admitted Pro Hac Vice)*
Lucas Kowalczyk *(Admitted Pro Hac Vice)*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: 212.969.3000
Fax: 212.969.2900
SRamachandran@proskauer.com

Owen Masters (D.C. Bar No. 242139)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
Phone: 202.416.6828
Fax: 202.416.6899

*Counsel for Petitioners The Federal Savings Bank and National Bancorp Holdings, Inc.*

---

[3] It is equally baffling that the government in passing also cites to Richard Gates's trial testimony from Mr. Manafort's trial in the Eastern District of Virginia because the government there took the position that Petitioners are ***victims*** of Mr. Manafort's fraud. In any event, Mr. Gates's testimony proves nothing.