# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL J. MANAFORT, JR.,** | : | |
| | : | |
| *Defendant* | : | |
| | : | |
| **IN RE:** | : | **Case No. 1:18-mc-00167** |
| **PETITIONS FOR RELIEF CONCERNING** | : | |
| **CONSENT ORDER OF FORFEITURE** | : | **Judge Amy B. Jackson** |
| | : | |
| **WOODLAWN, LLC,** | : | |
| | : | |
| *Petitioner* | : | |
| | : | |

**PETITIONER WOODLAWN, LLC'S**
**FIRST COMBINED SET OF DISCOVERY REQUESTS**

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Petitioner

Woodlawn, LLC serves the following requests for production of documents, requests for

admission, and interrogatories upon Plaintiff. Plaintiff is instructed to respond to these requests

in writing, under oath, within thirty (30) days of service, and deliver said responses to the

attention of David B. Smith, David B. Smith, PLLC, 108 North Alfred Street, 1ˢᵗ FL, Alexandria,

Virginia 22314. These requests are deemed to be continuing in nature to the full extent permitted

under the Federal Rules of Civil Procedure and Local Civil Rules so as to require prompt

supplementation should Plaintiff obtain further information relating hereto between the time the

responses are served and the time of trial. Petitioner reserves the right to serve further discovery requests in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

## **DEFINITIONS**

The text of the definitions and rules of construction set forth in Federal Rules of Civil Procedure 34(a) and Local Civil Rule 26.1 are deemed incorporated by reference into this discovery request.  Additionally, as used in these requests, the following terms have the meaning indicated:

1.      The "Action" means the above-referenced action. "All," "any," "each," and "every" shall be construed as inclusive or exclusive, and shall each be construed as both "each" and "every" to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

2.      "Claimant" and "Petitioner" both refer to Petitioner Woodlawn LLC. "Claimant" and "petitioner" are used interchangeably in this document.

3.      "Correspondence" means any and all letters, emails, text messages, instance messages, facsimile transmissions or other forms of communications sent from any source to any recipient.

4.      "Property" or "asset" shall be read to have the same meaning.

5.      "Document" means all writings, recordings, and photographs as defined in Rule 1001 of the Federal Rules of Evidence, including documents maintained or stored electronically.

6.      "Identify" means you must state the following:

(a)      The full name of the individual or entity;

(b)      The present or last known address and telephone number of the individual or entity;

(c)      If identifying an individual, state the individual's job title;

2

(d)     If identifying an entity, identify the individual officer, employee, or agent most closely connected with the subject matter of the interrogatory and identify, also, the officer or employee who is responsible for supervising the identified office or employee.

7.      "Investigation" means any inquiry you, the U.S. Attorney's Office, MLARS, the Special Counsel (Robert Mueller's Office) or any federal or state law enforcement agency or Task Force made into Petitioner's or Momentum Capital, LLC's or Arjan Zieger's or Scott Adler's background, political activities, finances, criminal record, illegal activity, drug use, or citizenship status. "You" or "Your" refers to the Plaintiff United States of America, and all employees, officers, departments, agencies and task forces therein.

## **INSTRUCTIONS**

1.      Construe each request herein independently and not with reference to any other request for the purposes of limitation.

2.      If you contend that you do not understand a term or phrase used in any request, respond to that portion of the request that you do understand and explain what it is that you do not understand with regard to the remainder of the request.

3.      If you object to a request as overbroad, respond to that portion of the request that you believe is unobjectionable and identify in what respect you assert that the request is overbroad.

4.      If you object to an instruction, definition, or request as vague or ambiguous, identify what language you consider vague or ambiguous and state the interpretation used in your response.

5.      If you object to a request on the basis of a claim of privilege, provide the information described in Fed. R. Civ. P. 26(b)(5).

6.      If you cannot answer the following discovery requests in full after exercising due diligence to secure the full information to do so, state an answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what was done in attempting to secure the unknown information.

7.      For each individual identified in response to one of the following discovery requests, provide the past and present job titles for that individual.

## REQUESTS FOR PRODUCTION

1.      A copy of every seizure warrant request or application submitted to a state or federal court in Paul Manafort's criminal cases (both in Virginia and D.C.)  or in this forfeiture matter, whether issued or rejected by the court, and every search or seizure warrant issued by the courts.

2.      A copy of every affidavit or other document provided by you to any state or federal court in support of your application for a search or seizure warrant in Paul Manafort's criminal cases (both in Virginia and D.C.) or in this forfeiture matter.

3.      A transcript of any hearing concerning a search or seizure warrant issued in this forfeiture matter or in Paul Manafort's criminal cases (both in Virginia and D.C.).

