# Exhibit 2



**U.S. Department of Justice**

Criminal Division

*Money Laundering and Asset Recovery Section*     *Washington, D.C. 20530*

March 26, 2020

VIA Electronic Mail

David B. Smith, Esq.
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314

      RE:    *In Re: Petitions for Relief* 1:18-mc-00167-ABJ (D.D.C.)
             *United States v. Paul J. Manafort, Jr.*, No. 17-cr-201-1 ABJ (D.D.C.)

Dear Mr. Smith:

      On March 11, 2020, by electronic mail, you transmitted extensive discovery requests to the United States, including Requests for Production, Requests for Admission, and Interrogatories. As you know, the Court's, February 19, 2020, Memorandum Opinion and Order granted the United States' motion for discovery pursuant to Fed. R. Crim. P. 32.2 and authorized the government to propound discovery to Petitioner Woodlawn, LLC. Dkt. No. 106. The Court's Order does not authorize Woodlawn to propound discovery to the United States. *Id.*

      Indeed, Woodlawn filed a motion for summary judgment premised on an absence of a disputed material fact (Dkt. No. 44), and, in opposition to the United States' motion for discovery, expressly argued that "Woodlawn does not believe that *any* discovery is necessary to resolve its claims…" Dkt. No. 61 at 14 (emphasis in original). Thus, your expansive discovery requests do not seem necessary or desireable to resolve factual issues in this case.

      Because Woodlawn neither requested nor obtained a Court order pursuant to Fed. R. Crim. P. 32.2 authorizing it to propound discovery, the United States objects to and will not respond to any of your unauthorized discovery requests.

Sincerely,

*/s/ Daniel H. Claman*
Daniel H. Claman
Money Laundering and
   Asset Recovery Section