UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,               ) </br> ) </br> v.                                                                ) </br> ) </br> PAUL J. MANAFORT, JR.,                        ) </br> ) </br> Defendant.                          ) </br> _____) </br> ) </br> IN RE: PETITIONS FOR RELIEF                 ) </br> CONCERNING CONSENT ORDER OF      ) </br> FORFEITURE                                              ) </br> _____) </br> ) </br> THE FEDERAL SAVINGS BANK,               ) </br> ) </br> Petitioner,                         ) </br> _____) </br> ) </br> NATIONAL BANCORP HOLDINGS, INC., ) </br> ) </br> Petitioner.                         ) </br> _____) | Case No. 1:18-mc-00167-ABJ |

**UNITED STATES' STATUS REPORT REGARDING DISCOVERY CONCERNING PETITIONS OF THE FEDERAL SAVINGS BANK AND NATIONAL BANCORP HOLDINGS, INC.**

The United States of America, by and through its undersigned counsel, respectfully submits this Status Report in response to the Court's May 26, 2020, Order authorizing discovery regarding the Petitions of The Federal Savings Bank (TFSB) and National Bancorp Holdings, Inc. (NBH), which assert an interest in 174 Jobs Lane, Water Mill, New York 11976 (the "Jobs Lane Property"), 377 Union Street, Brooklyn, New York 11231 (the "Union Street Property"), and all funds held in TFSB account number XXXXXX0969 ("TFSB Account 0969"). In particular, the Court requested that the United States provide an update concerning the timing of

the trial in *United States v. Stephen M. Calk,* 1:19-cr-366 (LGS) (S.D.N.Y.) and specify discovery that needs to await the end of that trial.

The trial in *United States v. Stephen M. Calk* is currently scheduled to begin on September 3, 2020.  Apr. 23, 2020, Scheduling Order (Calk Dkt. No. 72).  However, on June 25, 2020, the Government filed a joint request with the defendant to adjourn the trial date.  Joint Letter Motion (Calk Dkt. No. 89).  The defense has requested that the trial be adjourned until October 2020 or as soon thereafter as practicable given the COVID-19 pandemic.  *Id.*  The Government has suggested that it would be prudent and more efficient for the trial to be scheduled for early 2021, noting, among other things, the concerns of certain witnesses regarding travel due to the pandemic and anticipated intensive trial preparation.  *Id.*  The U.S. District Court for the Southern District of New York has not yet ruled on the motion to adjourn the trial date.

In its Order authorizing discovery in this matter, this Court identified seven categories of information that are appropriate for discovery in these ancillary proceedings regarding the petitions of TFSB and NBH.  (Docket 111 at 11-12).  Several of these subject areas relate to the knowledge and practices of the bank, its holding company, and employees, as well as their communications with Manafort.  *See id.* at ¶¶ 4, 7.  Other subject areas, such as TFSB and NBH defenses and their business practices and procedures, relate to the Petitioners' assertions regarding their knowledge of Manafort's conduct and the extent that they departed from established procedures. *See id.* at ¶¶ 1, 3, 6.  The indictment against Calk contains extensive, detailed allegations regarding the communications between Manafort and Calk and various bank employees, the bank's consideration of risks associated with issuing loans to Manafort, and departures from the regular practices of TFSB and NBH.   Because, as the Court has noted,

Calk's trial "is inexorably linked with petitioners' claims" in these ancillary proceedings (Dkt. No. 111 at 11), the United States contends that discovery constituting statements of TFSB and NBH or persons who may testify at trial should be deferred until after Calk's trial, including certain depositions, interrogatories, and requests for admissions.

In addition to a deposition of Calk, depositions of the Petitioners and certain employees or third parties should be deferred until after trial. Petitioners TFSB and NBH have asserted in their petitions that they lacked knowledge of Manafort's criminal conduct and were reasonably without cause to believe the property was subject to forfeiture. Dkt. No. 8 at ¶¶ 11, 14; Dkt. No. 9 at ¶¶ 15, 18. To discover the basis of these assertions and the degree to which the Petitioners' action did or did not adhere to established practices and policies, the United States intends to take depositions of both TFSB and NBH pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Similarly, given the risks asserted in the loan memoranda and TFSB's rejection of a prior loan to Manafort, depositions of persons with knowledge of these loan applications and determinations, as well as the involvement and actions of Calk would be appropriate. However, the procedures and knowledge of the institutions and individuals involved in considering the loans to Manafort are also reflected in the allegations in the Calk indictment. Deposition testimony of TFSB and NBH, their employees, and possible third parties with knowledge of their conduct prior to Calk's trial may disclose potential trial testimony or burden efforts of either the prosecution or the defense to prepare for trial. Moreover, because TFSB and NBH would have to provide responses in a 30(b)(6) deposition that include information within the knowledge of Calk and bank officials who may be witnesses in the criminal trial, such testimony would likely to be incomplete prior to trial or similarly burden the litigants in New York.

Just as verbal testimony of TFSB and NBH and their employees could produce incomplete responses or complicate trial preparations prior to Calk's trial, other discovery of a testimonial nature, including certain interrogatories and requests for admission, could result in partial statements or testimony that would be elicited more directly at Calk's trial. Thus, interrogatories seeking information regarding Petitioners' defenses and knowledge of Manafort's conduct, as well as many requests for admission, such as those relating to the specific knowledge of the Petitioners and their employees, should be deferred until after Calk's trial.

Nevertheless, while many of the facts at issue in these ancillary proceedings are inexorably linked to the conduct that is the subject of allegations in the Calk indictment, some written discovery can proceed prior to trial. For example, initial written discovery seeking identification of pre-existing documents, the relationship between the Petitioners, their organizational structure, and their extant written policies could go forward without affecting or being affected by the upcoming Calk trial. Similarly, written discovery to clarify what loan amounts have been recovered or written off by TFSB or NBH and the extent to which each Petitioner claims particular amounts, is not expected to implicate the Calk trial. After receipt of additional information through written discovery and in consultation with the Petitioners, the United States may be able to identify whether narrowly focused depositions or other testimonial discovery could be undertaken prior to the Calk trial.

                                                Respectfully submitted,

                                                MICHAEL R. SHERWIN
                                                Acting United States Attorney

By:   _____
       Zia M. Faruqui, D.C. Bar 494990
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C.  20530

        (202) 252-7117 (Faruqui)
        zia.faruqui@usdoj.gov

By:    */s/ Daniel H. Claman*
       Daniel H. Claman
       Money Laundering and
          Asset Recovery Section
       Criminal Division
       U.S. Department of Justice
       1400 New York Avenue, N.W., Suite 10100
       Washington, D.C. 20530
       Telephone:  (202) 514-1263

       Counsel for the United States of America