UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL J. MANAFORT, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | )   Case No. 1:18-mc-00167-ABJ |

**JOINT MOTION TO STAY DISCOVERY BETWEEN
THE UNITED STATES AND WOODLAWN, LLC**

The United States of America and Petitioner Woodlawn, LLC, by and through their counsel, respectfully move this Court pursuant to stay discovery between these parties in light of progress made toward settlement. Pursuant to this Court's orders, the deadline for the United States to conclude fact discovery from Woodlawn is November 13, 2020. However, the parties have made substantial progress toward settlement and jointly move this Court to stay all discovery in light of their shared desire to formalize an agreement, if possible. In support of this motion, the parties state:

1.  The Court's February 19, 2020, Order granted the United States' Rule 56(d) Motion for Discovery, authorizing the requested three-month discovery period. *See* February 19, 2020, Memorandum Opinion and Order (Dkt. No. 106).

2.  Pursuant to the Court's order, the United States issued written discovery to Woodlawn, LLC including interrogatories, special interrogatories, and requests for production. The United States issued document subpoenas and noticed depositions for several witnesses.

1

The United States also requested that Woodlawn provide supplementary information in response to the United States' discovery requests.

3. Rather than conduct the noticed depositions as scheduled, the parties began settlement negotiations, which remain ongoing. These settlement discussions have including holding numerous productive telephone conversations, reviewing drafts of proposed affidavits to supplement the facts provided in Woodlawn's petition, and exchanging information and proposed settlement offers.

4. On October 9, 2020, the Court granted the parties' consent motion for an extension of time to continue these good faith settlement negotiations, extending the United States' discovery deadline to November 13, 2020. *See* October 9, 2020, Minute Order.

5. The parties now seek to stay discovery in order to attempt to finalize a written settlement agreement. Should the parties be unable to complete and file a signed settlement agreement with the Court by January 8, 2021, the parties will propose a schedule to complete discovery regarding Woodlawn's petition at that time.

## ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to stay is within the discretion of the court. *Id.*

In light of the parties' settlement discussions, there is good cause for the Court to grant the parties' joint motion for a stay. A stay of discovery would promote judicial economy, as it would provide the parties with an opportunity to resolve this matter with minimal further burden on the Court's resources. In addition, a brief stay would not cause any undue delay of the

Court's docket while conserving the resources of the parties and their counsel.  It would in the interim obviate the need for the parties to expend substantial and potentially unnecessary time and costs to conduct depositions and conclude other discovery while they attempt to reach a settlement.  The parties, therefore, believe that a stay pending the parties' good faith settlement negotiations affords the most efficient avenue for disposition of this action at this time.

Pursuant to Local Rule 7(m), counsel for the United States and Woodlawn have conferred and jointly submit this motion.

Wherefore, the United States and Woodlawn request that the Court enter an order staying discovery until further Order of the Court.  These parties further request that the Court direct the parties to submit a proposed discovery schedule on or before January 8, 2021, if they are unable to conclude and submit a settlement agreement to the Court prior to that date.  A proposed order is attached.

          Respectfully submitted,

          MICHAEL R. SHERWIN
          Acting United States Attorney

By:    */s/ Arvind K. Lal*
       Arvind Lal, D.C. Bar No. 389496
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C.  20530
       (202) 252-7688
       Arvind.Lal@usdoj.gov

By: */s/ Daniel H. Claman*
Daniel H. Claman
Money Laundering and
   Asset Recovery Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone: (202) 514-1263
Daniel.Claman@usdoj.gov

*Counsel for the United States of America*


By: */s/ David. B. Smith*
David B. Smith
D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st Floor
Alexandria, Virginia 22314
(703) 548-8911
Facsimile (703) 548-8935
dbs@davidbsmithpllc.com

*Counsel for Woodlawn, LLC*

4