UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>PAUL J. MANAFORT, JR., )<br>)<br>      **Defendant.** )<br>_____)<br>)<br>IN RE: PETITIONS FOR RELIEF )<br>CONCERNING CONSENT ORDER OF )<br>FORFEITURE )<br>_____)<br>)<br>THE FEDERAL SAVINGS BANK, )<br>)<br>      **Petitioner,** )<br>_____)<br>)<br>NATIONAL BANCORP HOLDINGS, INC., )<br>)<br>      **Petitioner.** )<br>_____) | Case No. 1:18-mc-00167-ABJ |

**PETITIONERS THE FEDERAL SAVINGS BANK AND NATIONAL BANCORP HOLDINGS, INC.'S MOTION TO LIFT AND VACATE PROPERTY RESTRAINTS**

Petitioners The Federal Savings Bank ("TFSB") and National Bancorp Holdings, Inc. ("NBH") (collectively, "Petitioners") respectfully request that, in light of the President's full and unconditional pardon of defendant Paul J. Manafort, Jr., the Court lift and vacate all restraints on certain property that the government sought to forfeit following Mr. Manafort's guilty plea before this Court.

Petitioners, undisputed victims of Mr. Manafort's fraud, filed third-party petitions asserting claims under 21 U.S.C. § 853(n)(6)(A) and (B) to property Mr. Manafort pledged as collateral for loans he obtained from TFSB. This collateral consists of: (1) the real property and

premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon; (2) the real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon; and (3) all funds held in account number XXXXXX0969 held at TFSB. ("Collateral Properties").  (Dkt. Nos. 8, 9.)  TFSB became a secured lienholder on the Collateral Properties, and its holding company, NBH, also acquired an interest in the Collateral Properties.

Pursuant to this Court's May 26, 2020 order, as subsequently modified, the parties are currently engaged in the initial phase of discovery regarding the petitions to be followed by a second phase commencing fifteen days after the conclusion of the trial in *United States v. Stephen M. Calk*, 1:19-cr-366 (LGS) (S.D.N.Y.), presently scheduled for February 16, 2021.  (Dkt. No. 122.)

On December 23, 2020, the President granted Mr. Manafort "a full and unconditional pardon" for his convictions resulting in the forfeiture of the Collateral Properties.  (A copy of the President's pardon is hereby attached as Exhibit 1).[1]

The Constitution provides that "[t]he President . . . shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment."  U.S. Const. Art. II, § 2, cl. 1.  A presidential pardon "exempts the individual on whom it is bestowed, from the punishment the law inflicts for a crime he has committed."  *United States v. Wilson*, 32 U.S. 150, 150 (1833).  While a pardon reaches "the punishment prescribed for the offence and the guilt of the offender," it also "removes the penalties and disabilities" imposed by the

---

[1] A copy of the pardon is also available on the government's websites at https://www.justice.gov/pardon/pardons-granted-president-donald-trump and https://www.justice.gov/file/1349071/download.

conviction.  *Ex parte Garland*, 71 U.S. (4 Wall.) 333, 380–81 (1866).  Thus, as is well established, "a Presidential pardon . . . relieve[s] the defendant from the forfeiture of property." *Richards v. United States*, 192 F.2d 602, 606–07 (D.C. Cir. 1951); *see also Osborn v. United States*, 91 U.S. 474, 479 (1875) (ordering return of forfeited property belonging to pardoned petitioner where proceeds had not yet been distributed or paid to others).  Indeed, it is hornbook law that a criminal conviction is the prerequisite for criminal forfeiture, and absent a conviction, the government may not criminally forfeit a defendant's property.  *See, e.g.*, 21 U.S.C. § 853(a); *United States v. Young*, 330 F. Supp. 3d 424, 428 (D.D.C. 2018).

The Collateral Properties are currently subject to a restraint imposed on them by this Court's approval of the October 9, 2018 Consent Order of Forfeiture, which authorized the government to "seize the Forfeited Assets and to take full and exclusive custody" of them.  (Dkt. No. 443 at 4–5.)[2]  Accordingly, shortly thereafter the government took possession of the Collateral Properties, including approximately $2.5 million held in account at TFSB, and TFSB has been unable to commence foreclosure proceedings.  However, in light of the President's pardon and its legal effect of relieving Mr. Manafort from that preliminary order of criminal forfeiture, any restraint imposed by that order must be immediately lifted and vacated.  *See, e.g.*, *United States v. Flynn*, No. 17-cr-232, 2020 WL 7230702, at *1 (D.D.C. Dec. 8, 2020) (granting a motion to dismiss criminal case as moot in light of a presidential pardon).  Mr. Manafort has defaulted on approximately $16 million in loans from TFSB and has no valid claim to the Collateral Properties.  Lifting and vacating the restraint on the Collateral Properties would enable them to be restored to TFSB, which suffered a loss of at least $16 million as a result of Mr. Manafort's conduct.

---

[2] Filed in *United States v. Manafort*, Crim. Case No. 17-cr-201 (D.D.C.).

3

WHEREFORE, for the foregoing reasons, Petitioners respectfully request that the Court lift and vacate all restraints on the Collateral Properties subject to forfeiture in the above action.

Respectfully submitted,

*/s/ Seetha Ramachandran*
Seetha Ramachandran *(Admitted Pro Hac Vice)*
Lucas Kowalczyk *(Admitted Pro Hac Vice)*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: 212.969.3000
Fax: 212.969.2900
SRamachandran@proskauer.com

Jennifer E. Tarr (D.D.C. Bar No. IL0028)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
Phone: 202.416.6846
Fax: 202.416.6899

*Counsel for Petitioners The Federal Savings Bank and National Bancorp Holdings, Inc.*

**Statement of Compliance with L.Cv.R. 7(m)**

Pursuant to L.Cv.R. 7(m), on December 28–29, 2020, the undersigned Petitioners' counsel conferred with Daniel Claman, counsel for the government, regarding Petitioners' Motion to Lift and Vacate Property Restraints. Mr. Claman stated that the government opposes the motion.

Dated: December 29, 2020

       Respectfully submitted,

       */s/ Seetha Ramachandran*
       Seetha Ramachandran *(Admitted Pro Hac Vice)*
       PROSKAUER ROSE LLP
       Eleven Times Square
       New York, NY 10036
       Phone: 212.969.3000
       Fax: 212.969.2900
       SRamachandran@proskauer.com

       *Counsel for Petitioners The Federal Savings Bank and National Bancorp Holdings, Inc.*