UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> PAUL J. MANAFORT, JR., <br><br> Defendant. <br><br> IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:18-mc-00167-ABJ |

**UNITED STATES' MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO MOTION OF PETITIONERS THE FEDERAL SAVINGS BANK AND NATIONAL BANCORP HOLDINGS, INC. TO LIFT AND VACATE PROPERTY RESTRAINTS**

The United States of America, by and through its undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 6(b)(1) and Fed. R. Crm. P. 45(b) for an enlargement of time until on or before February 11, 2021, in which to respond to the motion filed by petitioners The Federal Savings Bank (TFSB) and National Bancorp Holdings (NBH, and together with TFSB, "Petitioners") to lift and vacate property restraints (Mc. Dkt. No. 124, 1:18-mc-00167-ABJ).  The government's Response is currently due on January 12, 2021.  This request is made due to the United States' need to evaluate the effect of the President's December 23, 2020 pardon of Paul J. Manafort, Jr. ("Manafort Pardon")[1] on this Court's March 13, 2019, Order of Forfeiture entered at sentencing and the parties positions with respect to the assets

---

[1] *See* https://www.whitehouse.gov/briefings-statements/statement-press-secretary-regarding-executive-grants-clemency-122320/.

1

Manafort agreed to forfeit in his plea agreement (*see* Cr. Dkt. Nos. 556-1, 422 at ¶ 12, 1:17-cr-00201-ABJ).[2]  Petitioners do not consent to this request.

Prior to the issuance of the Manafort Pardon, the parties had been engaged in an initial phase of discovery alongside settlement discussions to determine if the petitions could be resolved without further litigation.  (*See* Mc. Dkt. No. 121).  The Court granted the government's motion to extend this initial phase of discovery and authorized an additional phase of discovery to be concluded after the trial in *United States v. Calk*, 1:19-cr-366 (LGS) (S.D.N.Y.).  (*See* October 16, 2020, Minute Order).  In light of the settlement discussions and the rescheduling of the Calk trial, the government has accommodated the Petitioners' requests for extensions of time to respond to initial discovery, including discovery that remains outstanding.

On December 29, 2020, Petitioners moved the Court to vacate and lift the restraints (Mc. Dkt. No. 124) on certain assets that were forfeited by this Court's Order of Forfeiture and as agreed by Manafort (*see* Cr. Dkt. Nos. 556-1, 422 at ¶ 12).

Contrary to Petitioners' summary assertion that the assets must be released following the issuance of a pardon, the Manafort Pardon raises legal issues and policy considerations and a review of case law that the United States must consider.  The government notes that much of the case law regarding pardons and forfeiture emanate from decisions from the 1800's, prior to the enactment of the modern forfeiture statutory framework that governs these proceedings.  In this modern statutory framework "[a]t sentencing…a preliminary order of forfeiture becomes final as to the defendant" and all right, title, and interest "vests in the United States upon the commission

---

[2] Consistent with this request, the United States and Petitioner Woodlawn LLC have requested, and the Court has granted, a similar thirty-day extension for the filing of a settlement agreement or discovery schedule in these ancillary proceedings with respect to Woodlawn's petition concerning a different property forfeited in the March 13, 2020 Order of Forfeiture so that the government can consider the effects of the Manafort Pardon on that petition. (*See* Mc. Dkt. No. 125; January 8, 2020, Minute Order).

of the act giving rise to forfeiture." Fed. R. Crim. P. 32.2(b)(4)(A); 21 U.S.C. § 853(c). Moreover, these ancillary proceedings are authorized by 21 U.S.C. § 853(n), which specifically provides that only persons "other than the defendant" may participate. 21 U.S.C. § 853(n)(2). In his plea agreement, Manafort agreed to both criminal and civil forfeiture of the assets before this Court (*see* Cr. Dkt. No. 422) ("the United States may institute civil or administrative forfeiture proceedings against all forfeitable property in which [Manafort] has an interest . . . without regard to the status of his criminal conviction. [Manafort] further consents to the civil forfeiture of the Forfeited Assets to the United States, without regard to the status of his criminal conviction."). A brief extension of thirty days will preserve the status quo and permit the government an opportunity to determine whether it will oppose the relief Petitioners request and to determine whether it has available to it any other avenues to forfeit these properties. These assets have been secured since October 2018, and Petitioners will continue to be able to contest their forfeiture.[3]

Accordingly, good cause exists to grant the government's request for an extension of time to determine the full effect the Manafort Pardon has on the forfeitability of the assets at issue in these proceedings, and to prepare an appropriate response consistent with legal precedent and Department of Justice policy. Given the complexity of the issues involved, the United States respectfully requests that the Court extend the government's time to respond to Petitioners' motion to February 11, 2021.

Pursuant to Local Rule 7(m), counsel for the United States and Petitioners have conferred, and Petitioners oppose this motion. Petitioners advised that they would not oppose a seven-day extension of time. However, an additional week to respond to Petitioners' motion is

---

[3] At Petitioners' request, the United States has also agreed to further suspend the deadline for Petitioners' outstanding responses to discovery until determination of their motion for release.

3

insufficient for the government to address the range of complex legal and policy issues raised by the Manafort Pardon.

Wherefore, the United States request that the Court enter an order extending the government's time to respond to Petitioners' motion to February 11, 2021. A proposed order is attached.

          Respectfully submitted,

          MICHAEL R. SHERWIN
          Acting United States Attorney

By:    */s/Arvind Lal*
       Arvind Lal, D.C. Bar No. 389496
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 252-7688
       Arvind.Lal@usdoj.gov

By:    */s/ Daniel H. Claman*
       Daniel H. Claman
       Money Laundering and
          Asset Recovery Section
       Criminal Division
       U.S. Department of Justice
       1400 New York Avenue, N.W., Suite 10100
       Washington, D.C. 20530
       Telephone: (202) 514-1263
       Daniel.Claman@usdoj.gov

*Counsel for the United States of America*