## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL J. MANAFORT, JR., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| IN RE: PETITIONS FOR RELIEF | ) |
| CONCERNING CONSENT ORDER OF | )    Case No. 1:18-mc-00167-ABJ |
| FORFEITURE | ) |
| _____ | ) |
| | ) |
| THE FEDERAL SAVINGS BANK, | ) |
| | ) |
| Petitioner, | ) |
| _____ | ) |
| | ) |
| NATIONAL BANCORP HOLDINGS, INC., | ) |
| | ) |
| Petitioner. | ) |
| _____ | ) |

### PETITIONERS THE FEDERAL SAVINGS BANK AND NATIONAL BANCORP HOLDINGS, INC.'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO THE MOTION OF THE PETITIONERS TO LIFT AND VACATE PROPERTY RESTRAINTS

Petitioners The Federal Savings Bank ("TFSB") and National Bancorp Holdings, Inc.

("NBH") (collectively, "Petitioners") respectfully oppose the Government's motion for extension

of time in which to respond to Petitioners' motion to lift and vacate property restraints.

The Government's extension motion (Dkt. No. 126) is an improper attempt to gain a

tactical advantage, and the relief request in it is plainly unwarranted.  The Government seeks an

extension of 30 days—giving the Government a total of 44 days—to draft a brief in opposition to

Petitioners' simple, four-page motion to lift and vacate property restraints in light of the

President's full and unconditional pardon of defendant Paul J. Manafort, Jr. ("Pardon") (Dkt. No. 124).

The Government provides no sound justification for the requested extension. It argues that additional time is needed to "evaluate the effect" of the Pardon. (Dkt. No. 126 at 1). But the Pardon should come as no surprise to the Government. In fact, based on the public statements of former members of the Office of the Special Counsel, the Government has "anticipat[ed]" the Pardon ever since Mr. Manafort entered his guilty plea more than three years ago.[1] Anticipating the Pardon, the Government apparently included a number of provisions in the plea agreement addressing the effect of the Pardon on Mr. Manafort's conviction and forfeiture.[2] Thus, at the time the plea agreement was proposed to Mr. Manafort, more than three years ago, the Government must have—and clearly did—consider the Pardon's effect. So the Government had every reason to believe that such a pardon was forthcoming, and its effect should have been— and, as is clear, was—considered long ago.

The Government next argues that it needs the requested extension "to determine whether it has available to it any other avenues to forfeit the[] properties." (Dkt. No. 126 at 3). That is an astonishing admission: the Government brazenly seeks this Court's stamp of approval to delay the proceedings for the Government's own tactical advantage to consider litigation strategy in other forums. If parties were allowed to delay briefing schedules and postpone deadlines for

---

[1] *See* @AWeissmann_, Twitter (Dec. 24, 2020, 7:04 AM), https://twitter.com/AWeissmann_/ status/1342078776394600449 (Andrew Weissmann, one of Special Counsel Robert Mueller's top deputies, stating that the Government "anticipat[ed]" the Pardon).

[2] *Prosecutor in Manafort Case Knew Pardon Was Coming So He Found a Legal Loophole*, CNN (Dec. 24, 2020), https://www.cnn.com/videos/politics/2020/12/24/weissmann-prosecutor-mueller-investigation-manafort-pardon-reaction-vpx.cnn.

their own benefit to consider whether they could and should seek other relief in other venues at some other time, all litigation could be brought to a grinding halt at one party's request.

More importantly, it strains credulity to believe that, having clearly considered a pardon's effect for over three years, the Government is only now beginning to assess its litigation strategy. The Government could have pursued a civil forfeiture action against the properties at issue, proceeding concurrently with the criminal action, which is typical in many prosecutions.  But the Government clearly made a strategic decision not to pursue a civil action, believing that whatever measures it built into Mr. Manafort's plea were sufficient to blunt the power of the pardon in the criminal action.  Thus, the Government has clearly already considered a pardon's effect and determined the necessity, legality, and strategic advantage of "other avenues to forfeit the[] properties."

Further, the issues implicated in Petitioners' motion are straightforward.  As explained, it is hornbook law that a pardon disposes of all penalties, including forfeiture, imposed by a criminal conviction.  It is astounding that the Government resists this well-established proposition and asks this Court for 44 days to grapple with it—in addition to the over three years it had to consider, as it did, a pardon's effect.

Plainly, this case is over.  Delaying the inevitable conclusion of this case serves only to further prejudice Petitioners, who, by the Government's own admission, are *victims* of Mr. Manafort's fraud, owed $15,387,903.39 in restitution ordered by the United States District Court for the Eastern District of Virginia, representing the money that TFSB loaned Mr. Manafort and that he failed to pay back.  (Dkt. No. 325 at 3–4).[3]  Petitioners have waited years to recover what is due to them as a result of that fraud, facing endless obstacles and stalling tactics by a

---

[3] Filed in *United States v. Paul J. Manafort, Jr.*, Crim. No. 1:18-cr-83 (E.D.V.A).

Government seemingly intent on punishing, and not helping, the victims of a fraud.  This must

stop.  The Court should deny the extension motion and bring the case closer to its unavoidable

end.

Respectfully submitted,

*/s/ Seetha Ramachandran*
Seetha Ramachandran *(Admitted Pro Hac Vice)*
Lucas Kowalczyk *(Admitted Pro Hac Vice)*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: 212.969.3000
Fax: 212.969.2900
SRamachandran@proskauer.com

Jennifer E. Tarr (D.D.C. Bar No. IL0028)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
Phone: 202.416.6846
Fax: 202.416.6899

*Counsel for Petitioners The Federal Savings
Bank and National Bancorp Holdings, Inc.*