4.      A copy of all reports and communications relating to either the evidence obtained from the search of Paul Manafort's residence in Alexandria, Virginia on or about July 26, 2017, or the continuing criminal investigation of Manafort after that date. This includes, but is not limited to, press releases and other information provided to the public regarding the investigation of Mr. Manafort on or at any time, whether before or after the search on July 26, 2017.

4

5.      A copy of the FBI's and every other federal law enforcement agency's complete files in this forfeiture matter, and files or documents related to it, although they may be found in the law enforcement agencies' other files, for example, those primarily related to the criminal investigation and case against Paul Manafort, including but not limited to the investigating officers' notes, all correspondence among law enforcement personnel, and any files acquired from other government agencies regarding this forfeiture matter, the "Baxter Street Property" or the "Baxter Loan" as those terms are defined by Plaintiff in ¶¶3 and 4 of its "Definitions" in United States' First Set of Requests for Production to Woodlawn, LLC.

6.      Any and all documents and correspondence and communications relating to or referring to Petitioner or Momentum Capital, LLC or Arjan Zieger or Scott Adler or Keith Berglund, or Paul Manafort, or Kathleen B. Manafort, or Andrea L. Manafort, or Bruce Baldinger, Jesand, LLC or any person acting on behalf of such person or entity, or the Baxter Street Property or the Baxter Loan, including but not limited to memoranda, notes, and documentation discussing related conversations.

7.      All documents or correspondence from, to, or concerning anyone you expect that you may call as a witness in this case.

8.      All communication or correspondence that you sent directly to, or received from, Petitioner or its attorneys or agents before March 1, 2020.

9.      All documents relating to or correspondence sent directly to, or received from, bank personnel from any bank relating to the Petitioner or Momentum Capital, LLC or Arjan Zieger or Scott Adler or Keith Berglund, or Paul Manafort, or Kathleen B. Manafort, or Andrea L. Manafort, or Bruce Baldinger, Jesand, LLC (including any of the bank's branches, corporate

officers, or agents), including but not limited to letters, emails, suspicious activity reports, or notes.

10.     All internal and external communications by and between You and the Manaforts, their relatives or their representatives relating to the marketing for sale of the Baxter Street Property.

11.     All internal and external communications by and between You and the Manaforts, their relatives or their representatives relating to substituting the Baxter Street Property into the Manafort asset forfeiture.

12.     All internal and external communications by and between You and the Manforts, their relatives or their representatives relating to the disposition of the Manafort's Alexandria, VA property where Kathleen Manafort resides.

13.     All internal and external communications by and between You and the Manaforts, their relatives or their representatives relating to exchanging the Kathleen Manafort primary residence in Alexandria, VA for the Baxter Street Property.

14.     For any Request for Admission (see below) that you deny, provide any documents supporting your denial and identify which RFA the documents relate to.

15.     All documents on which you rely for your claims and factual assertions in response and/or opposition to Woodlawn, LLC's Second Amended Petition filed on Jan. 7, 2019 or Woodlawn's Motion for Summary Judgment.

## REQUESTS FOR ADMISSION

16.     Admit that during your investigation you never found proof that Petitioner or Momentum Capital, LLC or Arjan Zieger or Scott Adler or Keith Berglund, or Kathleen B.

Manafort, or Andrea L. Manafort, or Bruce Baldinger, or Jesand, LLC ever engaged in any criminal activity.

17.     Admit that during your investigation you never found proof that the Baxter Street Property included proceeds from Paul Manafort's criminal activity charged in any of his indictments or information.

18.     Admit that you have no evidence that the Baxter Street Property represents the proceeds of an offense for which Paul Manafort was convicted.

19.     Admit that you have no evidence that Petitioner, or any person associated with Petitioner, *knew* at the time when Petitioner concluded its loan agreement with the Manaforts, on August 7, 2017, that the Baxter Street Property was subject to forfeiture.

20.     Admit that you have no evidence that Petitioner, or any person that was associated with Petitioner, had *reasonable cause to believe* at the time when Petitioner concluded its loan agreement with the Manaforts on August 7, 2017, that the Baxter Street Property was subject to forfeiture.

21.     Admit that you have no evidence that Petitioner does not qualify as a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B).

22.     Admit that you have no evidence that Petitioner's security interest in the Baxter Street Property is not, under 21 U.S.C. § 853(n)(6)(A), "a legal right, title, or interest in the property" that was "vested in the petitioner rather than the defendant [Manafort] or was superior to any right, title, or interest of the defendant" at a time prior to the acts which rendered the Baxter Street Property subject to forfeiture as a "substitute property" of Paul Manafort.

23.     Admit that you have no evidence that any of the facts alleged by Petitioner in its Motion for Summary Judgment, Doc. 44 at pages 3-6, in 15 numbered paragraphs, are false or inaccurate.

24.     Admit that you have no evidence that Petitioner's loan to the Manaforts was not an arms-length transaction at a market rate of interest.

25.     Admit that you have no evidence that the Baxter Street Property was seized or about to be seized at the time when Petitioner concluded its loan agreement with the Manaforts, on August 7, 2017.

26.     Admit that you have no evidence that the government informed Petitioner or the general public that the Baxter Street Property was going to be seized or forfeited at or before the time when Petitioner concluded its loan agreement with the Manaforts, on August 7, 2017.

27.     Admit that you have no evidence that Paul Manafort had been arrested or charged with a crime at the time when Petitioner concluded its loan agreement with the Manaforts, on August 7, 2017.

28.     Admit that the bona fide purchaser defense to criminal forfeiture turns on knowledge that the *specified property* is subject to forfeiture and that the third party's generalized knowledge of fraud or some other crime committed by the defendant is not enough.

29.     Admit that Petitioner has a first priority security lien in the Baxter Street Property to secure its loan in the principal amount of $1,025,000.00 to the Manaforts, as referenced by a Secured Promissory Note dated August 7, 2017, which mortgage was recorded in Manhattan (New York County) on August 16, 2017.

30.     Admit that Arjan Zieger is the person whose identity Petitioner sought to protect.

31.     Admit that Scott Adler considered the loan to the Manaforts "a great opportunity" and that Adler mentioned the loan proposal from Mr. Manafort to others, including his friend and attorney Keith Berglund who, in turn, brought the loan idea to Zieger, who also found the loan's terms attractive, as reported in the June 4, 2019 Bloomberg News article, *Manafort's Mystery Lender Steps Forward After Gaffe in Filing*, which article you have.

32.     Admit that the source of funding for Zieger's loan to the Manaforts was Zieger's LLC, Momentum Capital of Santa Monica, CA.

33.     Admit that Zieger has and had no relationship with Paul Manafort other than the "relationship", if any, established through Petitioner's loan to the Manaforts.

## INTERROGATORIES

34.     Identify all Persons with knowledge concerning the subject matter of this forfeiture action or Petitioner's third-party claims, and describe the facts of which each Person identified has knowledge.

35.     Identify all Persons who participated in and/or have knowledge of the July 26, 2017 search of Paul Manafort's residence in Alexandria, Virginia.

36.     Identify each item seized during or after the search on July 26, 2017 of Paul Manafort's residence in Alexandria, Virginia that you contend made it more likely that the government would seek forfeiture of the Baxter Street Property as a substitute asset; and the earliest time when such seized item or information obtained from that item was made available to the public.

37.     Identify any Person whom you believe you may call as a witness in this case and describe the nature of their testimony and/or any evidence they might present at trial.

38.     Identify any Person who assisted you in obtaining the information discussed or alleged in your responses and/or opposition to Woodlawn, LLC's Second Amended Petition filed on Jan. 7, 2019 and Woodlawn's Motion for Summary Judgment and provide the dates and summary description of such assistance.

39.     Describe any and all facts, evidence, and witnesses that support your contention that Woodlawn's loan to the Manaforts may be a "sham," as you asserted in Doc. 55-2, the Claman Declaration, ¶¶ 15-17 and in Doc. 60 at page 5 and Doc. 78 at page 5. Describe how the "Baldinger letter" you reference there "reveals a disputed material fact as to whether the loan was a sham."

40.     To the extent you know of any evidence you may use in this lawsuit, identify each piece of evidence and the manner in which you anticipate using it.

41.     Identify the Persons who are responsible for the care, maintenance and possible sale of the Baxter Street Property and any person who has indicated an interest in purchasing the Property and at what price.

42.     Identify all Persons who were consulted, relied upon, or otherwise constituted a source of information in connection with the preparation of the answers to these Requests for Admissions, Interrogatories, and document requests, listing with respect to each Person the number(s) of the Requests for Admissions or Interrogatories he or she helped to prepare or for which he or she was consulted, relied upon, or otherwise constituted a source of information.

Respectfully submitted,


 */s/ David B. Smith*
David B. Smith
DC Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Counsel for Claimant Woodlawn, LLC*

## <u>Certificate of Service</u>

I hereby certify that on the 11th day of March, 2020, I served a copy of the foregoing pleading via email upon the following counsel for the government:

> Daniel H. Claman
> U.S. Department of Justice, Criminal Division
> Money Laundering and Asset Recovery Section
> 1400 New York Avenue, N.W., Suite 10200
> Washington, D.C. 20530
> daniel.claman@usdoj.gov

*/s/ David B. Smith*
David B. Smith
DC Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Counsel for Claimant Woodlawn, LLC*

12